IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CAUSE NO.: 4:25-cr-00259-P |
| | § |
| ZACHARY EVETTS (02) | § |

**DEFENDANT ZACHARY EVETTS' OMNIBUS MOTION IN LIMINE
TO EXCLUDE EVIDENCE UNDER FED. R. EVID. 401, 403, 404(b), AND 801**

I.

**MOTION IN LIMINE**

Defendant Evetts, through his counsel, makes the following motion in limine in five parts:

**1. Motion in Limine to Preclude Introduction of, or Reference to, Statements of Alleged Co-Conspirators.**

Defendant Evetts respectfully moves the Court to order the Government and its witnesses not to mention or reference any out of court statements made by any alleged co-conspirators or codefendants in this case (including all statements allegedly made on a messaging app), without first determining, outside the presence of the jury, that the Government can lay a proper evidentiary foundation for the introduction of such statements, whether under Federal Rule of Evidence (Rule) 801(d)(2)(E) or otherwise.

Defendant Evetts objects to the admissibility of any and all such statements, as they are not admissible under the Federal Rules of Evidence – in particular the requirement that a witness have personal knowledge of the subject matter of their testimony under Rule 602 – and their admission would violate Defendant Evetts's right to due process of law and to confront the witnesses against him as guaranteed by the Fifth and Sixth Amendments to the United States

Constitution.

**2. Motion in Limine to Preclude the Government's Use of Prejudicial Terms.**

Defendant Evetts respectfully moves the court to order the Government and its witnesses not to mention or reference any of the following terms or words to their effect:

(a) "Antifa" or "Antifa cell" or "North Texas Antifa cell"
(b) "Socialist" or "Socialist Rifle Association"
(c) "Leftist" or "Left Wing"
(d) "Communist"

Such terms are of no relevance to any matter pending before the court and, particularly given the Government's public rhetoric and willingness to use such terms to smear[1] Defendant Evetts and his co-defendant, are inherently, and highly, prejudicial. Defendant Evetts objects to the admissibility of any and all such terms or words to their effect, as they are not admissible under the Federal Rules of Evidence – in particular the requirement that a witness have personal knowledge of the subject matter of their testimony under Rule 602 and that an appropriate balancing test under Rule 403 be conducted by the Court – and their admission would violate Defendant Evetts's right to due process of law and to confront the witnesses against him as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

**3. Motion in Limine to Preclude Introduction of Items Seized from Vehicle and Residence.**

Defendant Evetts respectfully moves the Court to order the Government not to introduce, and its witnesses not to mention or reference, any items seized from Defendant Evetts's vehicle and home; to include firearms, ammunition, and so-called "tactical gear". These matters do not constitute evidence of the crimes alleged in the indictment and are not otherwise admissible in

---

[1] *See* Indictment of October 15, 2025 (the word "Antifa" appears twenty times in nine paragraphs).

the Government's case-in-chief on the merits of the charges.  The items seized, some belonging to Defendant Evetts and some belonging to his friends and family members who are not associated with this case, are not relevant and, if minimally relevant, substantially more prejudicial than probative.  The specific items covered include:

    a.  Items seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts, associated Asset ID 25-FBI-005349, including:

        i. Two magazines containing 5.56x45mm ammunition
        ii. Two magazines containing 9mm ammunition
        iii. Three magazines containing 5.56/.223 rounds of ammunition
        iv. One rifle, serial number 1850-02568
        v. One handgun with magazine, serial number F059618

    b. Miscellaneous tactical equipment seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts, associated Asset ID 25-FBI-005350, including:

        i. One tactical belt with trauma kit and holster.
        ii. One tactical vest with handheld radio with two Miltech plates (SN: 00413, SN: 00414).
        iii. One helmet

    c. Miscellaneous general items seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts, associated Asset ID 25-FBI-005351, including a green notebook, a white poster with red writing, a pamphlet or flyer, and a flyer with handwritten notes on the back with the word "Discord."

