IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON ARNOLD (01)<br>a/k/a "Autumn Hill"<br>ZACHARY EVETTS (02) | No. 4:25-CR-259-P |

## **GOVERNMENT'S MOTION TO HAVE CASE DESIGNATED AS COMPLEX**

1.  The United States of America Respectfully files this motion to have this case designated as complex under the provisions of 18 U.S.C. § 3161(h)(7)(B)(ii).

## BACKGROUND

2.  On September 23, 2025, 15 defendants made their initial appearances in the Fort Worth Division of the Northern District of Texas on criminal complaints for various charges ranging from Attempted Murder (18 U.S.C. § 1114) to Accessory After the Fact (18 U.S.C. § 3) to Corruptly Concealing a Document (18 U.S.C. § 1512(c)(1)). These charges stemmed from a July-4-night attack on Prairieland Detention Center in Alvarado, Texas, which is an I.C.E. contract facility that houses illegal aliens awaiting deportation. After their appearances in federal court, thirteen of these defendants agreed to motions-to-continue time to indict to allow for sufficient time to receive and review the voluminous discovery (5 terabytes of data) in the case, and to engage in plea negotiations with the government. Defendants Cameron Arnold and Zachary Evetts did not agree to this motion.

3. Accordingly, on October 15, 2025, their cases were presented to a grand jury and it returned an indictment charging Arnold and Evetts with a total of seven charges, including Conspiracy to Provide Material Support to Terrorists (18 U.S.C. § 2339A); Attempted Murder (18 U.S.C. § 1114); and Discharge of a Firearm During, in relation to, and in Furtherance of a Crime of Violence. (18 U.S.C. § 924(c)). Dkt # 79.

4. Arnold and Evetts were part of a militant enterprise (ANTIFA) that was anti-government, anti-police, and anti-ICE who planned, coordinated, and carried out an attack on an ICE detention facility by destroying and vandalizing property, and by shooting fireworks at the detention facility. This attack ultimately ended in the attempted murder of a police officer and two contract detention officers. The indictment further alleges that during and in relation to these crimes, a firearm was discharged.

5. As of the date of this filing, the government has sent plea offers to all other defendants who appeared on September 23, 2025. The government anticipates a fair number of the offers will be accepted. For those defendants with whom the government cannot reach agreement, the government intends to supersede the current indictment adding those defendants into the Arnold/Evetts indictment as well as additional charges. This will increase the number of defendants in that indictment and add to the complexity of the case.

<u>REASONS FOR DECLARING CASE COMPLEX</u>

6. The trial scheduling order in this case orders a trial on November 24, 2025. However, this case (even without adding new defendants and new charges) is complex within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), due to the

nature of the prosecution, specifically, the number of conspirators involved in the attack, the complexity of how they planned and communicated before, during, and after the attack, and the sheer volume of the discovery involved in the investigation of the attack. In addition, multiple experts are expected to testify at trial.

7. The government estimates that there are 5 terabytes of discovery materials electronically stored in its databases, including lengthy body-worn cameras, numerous cellular telephone extractions, and voluminous communication records. Additionally, there are over 15,000 individual documents, and over 57,000 individual files in the case.

8. In addition, the government has worked diligently to locate and provide the relevant discovery that has been created during this investigation.  Some of the material may implicate classified information.  Although the material falls outside of the government's discovery obligations, the government may need to address the classified information in a motion pursuant to the Classified Information Procedures Acts ("CIPA"), 18 U.S.C. App. III.  This procedure is quite time consuming.

9. The government has spoken to each of Defendants' counsel and each of them are opposed to designating this case as complex.

10. Based on the foregoing information, the government respectfully requests that the Court issue a written order finding that this case is so complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) that it is unreasonable to expect adequate preparation for pretrial or trial proceedings within the time limits of 18 U.S.C. § 3161. Thus, a trial date of November 24, 2025, is not a realistic setting based on the complexity of this case.

Accordingly, the government requests that the Trial Scheduling Order be amended to allow sufficient time to prepare adequately for trial based on the complexity of this case.

    Respectfully submitted,

    NANCY E. LARSON
    ACTING UNITED STATES ATTORNEY

    s/ *Shawn Smith*
    SHAWN SMITH
    Assistant United States Attorney
    Texas State Bar No. 24033206
    801 Cherry Street, Suite 1700
    Fort Worth, Texas 76102
    Telephone: 817-252-5200
    Email: Shawn.Smith2@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that I have consulted with each defense attorney in the case, both of whom are opposed to the granting of this motion.

    s/ *Shawn Smith*
    SHAWN SMITH
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means. A courtesy copy of the filed motion has also been emailed to the above-mentioned defense counsel.

    s/ *Shawn Smith*
    SHAWN SMITH
    Assistant United States Attorney