IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CAUSE NO.: 4:25-cr-00259-P |
| § | |
| ZACHARY EVETTS (02) § | |

## MOTION FOR BILL OF PARTICULARS

COMES NOW Defendant, Zachary Evetts, by and through his undersigned counsel, and moves this Honorable Court pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to order the Government to file a bill of particulars in his case. Defendant Evetts was indicted by the grand jury on October 15, 2025. ECF 75. His waiver of arraignment was accepted and entered on October 20, 2025. ECF 83. Defendant Evetts files this motion within 14 days of arraignment, in accordance with the Rule. Fed. R. Crim. P. 7(f).

### I.

### MOTION

WHEREFORE, the Defendant prays that the Government be ordered to file a bill of particulars as requested herein.

### II.

### LAW

This Court is empowered to direct the filing of a bill of particulars. Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the charge against him in sufficient detail to enable him to prepare his defense and to minimize surprise at trial." *United States v. Vesich*, 726 F.2d 168, 169 (5th Cir. 1984); *United States v. Nixon*, 816 F.2d 1022, 1031 (5th Cir. 1987). In addition, the bill of particulars provides specific notice of the charge in order

to allow the Defendant to plead double jeopardy in the event of a subsequent prosecution for the same offense. *United States v. Gorel*, 622 F.2d 100 (5th Cir. 1979), cert. den., 445 U.S. 943 (1980).

Whether to deny or grant a bill of particulars is within the discretion of the court, *Wong Tai v. United States*, 273 U.S. 77 (1927); *Nixon*, supra; *United States v. Barrentine*, 591 F.2d 1069 (5th Cir.1979), though the rule should be liberally construed to carry out the purpose of enabling the accused to meet the charges against him. *Walsh v. United States*, 371 F.2d 436, 437 (1st Cir. 1967); *United States v. Addonizio*, 451 F.2d 49 (3rd Cir.1971), cert. den., 405 U.S. 936 (1972). However, the denial of a bill of particulars can be reversed only when the defendant was actually surprised at trial and prejudiced in his substantial rights. *Vesich*, supra; *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir.1983), cert. den., 464 U.S. 822.

The issue on a motion for a bill of particulars is not what the Defendant may know or believes the facts to be, but instead what the Government intends to prove. It is not sufficient for the Government to say that the Defendant knows what he did and that's all the information he needs. Since the Defendant is presumed to be innocent, he should be presumed to be ignorant of the facts on which the charges are based. While it is not the intended purpose of a bill of particulars to reveal the Government's evidence and legal theories, to the extent that information is nevertheless needed for the proper purposes of a bill, it will be required even if the effect is disclosure of evidence or legal theories.

*United States v. Thevis*, 474 F. Supp 117, 123-24 (N.D. Ga 1979) provides a helpful summary of the law on a Motion for Bill of Particulars, as it existed when that court was within the jurisdiction of the US Court of Appeals for the Fifth Circuit, and has not changed to date:

> In essence, the question presented by a motion for a Bill of Particulars requires a two-part analysis. If the particular requested is such that on its face its nondisclosure until

trial would result in prejudicial surprise to the defendant or the preclusion of an opportunity for meaningful defense preparation, then the request must be granted. (citations omitted).

On the other hand, if the requested particular is not such that the Court can determine on its own that nondisclosure until trial would result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation, then the Court must balance the competing interests of the defense and the government. Where there is no prima facie case for disclosure, the defendant has the burden of showing by brief, affidavit or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation. See, *United States v. Rubino*, 320 F. Supp. 613 (M.D.Pa.1970).

The showing required of the defense when there is no prima facie case for disclosure is that the particular requested is central information, either theory or evidence, which is necessary to allow the defendant to make his own investigation of the facts out of which the charge arose. *United States v. Manetti*, 323 F. Supp. 683, 696 (D.Delaware 1971). In essence, the defendant must show that without the requested particular his own investigation could not glean the facts or theory which would preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories.

The defendant's showing must, perforce, be less than formal, legal proof, for it would be an impossibility to prove the existence of prejudicial surprise and the preclusion of meaningful defense opportunities when the underpinning for these conclusions is unknown and undisclosed. Rather it would be sufficient for the defense to show the logical probability that nondisclosure would yield prejudicial surprise at trial and the concomitant obviation of a meaningful opportunity for defense preparation.

The probability of prejudicial surprise or inadequate opportunities for defense preparation to the defendant must be balanced against the government's general right to prevent disclosure of its evidence and legal theories. See, *United States v. Miller*, 210 F. Supp. 716 (S.D.Tex.1962). Furthermore, the Court recognizes the traditional concern of the government that criminal discovery would facilitate perjured testimony and witness intimidation. See, United States v. Manetti, supra at 695; Mr. Justice Brennan, "Remarks on Discovery," 33 F.R.D. 47, 56 (1963).

Obviously, the analysis of the competing interests and the defendant's showing is more akin to an art rather than a science. However, in resolving the areas of doubt when the competing interests are closely balanced, the interests of the defendant in disclosure must prevail. In 1966, Rule 7(f) was amended to strike the requirement of showing of cause prior to the granting of a motion for Bill of Particulars, and the Advisory Notes to the amendment reflect that change was "designed to encourage a more liberal attitude towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." This amendment requires that the defendant be given the benefit of the doubt in gray areas. *United States v. Manetti*, supra at 697.

The following cases are illustrative of the types of information which should be disclosed

by the Government in a bill of particulars:

(a) In *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966); see also, *United States v. Tucker*, 473 F.2d 1290 (6th Cir.1973); *United States v. Burgio*, 279 F. Supp 843 (S.D.N.Y.1968); *United States v. Bel-Mar Laboratories*, 284 F. Supp 875 (E.D.N.Y. 1968), the Defendant was entitled to information as to how he aided and abetted a conspiracy and a substantive offense.

(b) In *United States v. McCoy*, 492 F. Supp. 540, 545 (M.D. Fla. 1980), a mail fraud case, a bill of particulars was granted requiring the Government to set forth each false and fraudulent representation described generally in the indictment.

(c) In *United States v. Caine*, 270 F. Supp. 801, 806 (S.D.N.Y. 1967), a mail fraud case, a bill of particulars was granted requiring the Government to set forth each and every pretense, representation and promise by the defendant claimed to have been falsely fraudulent.

(d) In *United States v. Pilnick*, 267 F. Supp. 791, 801 (S.D.N.Y. 1967) see also *United States v. Covelli*, 210 F. Supp. 589 (N.D. Ill. 1962), a mail fraud case, a bill of particulars was granted requiring the Government to set forth the names and addresses of his co-conspirators, the legal description of the real property alleged to have been sold by the defendant and any overt acts not included in the indictment.

(e) In *United States v. Hughes*, 195 F. Supp. 795, 800 (S.D.N.Y. 1961), a mail fraud case, a bill of particulars was granted requiring the Government to allege the untrue statements of the defendants, the actual facts as opposed to the alleged false statements, the dates of any purchases or offers and the facts necessary to make certain statements not misleading.

(f) In *United States v. Garrison*, 168 F. Supp. 622, 625 (E.D. Wis. 1958), a mail fraud case, a bill of particulars was granted requiring the Government to state the names of the defendants who made false representations, the names of persons to whom the representations were made, the manner in which the representations were made, and whether the representations were sent through the mails and the dates advertisements appeared.

(g) In *United States v. Fassoules*, 49 F.R.D. 43, 45 (S.D.N.Y. 1969), a mail fraud case, a bill of particulars was granted requiring the Government to provide the substance of the false statements alleged and a summary of the way in which it was claimed the statements were false.

(h) In *United States v. Ahmad*, 53 F.R.D. 194, 199-200 (M.D. Pa. 1971), a bill of particulars was granted requiring the Government to furnish the names and address of all co-conspirators, which defendants conspired to damage property by explosives, and which defendants conspired to possess unregistered firearms.

(i) In *United States v. Tanner*, 279 F. Supp. 457, 477 (N.D. Ill. 1967); see also *Covelli*, supra, at 590, a bill of particulars was granted requiring the Government to inform the defense of names of anyone alleged to have been present at material conversations between two defendants.

(j) In *United States v. Rosenstein*, 303 F. Supp. 210, 213 (S.D.N.Y. 1969), a bill of particulars was granted requiring the Government to identify each co-conspirator alleged in the indictment by name and address, as such conspirators became known to the prosecution. The court was referring to the phrase, "diverse other persons to the Grand Jury unknown."

(k) In *United States v. Lieberman*, 15 F.R.D. 278, 281 (S.D.N.Y. 1953), a bill of particulars was granted requiring the Government to state whether the defendant introduced contraband diamonds into the United States personally, or aided, abetted, counseled, commanded, induced, procured or caused such introduction and, if the defendant performed any of the latter acts, which one or ones he performed and the means by which it or they were performed.

(l) In *United States v. Acarino*, 270 F. Supp. 526, 527 (E.D.N.Y. 1967), a bill of particulars was granted requiring the Government to inform defendant of the time, place and names of persons from whom defendant allegedly received and procured narcotics.

(m) In *United States v. Vasquez*, 25 F.R.D. 350 (S.D.N.Y. 1958), cert. den. 365 U.S. 887 (1961), a bill of particulars was granted requiring the Government to set forth the date and place where the alleged crime was committed, the names of persons to whom it was claimed defendant sold and transferred narcotic drugs, and whether such persons were in the employ of the Government (directly or indirectly), or acting at the instance of the government at the time of the alleged sale or transfer.

(n) In *United States v. Wilson*, 20 F.R.D. 569, 570 (S.D.N.Y. 1957), a bill of particulars was granted requiring the Government to designate, if possible, by street and number, where the defendant was alleged to have received, possessed, concealed and facilitated transportation and concealment of drugs.

Justice Whittaker, when he was presiding over the United States District Court for the Western District of Missouri in *United States v. Smith*, 16 F.R.D. 372, 374-75 (W.D. Mo. 1954), discussed in detail the bill of particulars and Rule 7(f). Justice Whittaker noted that Rule 7(f)

necessarily presumes that an indictment or information is "good against a motion to quash or a demurrer," nevertheless a bill of particulars properly "furnish[es] to the defendant *further information* respecting the charge . . . when necessary to the preparation of his defense, and to avoid prejudicial surprise at trial;" it is to be granted when necessary for those purposes regardless of whether it may call for information "which in other circumstances would not be required because evidentiary in nature." *Id.* An accused is entitled to this "as [a matter] of right." *Id.* (emphasis in original), citing *United States v. United States Gypsum Co.*, 37 F. Supp. 398 (D.D.C. 1941); *Singer v. United States*, 58 F.2d 74 (3d Cir. 1932); *United States v. Allied Chem. & Dye Corp.*, 42 F. Supp. 425 (S.D.N.Y. 1941).

> Justice Whitaker further observed:
>
> It seems quite clear that 'where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered.' *Smith*, supra, at 375.
>
> * * *
>
> Bills of particulars have grown from very small and technical beginnings into most important instruments of justice . . . While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it. *Id.*, citing *United States v. Balaban*, 26 F. Supp. 491, 499 (N.D. Ill. 1939).
>
> * * *
>
> Nor is it any answer to a motion for a bill of particulars for the government to say: 'the defendant knows what he did and, therefore, has all the information necessary.' This argument could be valid only if the defendant be *presumed to be guilty*. For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be innocent, it must be assumed 'that he is ignorant of the facts on which the pleader founds his charges.' *Smith*, supra, at 375, citing *Fontana v. United States*, 262 F. 283, 286 (8th Cir. 1919); *Allied Chem & Dye Corp*, supra. This conclusion seems to me to be elementary, fundamental, and inescapable. *Smith*, supra, at 375.
>
> * * *
>
> Without definitive specification of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and same danger of surprise. *Id.*

The Sixth Amendment of the United States Constitution provides that a defendant shall be informed of the nature of the accusation against him. One of the functions of the indictment is to provide that notice. To adequately perform that function, the indictment must first contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet, and then also protect him from being twice held in jeopardy for the same conduct. *Russell v. United States*, 369 U.S. 749, 765 (1962); *Calley v. Callaway*, 519 F.2d 184, 226 (5th Cir. 1975). Under this criteria, the Government should be required to file a bill of particulars which identifies the acts or conduct of the defendant, to include alleged overt acts, for which the Government contends he should be held criminally liable.

### III.

### ARGUMENT

An overview of the indictment in this case illustrates the necessity of an appropriate bill of particulars. Count One alleges a conspiracy to provide and attempt to provide material support and resources to terrorists. It does so without alleging any specific predicate offense. While it references 18 U.S.C. §§ 1361 and 1114, it does not inform Defendant Evetts of which of the four different predicate offenses those statutes encompass, nor their elements, victims, damage amounts, *mens rea*, or specific harms.

It is opaque how the Government wishes to allege that Defendant Evetts intended or knew that his conduct would support terrorists. See *Holder v. Humanitarian Law Project*, 561 U.S. 1, 16-17 (2010). Without knowing this, it is impossible to prepare adequately for trial or protect Defendant Evetts from double jeopardy. The same is true regarding the absence of any alleged overt acts in Count One, even though the Government must prove beyond a reasonable doubt that Defendant Evetts did an act that constitutes a substantial step towards the commission

of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation. *United States v. Sanchez*, 667 F.3d 555, 562-63 (5th Cir. 2012).

Counts Two through Four allege attempted murder without any reference to the different *mens rea* required for different degrees of seriousness of the murder allegedly attempted. There is no way to determine on the Government's indictment whether there need have been malice aforethought on the part of Defendant Evetts, or any specific intent on his part to kill. See *United States v. White*, 762 Fed. Appx. 212 (5th Cir. 2019).

WHEREFORE, Defendant Evetts respectfully prays that this Court will grant in all things his Motion for Bill of Particulars, or in the alternative, that this Court will set the matter down for a hearing prior to trial on the merits, and that at such hearing, this motion will be in all things granted.

Respectfully Submitted,

*/s/ Patrick J. McLain*
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

*/s/ Brian Bouffard*
Brian Bouffard
Attorney for Zachary Evetts
Texas State Bar Number: 24038527
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

**CERTIFICATE OF CONFERENCE**

Counsel for the government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Evetts on this motion on 3 November 2025, and he stated that the Government is opposed to this motion. Counsel for Cameron Arnold, Cody Cofer and James Luster, communicated with counsel for Defendant Evetts on this motion on 3 November 2025, and they stated that they do not oppose this motion.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing Motion for a Bill of Particulars was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 3 November 2025.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard