IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO.: 4:25-cr-00259-P |
| | § | |
| ZACHARY EVETTS (02) | § | |

### DEFENDANT ZACHARY EVETTS'S MOTION FOR JUROR QUESTIONNAIRE AND REASONABLE TIME FOR VOIR DIRE FROM COUNSEL

**I.**

**MOTION**

Defendant Zachary Evetts respectfully moves the Court (1) to allow use of the attached jury questionnaire (see Exhibit "A" attached hereto), and (2) to modify paragraph 25 of the Court's Scheduling Order for Criminal Trial and Pretrial Order, allowing each party two hours for supplementary voir dire.

**II.**

**BRIEF**

The Indictment in this case alleges that Defendant Evetts participated in acts of terrorism, attempted murder, and the unlawful discharging of a firearm. ECF 74. If convicted, he could face a punishment of life in prison. This is also the first case in federal criminal practice in which a defendant is alleged to have committed a crime by supporting an organization identified as "Antifa;" see "How will Trump's DOJ prosecute 'antifa?' The Prairieland ICE shooting trial could be the playbook," https://www.keranews.org/criminal-justice/2025-10-30/antifa-alvarado-immigration-customs-enforcement-terrorism-trial-texas-donald-trump-justice-department; url as of 31 October 2025.

Attached hereto as Exhibit A is a proposed juror questionnaire that counsel for Defendant Evetts requests be submitted to the venire members in this case. The biographical questions are submitted in the form of a questionnaire to save the Court time and resources, and the other questions seek honest, private, and thoughtful responses to questions about matters relevant to well-considered peremptory and causal challenges in this case. By submitting questions to the jurors in the form of a questionnaire, the Court and Parties are assured that the jurors are asked the identical questions in the same fashion.

The following are arguments in favor of use of a juror questionnaire:

1. A questionnaire is a much less intimidating way to question the jurors than asking them the same questions in open court;

2. A questionnaire is the best way to deal with confidential or sensitive issues, such as the political subtext with which the jury members will be confronted in this case and which could deprive Defendant Evetts of a fair trial;

3. The foci of the questions are on areas directly related to potential challenges for cause or peremptory challenges;

4. This questionnaire addresses pre-trial publicity without tainting the panel.

5. A questionnaire will increase judicial economy by reducing the number of questions needed to conduct meaningful voir dire.

Trial judges have broad discretion over jury selection. *Skilling v. United States*, 561 U.S. 358, 362 (2010). As an exercise of that discretion, attorneys may be permitted to "ask further questions that the court considers proper; or submit further questions that the court may ask if it considers them proper." Rule 24(a), Fed. R. Crim. P. A juror questionnaire satisfies this rule and does so in advance, allowing better preparation and efficiency during voir dire, as our

highest Court noted in *Skilling*:

> "The District Court initially screened venire members by eliciting their responses to a comprehensive questionnaire drafted in large part by Skilling. That survey helped to identify prospective jurors excusable for cause and served as a springboard for further questions put to remaining members of the array. *Voir dire* thus was, in the court's words 'the culmination of a lengthy process.'" *Id.* (internal citation omitted).

The Fifth Circuit case of *United States v. Ible* is also instructive:

> [W]hile Federal Rules [sic] of Criminal Procedure 24(a) gives wide discretion to the trial court, voir dire may have little meaning if it is not conducted at least in part by counsel. The "federal" practice of almost exclusive voir dire examination by the court does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weaknesses of the case. "Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes." . . . Experience indicates that in the majority of situations questioning by counsel would be more likely to fulfill this need than an exclusive examination in general terms by the trial court. 630 F.2d 389, 395 (5th Cir. 1980) (internal citations omitted).

In *United States v. Ledee*, the Fifth Circuit again made clear that "we must acknowledge that voir dire examination in both civil and criminal cases has little meaning if it is not conducted by counsel for the parties." 549 F.2d 990, 993 (5th Cir. 1977). The court elaborated:

> A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case. The court does not know the strength and weaknesses of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed. *Id.* (citation omitted).

While the questionnaire itself helps efficiently move that ball down the field, the additional, inescapable reality is that this case is heavily politically charged and will be tried before a jury steeped in the unprecedented societal turmoil of 2025. There is a great deal to discuss and uncover in this case that would simply not exist in a less politically fraught case and time. The Constitutional rights of the defendants to protest the actions of their government and this Administration are at the forefront of this case – the factual scenario our jury will be called upon to squarely face.

Here, too, *Ible* offers important guidance. The defendant in that case had proposed a voir dire question exploring the jurors' moral attitudes and religious beliefs on the subject of alcohol use, which question was denied by the trial court. The *Ible* court viewed "this action by the trial court *with grave concern*. As demonstrated by the turn of events at trial, this was a very appropriate area for inquiry by counsel[.]" 630 F.2d 389, 395 (5th Cir. 1980) (emphasis added). Here, our jury must similarly grapple with the political and ideological issues of Constitutional magnitude in which the Government's prosecution is steeped.

The Government's indictment hews extremely close to criminalizing Constitutionally protected conduct under the First and Second Amendments to the U.S. Constitution. Though Defendant Evetts is not alleged by the Government to have carried or fired any weapon, he was in the presence of at least one other protestor who was openly carrying a firearm, and it will be the argument of the defense that Defendant Evetts was present at the Prairieland Detention Center exercising his lawful rights to assemble, speak, and petition the government. The propriety of using Constitutionally protected behavior to prove a "conspiracy" will require a particularly wise and thoughtful jury to render justice in this case, honor the supremacy of our Constitution, and observe the primacy of the Rule of Law.

Expanding the allotted time for voir dire by counsel for the parties will ensure that Defendant Evetts has effective assistance of counsel, as guaranteed by the Sixth Amendment to the Constitution. Two hours with a panel of sixty or more venirepersons renders an average of two minutes, or less, per prospective juror. Two hours allows for at least a modicum of guarantee of Defendant Evetts' rights under the Seventh Amendment to the US Constitution to a fair and impartial jury of his peers.

For the foregoing reasons, it is respectfully requested that this Court submit the attached

Questionnaire (Exhibit A) in its entirety to prospective jurors in order to save court time and to assure the revelation of potential bias or prejudice. It is also requested that the currently ordered 15 minutes per side of supplemental voir dire be expanded to two hours.

        Respectfully Submitted,

        */s/ Patrick J. McLain*
        Patrick J. McLain
        Attorney for Zachary Evetts
        Texas State Bar Number: 13737480
        900 Jackson Street, Suite 640
        Dallas, Texas 75204
        Telephone: (214) 416-9100
        patrick@patrickjmclain.com

        */s/ Brian Bouffard*
        Brian Bouffard
        Attorney for Zachary Evetts
        Texas State Bar Number: 24038527
        900 Jackson Street, Suite 640
        Dallas, Texas 75204
        Telephone: (214) 416-9100
        patrick@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

    Counsel for the Government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Evetts on this motion on 3 November 2025, and he stated that the Government is opposed to this motion. In accordance with Rule 47.1(b)(2), he was asked why he opposed, but he did not elaborate. Counsel for Cameron Arnold, Cody Cofer and James Luster, communicated with counsel for Defendant Evetts on this motion on 3 November 2025 and stated they do not oppose this motion.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing Juror Questionnaire and Reasonable Time for Voir Dire from Counsel was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 3 November 2025.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard