IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CAUSE NO.: 4:25-cr-00259-P |
| § | |
| ZACHARY EVETTS (02) § | |

### DEFENDANT ZACHARY EVETTS'S MOTION TO RECONSIDER OMNIBUS MOTION IN LIMINE TO EXCLUDE EVIDENCE UNDER FED. R. EVID. 401, 403, 404(b), AND 801

On 27 October 2025, Defendant Evetts, through his counsel, filed a five-part motion in limine to exclude certain evidence. ECF 86. On 28 October 2025, this Court denied the motion without prejudice, stating the matters in the motion would be "*more appropriately raised in the context of the presentation of evidence*" (emphasis added). ECF 88. Defendant Evetts moves the Court to reconsider denial or, in the alternative, to admonish the Government not to make any reference to the subject matter of the motion during voir dire or opening statements.

Defendant Evetts's omnibus motion in limine sought to preclude introduction of or reference to 1) statements of alleged co-conspirators (unless and until the Government meets its burden for admission of such evidence); 2) prejudicial terms, such as "antifa" and "socialist"; 3) items seized from a vehicle registered to Defendant Evetts and a residence; 4) other unnoticed evidence under Fed. R. Evid. 404(b); and 5) summary testimony or documents. Sections I through IV of the original motion are incorporated here by reference.

### V. ADDITIONAL BRIEF ON MOTION FOR RECONSIDERATION

Defendant Evetts stands charged on seven counts, all of which allege conspiracy or aiding and abetting, and all of which are heavily dependent on the actions of others, particularly Coconspirator-1. The intent of this omnibus motion in limine is to require the Government to

prove up the crimes alleged against Defendant Evetts through evidence of his actions – that is, overt acts by Defendant Evetts in furtherance of a conspiracy or aiding and abetting it – rather than through evidence amounting to the exercise of his constitutionally protected rights of assembly and speech under the First Amendment and gun ownership under the Second Amendment.  These concerns have recently been punctuated by informal notice from the Government it intends to file "an expert report . . . on ANTIFA" in this case.

It is Defendant Evetts's position that the first mention of statements of co-conspirators, the first mention of the prejudicial terms listed, and the first mention of the items seized from the vehicle registered to him or from 1572 Wildflower Drive, will violate his constitutionally protected rights.  We are concerned these matters will be mentioned in summary testimony or through other evidence requiring notification under Fed. R. Evid. 404(b) which has not been provided.  It is further Defendant Evetts's position that such a conclusion can and should be reached based on the face of the indictment and the pleadings.  To that end, Defendant Evetts offers the following enclosures in support of his motion:

(1) Notices of seizure of property, Appendix pages 1-8, supporting the list of items detailed at Section I(3) of the motion and the location from which they were seized;

(2) Defendant Evetts's second discovery request and the Government's response, Appendix pages 9-11, demonstrating the Government's position is that it "has not identified any extraneous evidence that is not part and parcel of the charged conspiracy"; and

(3) Defendant Evetts's third discovery request and the Government's response, Appendix pages 12-17, demonstrating the Government's intent to file an "expert report . . . on ANTIFA" in this case.

Nevertheless, if the Court will not issue a final ruling on this motion in advance of trial, there is an alternate middle ground which will partially allay the concerns of Defendant Evetts while remaining consistent with the Court's initial ruling.  The Court may admonish the parties not to mention the matters contained in this omnibus motion in limine in front of the jury before

the presentation of evidence, whether in voir dire or during opening statements, thereby ensuring no prejudice is caused before Defendant Evetts has the opportunity to object to the introduction of such evidence during the Government's case-in-chief. Such an admonishment would be consistent with the Court's 28 October 2025 denial without prejudice, noting the issues are "more appropriately raised *in the context* of the presentation of evidence." ECF 88 (emphasis added).

WHEREFORE, the Defendant prays that the foregoing Motion to Reconsider Omnibus Motion in Limine be GRANTED, and the Government be instructed not to offer the evidence, information, or verbiage noted therein. Alternatively, the Defendant prays the Government be instructed not to mention such information or evidence during voir dire or opening statements or until this Court has ruled on objections relevant to this Motion.

Respectfully Submitted,

*/s/ Patrick J. McLain*
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

*/s/ Brian Bouffard*
Brian Bouffard
Attorney for Zachary Evetts
Texas State Bar Number: 24038527
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

Counsel for the Government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Evetts on this motion on 3 November 2025, and he stated that the Government is opposed to this motion. In accordance with Rule 47.1(b)(2), he was asked why he opposed, but he did not elaborate. Counsel for Cameron Arnold, Cody Cofer and James Luster, communicated with counsel for Defendant Evetts on this motion on 3 November 2025 and stated they do not oppose this motion.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion for Reconsideration on Omnibus Motion in Limine was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 3 November 2025.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard