IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CAUSE NO.: 4:25-cr-00259-P |
| ZACHARY EVETTS (02) | § § | |

### DEFENDANT ZACHARY EVETTS'S MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE

COMES NOW Defendant, Zachary Evetts, by and through his undersigned counsel, and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Sixth Amendment of the United States Constitution, to order the Government to produce for inspection and copying, certain material which the Defendant believes is in the possession of the government or its agents or which through due diligence would become known from the investigating officers, witnesses or persons having knowledge of the events giving rise to this cause:

I.

Defendant submitted three requests for discovery to the Government – the first and second ones on October 21, 2025, and the third on October 27, 2025. See Attachments A, B, and C, respectively. Lead counsel for the Government and for Defendant Evetts corresponded via email on discovery matters as follows:

> **October 21 at 8:27pm: Mr. McLain to Mr. Smith (incl. Attachment A)**
> "AUSAs Smith and Gatto: Attached is our first discovery request on behalf of Defendant Evetts. Please acknowledge when received. Please keep the folks on the Cc line in communications about this case, and please advise if you want all the persons on the To line copied on correspondence and, if

not, whom you want us to copy in our comm with you."

**October 21 at 8:37pm: Mr. Smith to Mr. McLain**
"Discovery has been provided to you; please let me know if you believe you are missing something."

**October 21 at 8:42pm: Mr. McLain to Mr. Smith**
"Shawn: You may be a fast reader, but since you replied within ten minutes, I suspect that you may not have read the request. There are matters in the request that I reasonably believe that you have not yet provided, but should. I will ask attorney Brian Bouffard to contact AUSA Gatto, and perhaps those two shipmates can cut to the chase to get this done expediently in accordance with our very abbreviated trial schedule timeline."

**October 21 at 9:02pm: Mr. Smith to Mr. McLain**
"Please confirm that you have reviewed all 5 terabytes of the discovery previously provided to you, then kindly itemize what you believe you are missing (if anything). Thank you."

**October 21 at 9:32pm: Mr. McLain to Mr. Smith (incl. Attachment B)**
"AUSA Smith: Though I do not think that my duties include verification of discovery review to opposing counsel, I assure you that I and my team have indeed plowed through the discovery you have sent. But you asked for specificity. So, please see the attached first supplement, or second discovery request.
"As you know, FRE 404b and FRE 807 have notice requirements. Though those notice requirements does not require a request for such notice, because we have a due date of 27 October for motions in limine, we are affirmatively asking for those notices now, to meet our obligations timely under our scheduling order. Thank you, in advance, for your compliance with this duty and request."

**October 21 at 9:50pm: Mr. Smith to Mr. McLain**
"Your requests are clearly form documents, which are generic in nature and continue to lack any specificity to this case. You identify no item you believe you are missing nor do you document an inability to access the voluminous discovery provided to you. The government will be introducing all relevant evidence against your client in his trial. The government has not identified any extraneous evidence that is not part and parcel of the charged conspiracy. Also, the government has not identified any 807-type statements."

**October 27 at 3:00pm: Mr. McLain to Mr. Smith (incl. Attachment C)**
"AUSAs Smith and Gatto et al.: Please see attached our third discovery request, made in accordance with our duties to our client and in conformance with paragraph 3 of the Court's scheduling order of 21 October 2025 (doc.

84). We do not expect to make another request for discovery before the motions deadline of 3 November 2025, but we hope that we can resolve these discovery issues with counsel for the government before then. We will make a motion to the Court to compel discovery and production if the government does not produce the requested evidence or respond in a way that is in conformance with the Court's scheduling order.

**October 27 at 3:45pm: Mr. Smith to Mr. McLain**
"In response to your third discovery request, the government has complied and will continue to comply with its discovery obligation under Fed. R. Crim. P. 16 and 26.2, 18 U.S.C. § 3500, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). In addition, the government is aware of its continuing obligation to provide new and/or newly discovered information, and it will comply with that obligation.

Please confirm that you have reviewed all five terabytes of discovery previously provided to you, and then identify what you believe you are missing. For example, paragraphs 6 and 15 of your letter have been provided to you as part of the five terabytes of data. In another example, you continue to ask for gun-shot residue tests of your client (para. 8 of your letter). However, if you have watched the bodycam arrest of your client that has been provided then you know that no gun-shot residue test was performed on your client. This information was also disclosed at your client's probable cause hearing. As to victim medical records, the government does not have any medical records. The victim statement documents him being shot and the pictures of the gunshot wound have been produced to you.

In addition, you ask for unredacted reports (para. 2 of your letter), but the reports are not redacted in this case because of the protective order. As to paragraph 10, all reports document the names of those officers involved in the case, and over 150 bodycams have been produced to you with officer name and involvement. On ANTIFA, multiple proffer reports detail ANTIFA and SRA affiliation in this case. In addition, an expert report will be filed in this case on ANTIFA. On public statements made by the US Attorney and others in the Department of Justice, those have been made public and are easily obtainable by you. As to plea agreements reached in this case (para. 14 of your letter), those will be filed as they are reached.

Again, please identify something specific you believe you are missing that actually exists that has not already been provided to you in discovery."

The email chain memorializing the above is provided as Attachment D herein.

On 3 November 2025, Defendant Evetts made a fourth discovery request for the identities of "those detainees held in cells with westward-facing windows" at the Prairieland Detention Center on 4 July 2025, believing such detainees "witnessed some or all of the events at issue in

this case." See Attachment E. The Government responded such "information is neither relevant nor material nor rule 16." *Id.*

Defendant Evetts respectfully moves the Court to order the Government to "respond in writing" to its three discovery requests as required by paragraph 3 of the Court's scheduling order in this case. It is Defendant Evetts's position that the brief and haphazard e-mail responses from the Government do not meet the requirements of the Court's order.

Further, Defendant Evetts respectfully moves the Court to order the Government to produce for inspection, copying, photographing or reproduction, the following material:

1. A full copy of any pamphlets, literature, or other material perceived by the Government to be propaganda or ideological in nature which it has seized in this case and which it intends to introduce at trial or reference in any way during direct or cross examination during trial. Fed. R. Crim. P. 16(a)(1)(E). [See paragraph 4 of Attachment C, which is a more specific request for matters already requested at paragraphs 3 through 6 of Attachment A.]

2. Any [and all] recordings (and transcripts of the same, if prepared) and copies of all communications made by Mr. Evetts from jail since his arrest on 4 July 2025. Fed. R. Crim. P. 16(a)(1)(B). [See paragraph 5 of Attachment C, which is a more specific request for matters already requested at paragraph 7 of Attachment A.] Fed. R. Crim. P. 16(a)(1)(B)

3. Any statement subject to disclosure under the Jencks Act as soon as the witness who made the statement is identified as one the Government intends to call in its case in chief. [Earlier disclosure than required in the Scheduling Order] will help facilitate an orderly trial and maximize judicial economy. Fed. R. Crim. P. 26.2; 18 U.S.C. § 3500; *Jencks v. United States*, 353 U.S. 657 (1957). [See paragraph 6 of Attachment C, which is a more specific request for matters already requested at paragraph 9(c) of Attachment A.]

4. All records prepared or held by any law enforcement agency concerning accountability for ammunition fired, or use of force, by local or federal law enforcement personnel on 4 July 2025. Fed. R. Crim. P. 16(a)(1)(E). [See para. 9 of Attachment C, which is a more specific request for matters already requested at paragraph 17(b) of Attachment A.]

5. The names of all government investigators who have participated, or are presently participating, in the investigation of this case, as well as their accreditation, any previous law-enforcement or investigative jobs held, and a statement as to their length of service in such jobs. *Id.* [See paragraph 10 of Attachment C, which is a second request for matters already requested at paragraph 17(c) of Attachment A.]

6. Any evidence of the revocation or suspension of the credentials of any investigators involved in this case, or evidence that any investigator was a subject or suspect in an internal affairs investigation. *Id.* [See paragraph 11 of Attachment C, which is a second request for matters already requested at paragraph 17(d) of Attachment A.]

7. Copies of any ballistics testing conducted on any firearm or ammunition related to this case. Fed. R. Crim. P. 16(a)(1)(F). [See paragraph 12 of Attachment C, which is a second request for matters already requested at paragraph 17(g) of Attachment A.]

8. Evidence or information of any promises of immunity or leniency which have been made to any potential witness for the Government by law enforcement, prosecutorial, or other Government personnel. This includes the contents of any formal or informal pretrial agreement reached with any co-conspirator or potential witness. Fed. R. Crim. P. 16(a)(1)(E). [See paragraph 14 of Attachment C, which is a second request for matters already requested at paragraph 18 of Attachment A.]

9. Any audio or video recordings, and transcripts previously prepared of such

recordings, as well as any written communication, between or among law enforcement personnel related to the events on the evening of 4 July 2025 described in the indictment in this case. This request specifically includes, but is not limited to, communications between or among federal law enforcement, Prairieland Detention Center personnel, and local law enforcement requesting assistance.  It includes any text messages, mobile data terminal messages, or communications, as well as any other formal or informal communications among officers.  *Id.*  [See paragraph 15 of Attachment C, which is a more specific request for matters already requested at paragraph 19 of Attachment A.]

10. Any and all evidence, documentation, or other information relied upon by law enforcement personnel and prosecutors to conclude that the group identified in the indictment as "a North Texas Antifa Cell" does indeed constitute or self-identifies as "a military enterprise made up of network of individuals and small groups primarily ascribing to a revolutionary anarchist or autonomous Marxist ideology which explicitly calls for the overthrow of the United States Government, law enforcement authorities, and the system of law," or similar description. *Id.*  [See paragraph 17 of Attachment C, which is a second request for matters already requested at paragraph 21 of Attachment A.]

11. Any and all evidence, documentation, or other information relied upon by law enforcement personnel and prosecutors to conclude [that] Mr. Evetts is a member of the group identified in the indictment as "a North Texas Antifa Cell."   *Id.*  [See paragraph 18 of Attachment C, which is a second request for matters already requested at paragraph 22 of Attachment A.]

12. Any and all public statements made concerning this case by the U.S. Attorney for the Northern District of Texas, other United States Department of Justice personnel, or any

statement attributed to any member of the Executive Branch of the United States Government. *Id.* [See paragraph 19 of Attachment C, which is a more specific request for matters already requested at paragraph 24 of Attachment A.]

13. The full names and any other available identifying information of all detainees held at the Prairieland Detention Center on 4 July 2025. This may be limited to those detainees held in cells with westward-facing windows, if such distinction is possible, since the discovery from the government, and our defense investigation, has revealed that many detainees at the Prairieland Detention Center were witnesses to the events described in the indictment in this case. For any detainee still in the custody of the United States, we also request the detainee's present location and contact information for the authority who can grant interview access to those detainees. For any not still in custody, the disposition of their custody and the last known location of each of those detainees.

## II.

In support of this motion, Defendant would show the Court as follows:

1. The items requested are in the possession, custody and control of the Government by and through its agents, affiliated law enforcement offices or the prosecuting attorney's office, the existence of which is known to the Government or may become known with due diligence, and Defendant has no other means of ascertaining the disclosures requested.

2. The items requested are not privileged.

3. The items and information are material to this cause on the issues of guilt or innocence and punishment to be determined.

4. Defendant cannot safely go to trial without such information and inspection, nor can Defendant adequately prepare the defense to the charges against him.

5. That absent such discovery, Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution will be violated to his irreparable injury and thus deprive Defendant of a fair trial in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court will grant in all things the Defendant's Motion For Discovery and Inspection of Evidence, or in the alternative, that this Court will set the matter down for a hearing prior to trial on the merits, and that at such hearing, this motion will be in all things granted.

Respectfully Submitted,

*/s/ Patrick J. McLain*
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

*/s/ Brian Bouffard*
Brian Bouffard
Attorney for Zachary Evetts
Texas State Bar Number: 24038527
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

Counsel for the government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Evetts on this motion on 3 November 2025, and he stated that the government is opposed to this motion. In accordance with Rule 47.1(b)(2), he was asked why he opposed, but he did not elaborate. Counsel for Cameron Arnold, Cody Cofer and James Luster. communicated with counsel for Defendant Evetts on this motion on 3 November 2025 and stated they do not oppose this motion.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motions in Limine was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 3 November 2025.

*/s/ Patrick J. McLain*
Patrick J. McLain

*/s/ Brian Bouffard*
Brian Bouffard