IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CAUSE NO.: 4:25-cr-00259-P |
| ZACHARY EVETTS (02) | § § | |

## MOTION TO RECONSIDER GOVERNMENT'S MOTION FOR CONTINUANCE

COMES NOW Defendant, Zachary Evetts, by and through his undersigned counsel, and moves this Court to reconsider its order granting the Government's motion for a continuance (styled as a motion to have this case designated as complex) pursuant to 18 U.S.C. § 3161(h)(7).

### I.

### MOTION

Defendant Evetts respectfully moves the Court to deny the Government's motion for a continuance and proceed as scheduled with trial to begin on 24 November 2025.

### II.

### BACKGROUND

On 23 September 2025, fifteen defendants made their initial appearances in the Fort Worth Division of the Northern District of Texas on criminal complaints for various charges. The charges relate to the events of 4 July 2025, which began as a protest involving the fifteen defendants and allegedly culminated in the discharge of a firearm by Benjamin Song (Coconspirator-1). Thirteen of the defendants agreed to motions-to-continue the Government's time to indict; Defendant Evetts did not. He is being held at Federal Medical Center Fort Worth pending trial and has exercised his Constitutional and statutory right to a speedy trial.

On 15 October 2025, Defendant Evetts was indicted on a total of seven charges: Conspiracy to Provide Material Support to Terrorists (18 U.S.C. § 2339A); Attempted Murder (18 U.S.C. § 1114); and Discharge of a Firearm During, in relation to, and in Furtherance of a Crime of Violence (18 U.S.C. § 924(c)). ECF 79.

If the Government cannot reach an agreement on plea offers with one or more of the thirteen defendants who waived their right to a speedy trial, it intends to supersede the current indictment to add such defendants into the indictment at ECF 79.

On 3 November 2025, the Government filed a "motion to have [this] case designated as complex" and to have the scheduling order amended "to allow sufficient time to prepare adequately for trial." ECF 94. It was, in practical effect, a motion for continuance. Defendant Evetts timely informed the Government of his opposition, which was noted as part of the requirement for conference. *Id.* On 4 November 2025, despite Defendant Evetts's opposition and as he prepared this response to the Government's motion in accordance with the Scheduling Order, this Court summarily granted the Government's motion, ordering that "all current settings and deadlines" are continued to "a future date to be determined after the Government supersedes the Arnold/Evetts indictment." ECF 102.

### III.

### LAW

The United States Constitution guarantees the accused "a speedy and public trial." U.S. Const. amend. VI. In Federal cases, the right is codified by the Speedy Trial Act, 18 U.S.C. § 3161. In general, the trial of a defendant who does not waive his right to a speedy trial must commence within seventy days of the date of indictment or the date he appeared before a judicial officer of the court in which the charge is pending, whichever is later. *Id*. at § 3161(c)(1).

However, a continuance may be granted and the period of delay excluded if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. at § 3161(h)(7)(A).  One of four non-exclusive factors to be considered in evaluating such a continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id*. at § 3161(h)(7)(B)(ii).  "No continuance . . . shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id*. at § 3161(h)(7)(C).

A defendant's right to a speedy trial also inures to the benefit of the public, and the two interests must both be considered.  The Fifth Circuit Court of Appeals has explained:

> [W]e join[] all the other circuits which have addressed the question in recognizing that the provisions of the Speedy Trial Act are not waivable by the defendant. The Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved. *United States v. Willis*, 958 F.2d 60, 63 (5th Cir. 1992) (internal citations omitted).

Nevertheless, there are circumstances where delay due to the complexity of the case does benefit the public, and where continuances have been granted at the behest of the Government in spite of the defendant's right to a speedy trial.  For instance, in *United States v. Rojas*, the district court "designated" a case involving 27 indicted defendants as complex, though the speedy trial issue did not turn solely or even primarily on the complex designation and several of those indicted defendants had requested continuances themselves.  812 F.3d 382, 409-410 (5th Cir. 2016).  In *United States v. Bieganowski*, the case was designated as complex based on "the volume of discovery and the numerous logistical constraints [of one defendant's] ability to

cooperate in his defense." 313 F.3d 264, 282 (5th Cir. 2002). The lengthiest delay in that case was largely due to the illness of one defendant which impacted his ability to assist in the preparation of his defense, and the district court specifically considered the interest of the public in a speedy trial. *Id.*

On the other hand, the Fifth Circuit has disapproved of such delay when the interests of justice have required, including in cases designated as "complex." For instance, *United States v. Akins* involved a conspiracy to be proven largely by "approximately 10,000 wiretapped telephone calls." 746 F.3d 590, 595 (5th Cir. 2014). Although that case was "designated as complex" by the district court, the court denied a continuance requested by the defendant on the basis his counsel was appointed 46 days before trial. *Id.* at 608-09. In *United States v. Blackwell*, the record does not reflect the case being designated as complex per se, but the defendants requested a delay because they were "'in need of additional time to adequately prepare for their defense.'" 12 F.3d 44, 46 (5th Cir. 1994). The conviction and sentence were reversed and the case dismissed with prejudice because the facts (involving a two-indictee case and charges of impersonating a federal officer) were "not so unusual or complex that it [was] (facially) unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by" the Speedy Trial Act. *Id.* at 47-48.

The complexity of a case is but one of numerous factors to consider in evaluating a motion to continue; the designation of a case as "complex" does not in itself result in a continuance. This principle is succinctly articulated in a relatively recent order of Judge Sean Jordan in the Sherman Division of the Eastern District of Texas, citing to a number of the authorities above. See *United States v. Montemayor et al,* 4:20-CR-179-SDJ (Dkt # 345) (E.D. Tex March 19, 2021) (Attachment 1). See also *United States v. Bohuchot*, No. 3:07-CR-167-L,

2008 WL 11419067 (N.D. Tex May 13, 2008) (denying the Government's motion to designate the case complex because 18 U.S.C. § 3161(h)(7)(B)(ii) "is simply a factor set out by statute for the court to consider in determining whether to grant a motion to continue") (Attachment 2).

## IV.

## ARGUMENT

As an initial matter, Defendant Evetts disagrees this case is complex within the meaning of 18 U.S.C. § 3161. The Government's rationale, summarily adopted by this Court without any consideration of either Defendants' opposing responses, essentially relies on the fact that 15 defendants made their initial appearances on 23 September 2025 and the case involves "5 terabytes of discovery materials." As for the number of defendants, this case involves two; to rely on the other 13 in an effort to designate this case complex is to subject Defendant Evetts's right to a speedy trial to the whims of thirteen other individuals who, for reasons known only to them and their counsel, have chosen not to exercise the full complement of their rights as defendants but instead to waive them. Their waiver and the Government's subsequent decision to indict Defendant Evetts and Defendant Arnold as the law requires makes this a two-indictee, two-defendant case.

That the case involves "5 terabytes of discovery materials" may be true but is only relevant insofar as it relies on an assumption that all terabytes, gigabytes, and megabytes are created equal. They are not. In this case, the overwhelming majority of the digital storage consists of largely irrelevant body-camera footage, cellular telephone extractions which cover the entire lives of the individuals who owned them and are largely irrelevant to the matter at hand, and administrative documents that are sometimes helpful context but hardly directly relevant to the charged conduct. The "voluminous communication records" which are directly relevant to

the events of 4 July 2025 and the discussions which occurred in the hours and days preceding and supposedly amount to a conspiracy consist of a few hundred pages.  While it is true there are a handful of terabytes of discovery in this case, the vast majority of it was created by the Government and has been in the possession of the Government much longer than it has been in the possession of Defendant Evetts and his counsel.

The Government's motion in this matter reads as if a designation that this case is complex automatically entitles it to a continuance.  That is not so, either on a plain reading of the statute or based on case law interpreting it.  Rather, even if the case is complex within the meaning of 18 U.S.C. § 3161, its purported complexity is only one factor to consider in whether to amend the scheduling order (i.e., to grant a continuance, the matter at issue in 18 U.S.C. § 3161(h)(7) but acknowledged nowhere in the Government's filing).  Here, Defendant Evetts is detained pending trial, so his liberty *while presumed innocent* is being denied him.  That weighs heavily in favor of proceeding to trial.  Likewise, the public's interest in a speedy trial in this case should also weigh heavily in favor of proceeding to trial.  This case involves tension between the defendants' criminal jeopardy on the one hand and their Constitutional rights of assembly, free speech, and to keep and bear arms on the other.  It has been widely publicized as the first case in which American citizens are being prosecuted under 18 U.S.C. § 2339A for providing material support to "Antifa."  The public has a strong interest in understanding where their Constitutional rights end and their exposure to novel criminal prosecution begins.  While it is pending, this prosecution cannot help but chill the public's exercise of its Constitutional rights.

Because the Government assumes that a designation of complexity is tantamount to a continuance, these issues go unaddressed in its filing and therefore unaddressed in the Court's order summarily granting the Government's motion "[f]or the reasons stated" in the

Government's filing. The Court's order therefore risks running afoul of precedent like *Akins*, which denied a request for continuance despite the case being designated as complex.

The reality is that the Government wants to try the 15 defendants who appeared on 23 September 2025 in the order it, and not the Court, wants to try them. The Government does not want to try Defendant Evetts and Defendant Arnold first, yet its tactical desires must yield to the defendants' proper exercise of their Constitutional and statutory rights to a speedy trial. At its core, this is a Governmental effort to make cooperating witnesses better available, *a consideration expressly prohibited by 18 U.S.C. § 3161(h)(7)(C)*, by handling their plea agreements first and making their cooperation a condition of their agreement. The Government even tacitly acknowledges this truth in paragraph 5 of its motion by reciting their preferred case management sequence (guilty pleas, superseding indictment, and then trial of any remaining defendants) in which it seeks to force the Court and the Defendants to proceed. Of course, the otherwise-unavailable witness may be made available to testify against Defendant Evetts through the Government's use of immunity under Chapter 601 of Title 18 of the United States Code. That the Government has not done so timely is not the Court's or Defendant Evetts's fault.

Finally, in ruling in favor of the Government prior to receiving and considering Defendant Evetts's response opposing its "complex designation" motion, the Court has denied Defendant Evetts the due process he is entitled to. The Court's own Scheduling Order is quite clear: "Defendant shall file a response to any pretrial motion filed by the government within **seven (7) days** after receipt of such motion." Para. 6, ECF 84 (emphasis in original). This is that very response, which has been properly filed within seven days of the Government's filing, pursuant to the original Scheduling Order. The Court ignored it before even receiving it.

But the Court's discretion does not allow it to strip Defendant Evetts of his due process

rights. *United States v. Sanders*, 992 F.3d 583, 586 (7th Cir. 2021). "Due process . . . requires that a [party] be given an opportunity to respond to an argument or evidence raised as a basis to dismiss his or her claims." *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (quoting *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003)). In this case, the Government seeks (and has, for the moment, obtained – albeit prematurely and inappropriately) a ruling that defeats Defendant Evetts's lawful claim under the Speedy Trial Act that his case should go to trial within 70 days of his indictment. 18 U.S.C. § 3161(c)(1). Defendant Evetts, like every litigant in any court of the United States, deserves an opportunity to be heard. Implicit in the Court's original Scheduling Order, which mandated no more than seven days for a defendant to respond to a Government filing, instead of the customary 14 days pursuant to Local Criminal Rule 47.1(e), is the concept that parties get to object to opposing filings, and their objections will be heard and considered.

In sum, the question is not simply whether this case is "complex," but whether the ends of justice outweigh Defendant Evetts's and the public's right to a speedy trial. It is Defendant Evetts's position that his and the public's right to a speedy trial outweighs such considerations as the volume of discovery, the number of conspirators, or some desire on the part of the Government to manipulate the Court's schedule. Finally, the assertion that "matters relating to classified information [] may arise in connection with" this case should not be considered at all.[1]

WHEREFORE, Defendant Evetts respectfully prays that this Court will reconsider its order, deny the Government's motion for a continuance, and proceed as originally scheduled

---

[1] On 3 November 2025, the Government filed notice pursuant to The Classified Information Act. ECF 94. Its motion for a continuance and the Court's order relies on the notice as a basis for granting a continuance. The Government has not identified with any particularity any classified matters related to this case and its boilerplate motion stating that some "may arise" should be given no weight in this Court's consideration of whether to degrade Defendant Evetts's right to a speedy trial.

with trial to begin on 24 November 2025.

                                          Respectfully Submitted,

                                          */s/ Patrick J. McLain*
                                          Patrick J. McLain
                                          Attorney for Zachary Evetts
                                          Texas State Bar Number: 13737480
                                          900 Jackson Street, Suite 640
                                          Dallas, Texas 75204
                                          Telephone: (214) 416-9100
                                          patrick@patrickjmclain.com

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing Motion was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 10 November 2025.

                                          */s/ Patrick J. McLain*
                                          Patrick J. McLain