IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.    § | CAUSE NO.: 4:25-cr-00259-P |
| § | |
| ZACHARY EVETTS (2)    § | |

**BRIEF IN SUPPORT OF DEFENDANT ZACHARY EVETTS' AMENDED MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE**

COMES NOW Defendant, Zachary Evetts, by and through undersigned counsel, and files this his brief in support of his Amended Motion for Discovery and Inspection of Evidence and in support thereof would show the court as follows:

> "In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to the storehouse of relevant facts . . . . [it] is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked."

*Dennis v. United States*, 384 U.S. 855, 873 (1966).

**I.**

**STATEMENTS OF THE DEFENDANT**
(Item 2 in Amended Motion)

Recorded statements of the Defendant are discoverable pursuant to the express provisions of Rule 16(a)(1)(B). Fed. R. Crim. P. 16(a)(1)(B). Disclosure by the Government of the contents of any statements attributable to the Defendant is necessary in order for the Defendant to adequately prepare for trial and for his counsel to intelligently advise said Defendant whether he should testify or invoke his privilege under the Fifth Amendment to the Constitution. *Johnson v. United States*, 344 F.2d 163 (D.C. Cir. 1964); *Poe v. United States*, 233 F.Supp. 173 (D.D.C. 1964), *aff'd* 352 F.2d 639 (1965); *Inqe v. United States*, 356 F.2d 345 (D.C. Cir. 1966).

Here, the information sought are recordings of communications made by Defendant

Evetts from jail, in either Johnson County, Texas or at the Federal Medical Center, Fort Worth. Discovery of statements or confessions of the Defendant should not only include written or recorded statements made by the Defendant to Government agents but to other individuals as well. *Davis v. United States*, 413 F.2d 1226, 1231 (5th Cir. 1969). Rule 16(a)(1) "does not indicate that the defendant's discovery rights should be restricted because his words are spoken in the context of a secretly recorded conversation rather than during a formal confession. We agree . . . that secretly made tape recordings of the defendant's conversations are "statements" discoverable under 16(a)(1)[.]" *Id.*

Statements of a defendant are discoverable under Rule 16(a)(1)(B) if they are relevant. What is relevant should be broadly construed, because the Government and the Court may have difficulty in determining what is relevant from a defendant's point of view. A defendant cannot advise the Court or the Government of the relevance of a statement to his case if he does not know of its existence or content. "We believe the government should disclose any statement made by the defendant that may be relevant to any possible defense or contention that the defendant might assert. Ordinarily, a statement made by the defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the government is in doubt, the written or recorded statement should be disclosed, if a proper request is made." *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

## II.

### TANGIBLE OBJECTS
(Items 1, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15 in Amended Motion)

Fed. R. Crim. P. 16(a)(1)(E) requires that upon request of the Defendant, the Government shall permit the Defendant to inspect and copy books, papers, documents, photographs and other

tangible objects or portions thereof, which are within the possession, custody and control of the government and (i) which are material to the preparation of the defense, or (ii) are intended for use by the Government as evidence in its case in chief at the trial, or (iii) were obtained from or belonged to the Defendant.  Fed. R. Crim. P. 16(a)(1)(E).  A Defendant's request need not make a specific designation of what he is requesting; indeed, a "defendant cannot be expected to know the exact nature of what he has not yet seen[.]" *United States v. Hughes*, 413 F.2d 1244, 1254 (5th Cir. 1969).

Materiality means that there must be some indication that pretrial disclosure of the disputed evidence would have enabled the Defendant significantly to alter the quantum of proof in his favor.  *United States v. Ross*, 511 F.2d 757, 762-3 (5th Cir. 1975), *cert. den*. 423 U.S. 836 (1975); *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1979), *cert. den.* 440 U.S. 982 (1979).  The materiality that must be shown is materiality to the preparation of the defense, not proof of the charges.  *Hughes*, *supra* at 1246.  Any matter in the custody, actual or constructive, of the government that tends to connect the Defendant to the events leading to the indictments, either directly or through his codefendant or a government witness, is material to the preparation of the defense because pre-trial discovery would be necessary to give the Defendant an opportunity to plan to refute such inference or connection by calling witnesses or acquiring contradicting evidence.  Any tangible evidence relied on by the government in securing the indictments against the Defendant would likely be interpreted as tending to connect the Defendant with the charges.  The Defendant should be given a reasonable opportunity to prepare to refute that evidence.

## III.

### TESTS AND EXPERIMENTS
(Paragraph 7 of Amended Motion)

The Federal Rules of Criminal Procedure require that upon request by the Defendant, the government must permit a defendant to inspect and to copy or photograph the results of reports of any . . . scientific test or experiment which are in the possession, custody or control of the government or the existence of which is known or in the exercise of due diligence may become known to the attorney for the government, if they are material to the preparation of the defense or are intended for use by the government in its case in chief. Fed. R. Crim. P. 16(a)(1)(F). The disclosure of such scientific material is particularly appropriate for the following reasons:

   (a)   Any danger of intimidation of witnesses concerning these matters is so slight as to be for all practical purposes nonexistent,

   (b)   Any expert testimony regarding such matters cannot be effectively subjected to cross-examination or rebuttal without ample opportunity prior to trial to prepare appropriate material for that purpose,

   (c)   Video tape, audio tape, film and certain documents generally have, in the eyes of a jury, unusually high probative value and credibility because it is concrete evidence that is supposedly difficult to alter or change,

   (d)   Expert testimony generally has, in the eyes of a jury, unusually high probative value, coming as it does from a supposedly disinterested party and concerning matters generally beyond the realm of ordinary lay information.

Here, the sought items refer to ballistics tests on any firearm or ammunition related to this case, which involves charges of attempted murder and discharge of a firearm – the ballistics of any firearm or ammunition fired at the scene are highly relevant and material, particularly given that only one of the charged defendants at the scene carried a rifle. Defendant Evetts may therefore wish to obtain his own expert witnesses to inspect these materials, conduct appropriate tests, and give testimony at the trial. Trial in this case is fast approaching. Accordingly, such

specimens, experiments, tests, and scientific reports and comparisons should be discoverable prior to trial in accordance with Rule 16(a)(1)(F).

## IV.

### PROMISES OR BENEFITS TO CO-DEFENDANTS, UNINDICTED CO-CONSPIRATORS OR OTHER WITNESSES
(Paragraph 8 of Amended Motion)

Evidence of any promises, compensation or benefits to any witness by the Government or which the Government will make at any future time is discoverable pursuant to the due process clause of the Fifth and Fourteenth Amendments, United States Constitution, and the withholding of any such evidence constitutes a denial to Defendant Evetts of his constitutionally protected rights to due process and fundamental fairness in the criminal proceedings now brought against him. *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). Such evidence is not only exculpatory in the sense that having received something of value from the party calling the witness in exchange for friendly testimony is legitimate grounds for impeachment, *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968) (impeachment evidence is exculpatory evidence discoverable under *Brady*), but also is discoverable by Defendant Evetts in order to show such witnesses' bias or prejudice in testifying at trial. *Davis v. Alaska*, 415 U.S. 308 (1974).

Reciprocal discovery is not applicable here because only the Government is permitted to negotiate with a witness and compensate them with something of value for their friendly testimony in accordance with the Government's theory of its case. This is a power the Government has arrogated to itself; no other party in litigation anywhere in American jurisprudence is permitted to do likewise. Indeed, even if a defendant had the resources, as the Government does, to compensate a witness for his or her friendly testimony (Defendant Evetts,

to be clear, does not), doing so or even attempting to do so would constitute the felony criminal offense of bribery. 18 U.S.C. § 201(b)(3).

## V.

### EARLY DISCLOSURE OF JENCKS ACT MATERIALS
(Paragraph 3 of Amended Motion)

The Court has already ordered the Government to provide Jencks Act, see 18 U.S.C. § 3500 and *Jencks v. United States*, 353 U.S. 657 (1957), material to the defense the day before the applicable witness testifies. See paragraph 15 of the Scheduling Order. The Court notes the possibility of earlier disclosure by the Government "pursuant to prior urgings of the Court," and that the Court "strongly encourages the early production to defense counsel of any notes made by government agents regarding interviews with witnesses that the government expects to call to testify at trial." *Id.*

Here, Defendant Evetts asks for disclosure as soon as the witness is identified by the Government. Given the interests of judicial economy and orderly conduct of the trial, it makes even more sense to require as early a production of Jencks Act material as practicable. The Federal Rules of Evidence are to be "construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. The Court is further charged in the Federal Rules of Evidence with exercising reasonable control over the mode and order of examining witnesses, Fed. R. Evid. 611(a), and one of the reasons is to avoid wasting time, Fed. R. Evid. 611(a)(2). The Court's logic in already requiring disclosure the day before the witness testifies applies with even greater force for requiring disclosure reasonably earlier than that – the goal being a fair and orderly trial that proceeds apace with no waste of time.

The countervailing interest on the Government side – apparently nothing more than that the defense be disadvantaged in its ability to prepare its case – is an unworthy one.  The Court should require the Government, in response to this Amended Motion, to articulate the harm it imagines, if any, of disclosing this material the Government already has once its witness is identified to be called in its case in chief.  Any articulated harm, which the Court might well deem *de minimis* on its face, should be balanced against the benefit to judicial economy, avoiding wasting the jury's time, and "securing a just determination," Fed. R. Evid. 102, in this case.

## VI.

Defendant Evetts believes that the United States Attorney or other agents of the United States Government involved in the investigation and preparation of this case may have the possession, custody, or control of each of the above requested items and information, or through the exercise of reasonable diligence would be able to obtain such possession or locate the whereabouts of such items or information.  Each of these items is material to the preparation of an adequate defense and is reasonable in light of the facts and allegations.

WHEREFORE, Defendant Evetts respectfully moves this Court to order the production of the above-described papers, documents, and information requested in his Amended Motion for Discovery and Inspection of Evidence, and for such other further relief as the Court should deem just and proper.

    Respectfully Submitted,

    */s/ Patrick J. McLain*
    Patrick J. McLain
    Attorney for Zachary Evetts
    Texas State Bar Number: 13737480
    900 Jackson Street, Suite 640
    Dallas, Texas 75204

Telephone: (214) 416-9100
patrick@patrickjmclain.com

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Brief in Support of Amended Motion for Discovery and Inspection of Evidence was delivered via electronic mail and filing to counsel for the United States and the other defendants in this matter on 6 January 2026.

*/s/ Patrick J. McLain*
Patrick J. McLain

Brief in Support of Amended Motion for Discovery and Inspection – US v. Evetts (2) – NDTX Case No. 4:25-CR-00259-P – page 8