# Exhibit A

**Capoccia, Matthew (USATXN)**

| | |
|---|---|
| **From:** | Smith, Shawn (USATXN) 7 |
| **Sent:** | Thursday, October 30, 2025 8:49 AM |
| **To:** | brian@patrickjmclain.com |
| **Cc:** | Gatto, Frank (USATXN); Capoccia, Matthew (USATXN); Wiethorn, Joseph Clark (DL) (FBI) |
| **Subject:** | RE: Our Case (Evetts) - Draft Motion to Compel |

The government does not have your client's jail calls.  For each facility where your client has been held you need to contact them to receive your client's jail calls.  For the Johnson County jail, please contact  Captain Brian Gordy (bgordy@johnsoncountytx.org).  To the extent that other communication from various jails are received by the government they will be produced to you.

If you want to inspect the physical pamphlets seized in this case please make arrangements with FBI SA Wiethorn (cc'd here) to look at the physical evidence.  However, there are many pictures and scanned copies of the pamphlets in discovery already provided to you.

Again, as far as ANTIFA, the government will file/produce its expert report on ANTIFA in accordance with rule 16.

At this time, the government is not aware of any agent being suspended or subject to an internal affairs investigation.

Again, the government will file plea agreements reached in this case on the public docket when such agreements are finalized.  All plea offers to all defendants have been made in this case and the government anticipates receiving those agreements back soon.  Moreover, the government anticipates guilty plea settings in this case soon; you are, of course, welcome to attend those hearings as they are open to the public.

On public statements more generally, public statements are public, and once statements are made public those statements are no longer in the exclusive control of the government.

**Finally, please provide the government any reciprocal discovery pursuant to rule 16, and please provide any expert reports for any expert the defendant intends to call.**

---

**From:** Gatto, Frank (USATXN) <Frank.Gatto@usdoj.gov>
**Sent:** Wednesday, October 29, 2025 5:30 PM
**To:** Brian Bouffard <brian@patrickjmclain.com>
**Subject:** RE: Our Case (Evetts) - Draft Motion to Compel

I appreciate the heads-up Brian.  We will look through it and see if there is anything else.

Have a good evening,

Frank

1

AUSA Frank L. Gatto
United States Attorney's Office for the Northern District of Texas
Fort Worth Division
817-252-5213 (Office)
214-477-5142 (Cell)
frank.gatto@usdoj.gov

---

**From:** Brian Bouffard <brian@patrickjmclain.com>
**Sent:** Wednesday, October 29, 2025 5:22 PM
**To:** Gatto, Frank (USATXN) <Frank.Gatto@usdoj.gov>
**Subject:** [EXTERNAL] Our Case (Evetts) - Draft Motion to Compel

Frank,

Received and heard.  Wanted to advise we are going to ask the court to compel discovery on the following requests made in our Third Discovery Request of October 27: paragraphs 4, 5, 6, 9, 10, 11, 12, 14, 15, 17, 18, and 19.  We truly do not believe we have, or have the entirety of, what we're asking for in those paragraphs.

We will not be filing this until next Monday, so if you are able to point us this week to any upcoming responsiveness in Production 4 (which we have not yet received, except for the index, but think we will in the coming days), or specific files that we may have inadvertently missed in the document dumps, or even just your word that you will work to get us what we're asking for, we would be happy not to raise those before the judge at all.

To help, here is the language from my in-progress draft of the motion to compel.  Note that Attachment A is our first request and Attachment C is our third.

    1.       A full copy of any pamphlets, literature, or other material perceived by the Government to be propaganda or ideological in nature which it has seized in this case and which it intends to introduce at trial or reference in any way during direct or cross examination during trial.  [See paragraph 4 of Attachment C, which is a more specific request for matters already requested at paragraphs 3 through 6 of Attachment A.]  Fed. R. Crim. P. 16(a)(1)(E).

            GRANTED: _____          DENIED: _____

    2.       Any [and all] recordings (and transcripts of the same, if prepared) and copies of all communications made by Mr. Evetts from jail since his arrest on 4 July 2025.  [See paragraph 5 of Attachment C, which is a more specific request for matters already requested at paragraph 7 of Attachment A.]  Fed. R. Crim. P. 16(a)(1)(B)

2

GRANTED: _____     DENIED: _____

3. Any statement subject to disclosure under the Jencks Act as soon as the witness who made the statement is identified as one the Government intends to call in its case in chief. [Earlier disclosure than required in the Scheduling Order] will help facilitate an orderly trial and maximize judicial economy. [See paragraph 6 of Attachment C, which is a more specific request for matters already requested at paragraph 9(c) of Attachment A.]

GRANTED: _____     DENIED: _____

4. All records prepared or held by any law enforcement agency concerning accountability for ammunition fired, or use of force, by local or federal law enforcement personnel on 4 July 2025. [See paragraph 9 of Attachment C, which is a more specific request for matters already requested at paragraph 17(b) of Attachment A.]

GRANTED: _____     DENIED: _____

5. The names of all government investigators who have participated, or are presently participating, in the investigation of this case, as well as their accreditation, any previous law-enforcement or investigative jobs held, and a statement as to their length of service in such jobs. [See paragraph 10 of Attachment C, which is a second request for matters already requested at paragraph 17(c) of Attachment A.]

GRANTED: _____     DENIED: _____

6. Any evidence of the revocation or suspension of the credentials of any investigators involved in this case, or evidence that any investigator was a subject or suspect in an internal affairs investigation. [See paragraph 11 of Attachment C, which is a second request for matters already requested at paragraph 17(d) of Attachment A.]

GRANTED: _____     DENIED: _____

7. Copies of any ballistics testing conducted on any firearm or ammunition related to this case. [See paragraph 12 of Attachment C, which is a second request for matters already requested at paragraph 17(g) of Attachment A.]

    GRANTED: _____    DENIED: _____

8. Evidence or information of any promises of immunity or leniency which have been made to any potential witness for the Government by law enforcement, prosecutorial, or other Government personnel. This includes the contents of any formal or informal pretrial agreement reached with any co-conspirator or potential witness. [See paragraph 14 of Attachment C, which is a second request for matters already requested at paragraph 18 of Attachment A.]

    GRANTED: _____    DENIED: _____

9. Any audio or video recordings, and transcripts previously prepared of such recordings, as well as any written communication, between or among law enforcement personnel related to the events on the evening of 4 July 2025 described in the indictment in this case. This request specifically includes, but is not limited to, communications between or among federal law enforcement, Prairieland Detention Center personnel, and local law enforcement requesting assistance. It includes any text messages, mobile data terminal messages, or communications, as well as any other formal or informal communications among officers. [See paragraph 15 of Attachment C, which is a more specific request for matters already requested at paragraph 19 of Attachment A.]

    GRANTED: _____    DENIED: _____

10. Any and all evidence, documentation, or other information relied upon by law enforcement personnel and prosecutors to conclude that the group identified in the indictment as "a North Texas Antifa Cell" does indeed constitute or self-identifies as "a military enterprise made up of network of individuals and small groups primarily ascribing to a revolutionary anarchist or autonomous Marxist ideology which explicitly calls for the overthrow of the United States Government, law enforcement

4

authorities, and the system of law," or similar description. [See paragraph 17 of Attachment C, which is a second request for matters already requested at paragraph 21 of Attachment A.]

     GRANTED: _____    DENIED: _____

  11. Any and all evidence, documentation, or other information relied upon by law enforcement personnel and prosecutors to conclude [that] Mr. Evetts is a member of the group identified in the indictment as "a North Texas Antifa Cell." [See paragraph 18 of Attachment C, which is a second request for matters already requested at paragraph 22 of Attachment A.]

     GRANTED: _____    DENIED: _____

  12. Any and all public statements made concerning this case by the U.S. Attorney for the Northern District of Texas, other United States Department of Justice personnel, or any statement attributed to any member of the Executive Branch of the United States Government. [See paragraph 19 of Attachment C, which is a more specific request for matters already requested at paragraph 24 of Attachment A.]

     GRANTED: _____    DENIED: _____


If you would, let me know your thoughts when you get a moment. To your point below on item 12 above, we agree these are public statements, but that doesn't mean the Government isn't required to provide them since they are in your possession. We also have no idea of the totality of what various authorities within the Executive Branch have put out there publicly, but the Executive Branch itself does, or at least should. Also happy to talk through what we're looking for in the other items, if additional clarity would be helpful.

Thanks, hope to chat soon.

V/r,
Brian

**Brian Bouffard, J.D., LL.M.**
Law Office of Patrick J. McLain, PLLC
800 W. Weatherford St., Suite 420
Fort Worth, Texas 76102
brian@patrickjmclain.com
(214) 416-9100 office

(469) 838-6239 cell

---

**From:** Gatto, Frank (USATXN) <Frank.Gatto@usdoj.gov>
**Sent:** Tuesday, October 28, 2025 9:42 AM
**To:** Brian Bouffard <brian@patrickjmclain.com>
**Subject:** RE: Our Case (Evetts) - Incoming Discovery Request

I understand Brian.  There can be agreement with Shawn.  But it doesn't help matters that the discovery letter makes numerous requests that have been provided in discovery already.  Really, the discovery letters only needed to be a page long.  That is why he is asking that you all to go through the discovery and then identify, with specificity, what you believe you are missing.  As Shwan mentioned, the letter asks for unredacted reports, but we provided you all with unredacted reports per the discovery protective order in this case (that request did not need to be included in the discovery letters). You ask for GSR on Mr. Evetts, but the discovery shows no GSR test was done on Mr. Evetts, and this was also mentioned in the PC hearing (that request did not need to be in the discovery letters).

At this point, everything we provided responds to everything asked in the letters except for a couple things.  The letters ask for the victim's medical records.  We do not have those in our possession, but we did include pictures in the discovery showing his injury and his statement where he says he got shot, and his body camera that shows him being shot.

I think in one of the discovery requests asked for any mental-health records for Mr. Evetts.  We don't have those, and you all should have better access to those than us.

The letter asks for public statements by the USA and other DOJ officials.  Those are public, so you already have access to them.

The letters ask for all of Mr. Evetts' statements.  We provided those already in discovery.  If you believe Mr. Evetts made other statements that we did not include, let me know.  Otherwise, as far as I am aware, we provided all his statements to you.

If you want to reach out with a specific request you think is missing from discovery, feel free to let me know and I will look into it.  But form what we provided, any requests should be few.

Look forward to meeting you in person soon.

Take care,

Frank

AUSA Frank L. Gatto
United States Attorney's Office for the Northern District of Texas
Fort Worth Division
817-252-5213 (Office)
214-477-5142 (Cell)
frank.gatto@usdoj.gov

**From:** Brian Bouffard <brian@patrickjmclain.com>
**Sent:** Monday, October 27, 2025 3:01 PM
**To:** Gatto, Frank (USATXN) <Frank.Gatto@usdoj.gov>
**Subject:** [EXTERNAL] Our Case (Evetts) - Incoming Discovery Request

Frank,

Patrick has just sent a supplemental discovery request to Shawn. Hopefully there may be some way you and I could engage substantively on this so as not to have to take any unnecessary dispute to the judge? If so, I'm open to it. Thanks.

V/r,
Brian



**Brian Bouffard, J.D., LL.M. | Associate Attorney**
Law Office of Patrick J. McLain, PLLC
**Office**: 214-416-9100  **Fax**: 972-502-9879  **Cell**: 469-838-6239
800 W. Weatherford St., Suite 420
Fort Worth, TX  76102
**patrickjmclain.com**
We serve our clients in offices from coast to coast.
Our handbook for clients is now available on Amazon!
https://www.amazon.com/Facing-Civil-Military-Criminal-Charges/dp/1951149106