IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO.: 4:25-cr-00259-P |
| | § | |
| ZACHARY EVETTS (2) | § | |

**BRIEF IN RESPONSE TO THE COURT'S SETTING
OF A SHOW CAUSE HEARING IN ECF 177**

COMES NOW Defendant Zachary Evetts, by and through his undersigned counsel, and files this Brief in response to this Court's Order filed on 9 January 2026. ECF 177. Though this brief must necessarily address a defense motion (ECF 166) that was decided by that same order (ECF 177), the focus of this brief is that potential sanctions mentioned in the Order (ECF 177) would not be appropriate under Federal Rule of Criminal Procedure 16, this Court's Scheduling Orders (ECF 84, 119, and 140), and the law as set forth in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

**I.**

In ECF 175, the Government asserted that (1) the Defense Amended Motion for Discovery, ECF 166 filed on 9 January 2026 (hereinafter "Amended Motion") was frivolous because reconsideration of the Court's Denial (ECF 103) of Mr. Evetts's original Motion for Discovery and Inspection of Evidence (ECF 100) (hereinafter "Original Motion") was not warranted, (2) that the Amended Motion omitted an email of 30 October 2025 while simultaneously accusing the Government of stonewalling, (3) that the Government is in the process of complying with CIPA procedures to address certain requested discovery, and (4) that the Amended Motion does not justify early disclosure of Jencks Act materials. These assertions are stated in the order in which they appear in the Government's Response to the Amended

Motion. ECF 175.

In full accountability and candor, Defendant Evetts's counsel shall address issues (2) and (3) first. As to issue (2), government counsel is correct. The email from AUSA Smith to Attorney Bouffard on 30 October 2025, provided in Exhibit A to the Government's Response, ECF 175-1 (hereinafter "AUSA Smith's October 30 email"), was sent and was received by Attorney Bouffard.

Defense counsel acknowledge and own that error. This email was missed by Attorney Bouffard in his draft of the Amended Motion because, in preparation of the motion, he searched for responsive discovery-related emails between the government and the defense. AUSA Smith's 30 October email was sent to Attorney Bouffard alone, the latter's search was focused on email sent to the whole defense team.

*The foregoing is an explanation and not an excuse.* Attorney Bouffard has apologized to the defense team for the oversight, he will apologize in person to the Government, and if permitted, he will apologize to the Court for this mistake at the hearing on 14 January. This apology also comes from Attorney McLain, who is responsible for the conduct of all members of Defendant Evetts's defense team and thus accountable for any lapses on his part in supervision, particularly because motions issued on behalf of Defendant Evetts are filed with Attorney McLain's electronic signature.

As to (3), Defendant Evetts's counsel are in receipt of the Government's confirmation that the classified materials it has referenced in prior filings are neither exculpatory nor are they voluminous. ECF 175, p. 4. In light of this statement by the government, though it does not necessarily resolve the issue of classified materials referenced in the government's request for delay (ECF 94 and 95), there is no longer cause, at this time, to seek the Court's intervention. If

the defense had that information prior to the Amended Motion, mention of classified material would not have been part of that filing.

## II.

As to issue (1), counsel for Defendant Evetts assert that the Amended Motion, its error regarding a certain communication notwithstanding, was not frivolous. This is especially true in light of the direction of this Court in paragraph 3 of its scheduling orders (ECF 84, 119, and 140) and the description of "unnecessary contention and sharp practices" in *Dondi* at 286. The reasons for the necessity of filing the Amended Motion (ECF 166), seeking new consideration of the Court's denial (ECF 103) of the Original Motion (ECF 100) include the long lapse in time without any reply from the Government in contravention to requirements of the Court's scheduling orders, (ECF 84, 119, and 140).

As noted in the Amended Motion, the Court was clear and explicit:

> The government must respond in writing to any request made in accordance with this paragraph within seven (7) days of receiving the request. The government shall indicate either that the discovery will be allowed or the disclosure or production will be made as requested or that the request or portions thereof are objectionable, in which case the government must briefly state the legal basis for the government's objections. Lack of actual possession of an item by the government will not be accepted as a reason for non-production if the government can obtain possession of the item or, if copiable, a copy of the item upon the government's request.

ECF 84, para. 3; ECF 119, para. 3.

AUSA Smith's 30 October email was closer to compliance with this order than the government's other responses referenced in the Amended Motion (ECF 166). That response still failed to comply with the Court's scheduling orders. AUSA Smith's 30 October email fails to comply with the government's discovery duties for multiple reasons.

First, it was untimely. The five extant defense discovery requests were sent on 21

October 2025 (two requests), 27 October 2025, 3 November 2025, and 10 December 2025.  ECF 166-1, 166-2, 166-3, 166-4, and 166-5.  AUSA Smith's 30 October email, regardless of its substance, is timely only as to the defense's third request made on 27 October 2025.  ECF 166-3.  No compliant written response has yet been received as to the fourth and fifth.  ECF 175, p. 4.

      Second, its timeliness aside, AUSA Smith's 30 October email does not otherwise comply with the Court's requirements for the conduct of discovery in this case.  ECF 84, para. 3; ECF 119, para. 3.  For example, as to Mr. Evetts's jail phone calls, the government stated it did not have the requested discovery, while simultaneously demonstrating it was capable of obtaining them.  AUSA Smith's 30 October email, para. 1.  ECF 175-1.  This response is explicitly prohibited by the Court as a reason for non-production.  ECF 84, para. 3; ECF 119, para. 3.

      Third, AUSA Smith's 30 October email (ECF 175-1) only attempts to address six of Defendant Evetts's requests and ignores over fifty other specifically requested matters in discovery.  There was no compliance with the Court's Order (ECF 84, para. 3; ECF 119, para. 3) as to any other requests made by Defendant Evetts.  Arguably, there were six written responses to discovery requests in AUSA Smith's 30 October email.  Defendant Evetts has made thirty-five (35) separate requests in ECF 166-1; two (2) separate requests in ECF 166-2; sixteen (16) separate requests in ECF 166-3; two (2) separate requests in ECF 166-4; and three (3) separate requests in ECF 166-5.

      Six discovery responses to fifty-eight (58) discovery requests is not compliant, regardless of the Court's denial (ECF 177) of the defense's Amended Motion (ECF 166).  To date, the government has not corrected its failure to comply with its discovery responsibilities.

      "Frivolous" is not an apt description of the defense Amended Motion (ECF 166).  Something that is "frivolous" has no purpose or value.  Seeking the Court's assistance in

directing the government to comply with its discovery duties is a very serious and vital part of the protection that this Court should exercise to ensure that Defendant Evetts can be rendered effective assistance of counsel and prepare his defense as required by the Sixth Amendment to the U.S. Constitution.  Furthermore, labeling a defense motion as frivolous and raising the specter of sanctions, before having a full and complete hearing, chills effective advocacy in this case, as in most criminal cases, in which the defense is outgunned, undermanned, and underfunded compared to the government counsel.

The defense is in receipt of many terabytes of discovery in this case, as recently as 12 January 2026.  This quite voluminous discovery contains thousands of files identified by coded filenames that do not reflect in any way the contents of the file.  For defense counsel, it is akin to searching through a mountainous haystack to determine where the relevant needles lie.

It is for this reason that the first, second, third, and fifth defense discovery requests asked: "Since some discovery has already been provided in this matter, if discovery has already been provided which is responsive to portions of this request, please describe with particularity the discovery; i.e., by identifying the corresponding file(s) using the filename(s) regarding that prior discovery."  ECF 166-1, 166-2, 166-3, and 166-5.  (The fourth request seeks material we are confident has not already been provided.)

Had the government complied with the Court's Order as to discovery, ECF 84, para. 3; ECF 119, para. 3., it would have made a timely response to this request in the interests of justice.  The absence of a government response on this particular request, and the continued silence in the face of its requirement to duly respond to defense discovery requests, appeared to be a clear decision by the government not to comply with its discovery duties.  Since the start of trial is 17 February 2026, the defense could not waste time haranguing.  Thus, the Amended Motion

regarding discovery was filed.

Finally, as to issue (4), we recognize that our request for early compliance with the Jencks Act was merely a well-founded request manifestly in the spirit of the Court's own admonition in ECF 84, para. 15; ECF 119, para. 15, to wit: "The Court strongly encourages the early production to defense counsel of any notes made by government agents regarding interviews with witnesses that the government expects to call to testify at trial."  We recognize that it would purely be a courtesy if the Government were to provide this material in accordance with the Court's strong encouragement, and that we are not entitled to that courtesy.  We were just asking.

In *Dondi*, the judges of this District, en banc, described breaches of integrity, obstinate refusals to comply with discovery rules, and gross incivility by counsel, *Dondi* at 285–86.  That does not describe the conduct of defense counsel in this case.  Even attorney Bouffard's error was one of lapse of diligence, perhaps, but not of candor to the Court or disregard for the Court's order.

Likewise, defense counsel do not seek sanctions against government counsel for lapses in their discovery conduct nor do we in any way impugn their character or conduct.  Even in matters that might appear clear to counsel or the Court, there can be honest disputes about the requirement of a law, a rule, or an order of a court.  No order, no matter how well written, is impervious to difference in interpretation, though as always, the judge of that Court will surely make clear the meaning of an order, if presented with a dispute.  This is precisely the issue presented in the Amended Motion (ECF 166), and one of the cardinal reasons for motion practice.

Respectfully Submitted,

*/s/ Patrick J. McLain*
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Response was delivered via electronic mail and filing to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 13 January 2026.

*/s/ Patrick J. McLain*
Patrick J. McLain