    d. One white Apple iPhone in navy blue case seized from 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts, associated Asset ID 25-FBI-005352.

    e.  Miscellaneous Firearms, Ammunition, and Accessories seized from 1572 Wildflower Drive, Waxahachie, TX 75165 (totaling 39 separate line items associated with Asset ID 25-FBI-005355).

    f. Miscellaneous electronic devices seized from 1572 Wildflower Drive, Waxahachie, TX 75165 (totaling 22 separate line items associated with Asset ID 25-FBI-005356).

    g. Miscellaneous Tactical Equipment seized from 1572 Wildflower Drive, Waxahachie, TX 75165 (totaling six separate line items associated with Asset ID 25-FBI-005357).

    h. Miscellaneous general items seized from 1572 Wildflower Drive, Waxahachie, TX

75165 (totaling seven separate line items associated with Asset ID 25-FBI-005358).

i. $458.00 in U.S. currency seized from 1572 Wildflower Drive, Waxahachie, TX 75165 (associated with Asset ID 25-FBI-005359)

**4. Motion in Limine to Preclude Introduction of Unnoticed Evidence Under Fed. R. Evid. 404(b).**

Defendant Zachary Evetts, under Rule 404(b), objects to the admission of evidence subject to said rule but not noticed by the Government under Rule 404(b)(3) after Defendant Evetts requested appropriate notice thereof.

**5. Motion in Limine to Preclude Summary Testimony or Documents.**

Defendant Zachary Evetts; under the Sixth Amendment to the US Constitution and Rules 401, 403, 602, 701, 704, and 1006 of the Federal Rules of Evidence, objects to the introduction of summary evidence and/or testimony in this case. Specifically, under the Sixth Amendment to the US Constitution and Rules 401, 403, 602, 701, and 704, the defense objects to testimony by any law enforcement agent that contains that witness testimony on matters that are not events based upon that witness' own perception or personal knowledge, or opinions not rationally based on those perceptions. The defense also objects to the admission of any summary testimony or charts under Rule 1006 because the evidence in this case, as provided in discovery, does not meet the criteria for such summary evidence. Finally, the defense objects to any presentation of illustrative aids to the jury, under Rule 107, if the illustrative aid contains reference to any matter or evidence not yet admitted as evidence by this Court.

## II.

## FACTUAL BACKGROUND

On 7 July 2025, the case agent in this matter, Federal Bureau of Investigation (FBI) Special Agent Clark Wiethorn, swore to a Complaint before a U.S. Magistrate Judge that

included Defendant Evetts that included sis counts. Counts One through Three alleged attempted murder. Counts Four through Six alleged unlawful discharge of a firearm during and in relation to a crime of violence.

There was a probable cause hearing on that Complaint on 30 September 2025. At that hearing, Special Agent Wiethorn appeared as the sole Government witness at that hearing and gave testimony about matters and events that were not from his own personal observation or knowledge but appeared to have been relayed to him by others. The Government employed a PowerPoint presentation during Special Agent Wiethorn's testimony that summarized the testimony of Special Agent Wiethorn and contained reference to events or matters that were not from his own personal observation or knowledge and were not offered into evidence prior to being displayed as part of this illustrative aid.

On 15 October 2025, Defendant Evetts was indicted on seven counts. Count One alleges he provided material support to terrorists, Counts Two through Four allege attempted murder, and Counts Five through Seven allege unlawful discharge of a firearm during and in relation to a crime of violence. The indictment describes these allegations as being carried out by "a North Texas Antifa Cell (Antifa Cell) of at least eleven operatives." Based upon the Government's presentation of evidence at a probable cause hearing before this Court on 30 September 2025, this so-called "Antifa Cell" is expected to be a central theme in the Government's case during trial on the merits.

On 21 October 2025, this Court issued a scheduling order setting a jury trial for 24 November 2025 and requiring any motions in limine to be filed by 27 October 2025. Late in the evening on 21 October 2025, counsel for Defendant Evetts sent counsel for the Government a request (dated 22 October 2025) for notice of "all evidence or information pertaining to

uncharged crimes, wrongs, or acts allegedly committed by Defendant Evetts which the Government intends to offer at trial." Counsel for the Government responded by e-mail 19 minutes later stating it would "be introducing all relevant evidence" but "has not identified any extraneous evidence that is not part and parcel of the charged conspiracy."

### III.

### LAW

Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence" if "the fact is of consequence in determining the action."[2] In general, relevant evidence is admissible.[3] However, it may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice," among other reasons.[4] Evidence of uncharged crimes, wrongs, or other acts "is not admissible to prove a person's character" but is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[5] However, the prosecutor must "provide reasonable notice of any such evidence," "articulate in the notice the permitted purpose for which [he] intends to offer the evidence," and "do so in writing before trial" absent good cause shown for providing notice during trial.[6]

A statement is not hearsay if the statement is offered against a party and is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."[7] The United States Supreme Court has ruled that "[b]efore admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), .... [t]here must be evidence that

---

[2] Rule 401, Fed. R. Evid.
[3] Rule 402, Fed. R. Evid.
[4] Rule 403, Fed. R. Evid.
[5] Rule 404(b), Fed. R. Evid.
[6] Rule 404(b)(3), Fed. R. Evid.
[7] Rule 801(d)(2)(E), Fed. R. Evid.

there was a conspiracy involving the declarant and the non-offering party, and that the statement was made 'in the course and in furtherance of the conspiracy."[8]

The existence of the conspiracy and the defendant's involvement in that conspiracy are preliminary questions of fact that must be resolved by the Court.[9] The Government has the burden of proving the requirement of Rule 801(d)(2)(E) by a preponderance of the evidence[10] that "(1) there [was] a conspiracy; (2) the statement [was] made during the course and in furtherance of the conspiracy; and (3) the declarant and the defendant [were] members of the conspiracy."[11]

In *Bourjaily*, the Court held that the offered statement itself can be considered by the trial judge in determining whether or not a conspiracy existed, and the defendant was a part of it. However, the statement at issue cannot provide the sole evidentiary support for its own admissibility. "[T]here must be proof 'aliunde,' that is, evidence from another source, that together with the contents of the statement satisfies the preliminary conditions for admission of the statement."[12] This is because out of court statements made by a co-conspirator purporting to implicate others in an unlawful conspiracy are even more suspect than the ordinary out of court statement, which is presumptively unreliable.[13] Because of this presumptive unreliability, a co-conspirator's statement implicating the defendant in an alleged conspiracy must be corroborated by fairly incriminating evidence. "Evidence of wholly innocuous conduct or statements by the defendant will rarely be sufficiently corroborative of the co-conspirator's statement to constitute

---

[8] *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).
[9] *Id.*; *see also* Rule 104, Fed. R. Evid.
[10] *Bourjaily* at 175.
[11] *United States v. Miliet*, 804 F.2d 853, 856 (5th Cir. 1986); *United States v. James*, 590 F.2d 575, 578 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917 (1979).
[12] *Bourjaily* at 185 (concurring opinion, Stevens, J.); *Glasser v. United States*, 315 U.S. 60, 74-75 (1942); *United States v. Perez*, 823 F.2d 854, 855 (5th. Cir. 1987).
[13] *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988).

proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy."[14]

The Fifth Circuit has held that District Courts should, "whenever reasonably practical, require the showing of a conspiracy and of the connection of the Defendant with it *before* admitting the declarations of a co-conspirator."[15] In order to admit the co-conspirator's statements into evidence the Government, as a preliminary matter, must put on substantial evidence of a conspiracy and of the Defendant's connection with the conspiracy, sufficient to take the question to the jury. At the end of the trial, on appropriate motion by the defense, the court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence that a conspiracy existed, that the co-conspirator and the Defendant against whom the co-conspirator's statement is offered were members of the conspiracy and that the statement was made during the course and in furtherance of the conspiracy.[16] The Fifth Circuit in *James* stated that its opinion intended to establish only minimum standards for the admissibility of co-conspirator's statements and that nothing in the opinion should be interpreted as preventing a trial judge from requiring more meticulous procedures to assure that the statements were properly authenticated and that their admissibility is established by a preponderance of the evidence.[17]

The Fifth Circuit Court of Appeals has stated (in an unpublished opinion) that "extrinsic evidence surrounding [a] conspiracy is admissible under Rule 404(b) when the prosecution proves the defendant's involvement in the offense by a preponderance of the evidence."[18] In

---

[14] *Id.*
[15] *James, supra,* 590 F.2d at 582.
[16] *Id.*
[17] *Id.*, at 583.
[18] *United States v. Johnson*, 1999 U.S. App. LEXIS 39802, *22 (5th Cir. La., August 6th, 1999) (*writ of certiorari denied*, *Johnson v. United States*, 528 U.S. 1097 (2000)) (relying on *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988)).

*Huddleston*, although the Court rejected a strict requirement of "a preliminary finding by the court that the Government has proved the act by a preponderance of the evidence," it also stated the Government could not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo."[19]

## IV.

## BRIEFS ON MOTIONS IN LIMINE

**1. Motion in Limine to Preclude Introduction of, or Reference to, Statements of Alleged Co-Conspirators.**

The Supreme Court in *Bourjaily*, and the Fifth Circuit in *Miliet* and *James*, have articulated a clear protocol and predicate for the admission of statements of alleged co-conspirators. It is the Defense's position that the Government will be unable to meet its burden for admission in this case. However, this motion in limine simply seeks to prevent the Government from admitting such statements unless and until this Court makes an affirmative finding, in a hearing outside the presence of the jury, that the Government has met its burden for admission of such evidence.

**2. Motion in Limine to Preclude the Government's Use of Prejudicial Terms.**

Before the Government uses any of the terms, "Antifa" or "Socialist" or "Socialist Rifle Association" or "Leftist," or "Communist," or words to that effect, in the presence of the jury, the Court should first hear Defendant Evetts's objections to such terms outside the presence of the jury. First, that they are irrelevant under Rule 401 as applied to Defendant Evetts. Second, if the Court deems such terms relevant, that their negligible probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury.

---

[19] *Huddleston* at 689.

Third, as applied to Defendant Evetts, that anyone accusing him of being a "member" of "Antifa" or a socialist or a leftist or a communist, etc. would lack personal knowledge either to competently testify in court under Rule 602 or to competently serve as a reliable hearsay declarant under Rule 806.

First, as to the relevance of these terms as applied to Defendant Evetts, he is not affiliated as a member of Antifa or any "Antifa cell." The Government appears aware of this fact, as indicated in their presentation at the pretrial probable cause and detention hearing in this matter. There, the Government presented to Magistrate Judge Cureton an annotated mugshot lineup that labeled various co-defendants as "Antifa."

Defendant Evetts, whose mug shot was included in the photo lineup, was not identified as "Antifa". The defense is unaware of any evidence that purports to establish that Defendant Evetts was part of an "Antifa cell" or was affiliated with them, much less whether anything such as "Antifa" exists, or its relevance to the charges before this Court. Thus, use of terms including "Antifa," as applied to Defendant Evetts, cannot make any fact more or less probable than it would be without use of the term. Even if the Court deems that these terms have some relevance under Rule 401, they are so inherently prejudicial in 2025 America that they should be excluded under Rule 403, which allows the Court to exclude evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

The Government places great emphasis on its allegation that Defendant Evetts was part of an "Antifa cell;" indeed the word "Antifa" appears 20 times in nine paragraphs in the indictment. There is a Presidential Executive Order, which post-dates the alleged conduct in this case, that refers to "Antifa" (which is also known as "Anti-Fascist") a "domestic terrorist

organization."[20]  The dubious legal and factual underpinnings of this labeling aside, the reality of American society in 2025 is that we are extremely politically polarized.

Against this backdrop we must select a jury and strive to select an unbiased one. Injecting politically charged terms like those addressed by this Motion in Limine can serve no purpose but to inflame the passions of any potential juror who holds a pro-Administration (and thus, pro-Government) view on current political events.  To permit the Government to falsely paint Defendant Evetts with the "Antifa" brush is likely to have a predictable unfair prejudicial effect on jurors that will substantially outweigh any probative value to matters at issue in this case.  Such false and misleading labeling, or even guilt by association, is an essential ingredient in a recipe for misleading the jury, confusing the issues, and arrival at a verdict based on unfair prejudice rather than the merits of the charges based upon relevant evidence.

Third, Defendant Evetts simply urges that the Court scrupulously apply the core evidentiary requirement that a witness (or out-of-court declarant) possess personal knowledge of the matters about which they testify or declare.  This requires the introduction of evidence on the point, sufficient to support a finding that the witness or declarant indeed has that knowledge. Defendant Evetts objects to use of the prejudicial terms complained above because given that he is not a part of "Antifa," and never has been, there can be no other person with personal knowledge of something that is not true, and if the Government tenders someone it believes can do so, the inquiry should take place outside the presence of the jury and before they hear the objected-to terms.

---

[20] Presidential Executive Order "*Designating Antifa as a Domestic Terrorist Organization*" of Sept. 22, 2025.

**3. Motion in Limine to Preclude Introduction of Items Seized from Vehicle and Residence.**

None of the items subject to Part 3 of this motion in limine were within Defendant Evetts's physical control at the time of the events which transpired on 4 July 2025. As such, they are irrelevant. There is no evidence that Defendant Evetts used these items in an effort to provide material support to terrorists generally or in an effort to aid and abet in any conspiracies to commit any criminal offense on 4 July 2025. Indeed, the Government has already returned much of this property to Defendant Evetts' family.

Therefore, they do not have any tendency to make any fact of consequence more or less probable and are thus inadmissible. Even if minimal relevance could be established as to some items, the danger of unfair prejudice by alluding to or introducing the items would substantially outweigh any probative value and should be excluded under Rule 403. The Government's aim in using this evidence would be to shoehorn inadmissible character evidence into this trial: i.e. simply because Defendant Evetts possessed these items, he is the *type of person* who would commit the charged offenses. The possession of these items is an uncharged act offered to prove character, a prohibited use under Rule 404(b)(1). To establish relevance and admissibility, the Government must demonstrate that Defendant Evetts *was a person* who used them in furtherance of the charged offenses, and the Government must give clear notice that it intends to offer evidence under Rule 404(b).

The Government might make an argument that the probative value of these items is sufficient to permit admission given their physical and temporal proximity to the conduct of others involved. This argument, however, has the tail wagging the dog. The Government's theory of admissibility would be that because it has charged Defendant Evetts with providing

material support to terrorists, and because it has charged him with conspiring to murder and discharge a firearm, the items in the car are evidence of such support and conspiratorial activity. Any theory of admissibility must include some nexus between the items seized and the support or conspiracy, and there is none.

For example, the Government could point to Mr. Song yelling "get to the rifles" and other statements by individuals (not Defendant Evetts). There is no evidence that the rifle in the vehicle registered to Defendant Evetts was used to support anyone and in furtherance of the alleged conspiracy. The opposite conclusion is more logical. By leaving the firearms in his car and not returning to that vehicle to retrieve them, Defendant Evetts demonstrated by his actions he *was not* supporting that type of conduct and *was not* conspiring to murder or discharge firearms.

Introduction of the evidence at issue will only serve to invite the jury to improperly consider Defendant Evetts's constitutionally protected and lawful possession of the firearms as evidence of his guilt without any evidence to establish nexus to the alleged offenses. In other words, its probative value (none or very little) would be substantially outweighed by the danger of unfair prejudice. Therefore, evidence of firearms, ammunition, "tactical gear," and/or any other items seized from Defendant Evetts's car or home should be excluded from this trial.

Although unpublished, the logic of *Johnson* is instructive and protects against precisely the prejudicial circumstances presented here. Some threshold of evidence must establish a charge (such as material support for terrorism or conspiracy) before evidence otherwise only admissible under Rule 404(b) can be admitted to prop up that charge.[21] Taken to its logical conclusion, if the lawful possession of firearms is evidence of supporting terrorism, most

---

[21] *See generally, Johnson, supra,* 1999 U.S. App. LEXIS 39802 (5th Cir. 1999).

Constitutionally observant Texas citizens are in serious danger of being indicted by this Administration. Here, the admonishment of the Supreme Court in *Huddleston* applies: the Government's attempt to introduce the evidence seized from Defendant Evetts's car or from 1572 Wildflower Drive amounts to nothing more than "unsubstantiated innuendo."

Defendant Evetts's possession of all of these items at issue was lawful. It is therefore an "other . . . act" within the definition of Rule 404(b), and the items are not closely enough related to the charged offenses to be *res gestae*. On top of providing no notice under Rule 404(b)(3) that it seeks to admit the evidence, there is no other purpose for introducing it since Defendant Evetts did not exercise physical control of the items at the time the Government alleges he materially supported terrorists, aided and abetted in a conspiracy to commit murder, to discharge a firearm, and/or to commit destruction of government property. While the permitted uses of Rule 404(b)(2) are not exhaustive, the dispositive fact is that when Defendant Evetts had the opportunity to use the items at issue in furtherance of the charged crimes, he did not. For that reason, evidence and testimony about these items should not be admitted.

**4. Motion in Limine to Preclude Introduction of Unnoticed Evidence Under Fed. R. Evid. 404(b).**

The Defense is cognizant of this Court's admonition that the parties try to narrow the issues that are actually in dispute and that boilerplate motions in limine will not be entertained. It seems unlikely that the Defense in this case will agree with counsel for the Government that all evidence the Government intends to offer is "part and parcel of the charged conspiracy" and therefore immune from analysis under Rule 404(b). In accordance with the spirit of the Court's admonition, the Defense has therefore made a good faith effort to identify those matters likely to be in contention by requesting notice under Rule 404(b) and by filing specific motions in limine

to address those issues it anticipates will be contested.

Therefore, Defendant Evetts respectfully moves this Court to exclude evidence subject to Rule 404(b) for which notice has not been provided by counsel for the Government under Rule 404(b)(3). Defendant Evetts also requests his counsel be given appropriate latitude to object to contestable evidence under Rule 404(b) grounds given Government counsel's unwillingness to engage in good faith discussions on the issue prior to trial.

**5. Motion in Limine to Preclude Summary Testimony or Documents**.

Rule 401 defines relevant evidence as evidence that has any tendency to make a fact more or less probable than it would be without the evidence; and relates to a fact is of consequence in determining the cause of action before the Court.[22] Rule 402 states irrelevant evidence is not admissible, and relevant evidence is admissible unless such evidence is prohibited by the Constitution, statute or the Federal Rules of Evidence.[23] One such rule is Rule 403 which states this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[24]

Rule 602 states that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter, though this rule does not apply to the testimony of an expert under Rule 703.[25]

Rule 701 sets out when a witness may give opinion testimony:

> "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony

---

[22] Rule 401, Fed. R. Evid.
[23] Rule 402, Fed. R. Evid.
[24] Rule 403, Fed. R. Evid.
[25] Rule 602, Fed. R. Evid.

> or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[26]

Finally, Rule 1006 gives the following requirements of summary evidence:

> (a) Summaries of Voluminous Materials Admissible as Evidence. The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence.
> (b) Procedures. The proponent must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.
> (c) Illustrative Aids Not Covered. A summary, chart, or calculation that functions only as an illustrative aid is governed by Rule 107.[27]

The Fifth Circuit has long held that summary evidence and testimony should not be used to bolster the testimony of another witness or employ a witness to make argument on that evidence to the jury.[28] Indeed, the Fifth Circuit has strictly admonished against calling an "overview witness; which would include summary testimony before the evidence discussed in that testimony is admitted:

> This Court has never had the opportunity to address the use of an overview witness where the witness is put on the stand to testify before there has been any evidence admitted for the witness to summarize. *We unequivocally condemn this practice as a tool employed by the government to paint a picture of guilt before the evidence has been introduced.* Permitting a witness to describe a complicated government program in terms that do not address witness credibility is acceptable. However, allowing that witness to give tendentious testimony is unacceptable. *Allowing that kind of testimony would greatly increase the danger that a jury "might rely upon the alleged facts in the [overview] as if [those] facts had already been proved," or might use the overview "as a substitute for assessing the credibility of witnesses" that have not yet testified*

---

[26] Rule 701, Fed. R. Evid.
[27] Rule 1006, Fed. R. Evid.
[28] *United States v. Castillo*, 77 F.3d 1480, 1499 (5th Cir. 1993).

> (citations omitted). We hold, therefore, that the district court
> abused its discretion in allowing the government to utilize Martin
> as an overview witness to testify to issues in dispute.[29]

Summary testimony is subject to strong scrutiny, even if given at the end of the Government's case on the merits of the charges. "The use of summary evidence serves an important purpose, but that purpose is not simply to allow the Government to repeat its entire case-in-chief shortly before jury deliberations."[30] Summary evidence may not be used as a means to introduce evidence otherwise inadmissible, such as conclusions as to a person's state of mind and or evidence from out-of-court witnesses.[31] Summary evidence is meant to be a rare, not a common, occurrence in criminal cases:

> We "allow[] summary witness testimony in 'limited circumstances'
> in complex cases," but have "repeatedly warned of its dangers." . . .
> "While such witnesses may be appropriate for summarizing
> voluminous records, as contemplated by Rule 1006, rebuttal
> testimony by an advocate summarizing and organizing the case for
> the jury constitutes a very different phenomenon, not justified by
> the Federal Rules of Evidence or our precedent." . . . "In particular,
> 'summary witnesses are not to be used as a substitute for, or a
> supplement to, closing argument.'"[32]

Though the Government may choose to offer in evidence the many video files that were taken from stationary and body worn cameras at the scene, and they may choose to call many witnesses, this is not a case involving voluminous documents or complicated facts, necessitating the clarifying effect of testimony under Rule 1006. The Government's case, simply put, is that a number of persons made a plan to attack upon the Prairieland Detention Center on 4 July 2025 and pursuant to that plan, attempted harm was committed against three law enforcement personnel which included the unlawful discharge of a firearm. Summary testimony by Special

---

[29] *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003) (emphasis added).
[30] *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003).
[31] *United States v. Nguyen*, 504 F.3d 561, 572 (5th Cir. 2007).
[32] *United States v. Baker*, 923 F.3d 390, 396 (5th Cir. 2019) (citations omitted).

Agent Wiethorn, or any other witness called by the Government in its case on the merits of these charges, would result in impermissible bolstering, argument on the evidence by a witness, and admission of inadmissible hearsay, and would potentially deny defense counsel the opportunity to confront witnesses as guaranteed to Defendant Evetts under the Sixth Amendment to the US Constitution.

      WHEREFORE, the Defendant prays that the foregoing Motions in Limine be GRANTED, and the Government be instructed not to elicit the information or verbiage noted therein without a hearing outside the presence of the jury for the court to determine their lawful admissibility.

Respectfully Submitted,

*/s/ Patrick J. McLain*
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

*/s/ Brian Bouffard*
Brian Bouffard
Attorney for Zachary Evetts
Texas State Bar Number: 24038527
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
brian@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

Counsel for the Government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Evetts on this motion on 27 October 2025, and he stated that the Government is opposed to this motion.

Counsel for Cameron Arnold, Cody Cofer and James Luster, communicated with counsel for Defendant Evetts on this motion on 27 October 2025, and stated they do not oppose this motion.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motions in Limine was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 27 October 2025.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard