UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

v.   No. 4:25-cr-00259-P

**ZACHARY EVETTS (02),**
**BENJAMIN HANIL SONG (03),**

   Defendant.

### ORDER

   The Court held a show cause hearing on January 14, 2026, for Defendant Evetts's Counsel to show cause why they should not be sanctioned for repeated frivolous motions, disobeying the Court's previous Order (ECF No. 103), and disregard of *Dondi*, the Texas Lawyer's Creed, and the Texas Rules of Professional Conduct. ECF No. 177. At the hearing, the Court recited the numerous motions filed by Evetts's Counsel, the Court's previous Order warning against frivolous motion practice (ECF No. 103), and the most recent Response by Counsel (ECF No. 179).

   As stated at the hearing, the Court is disturbed by the sharp-elbow drafting in Counsel's motion practice and, especially, in the Response to the Court's Order. Falsely impugning the ability and integrity of the Assistant U.S. Attorneys[1] and then telling the Court, in so many pages, that they should not be sanctioned because "defense counsel do not seek

---

[1]The Court appreciates Counsel's statements that they "acknowledge and own th[e] error" of omitting the Government's email which explains that most of Counsel's demands were moot or seek materials outside the scope of Rule 16. ECF No. 179 at 2. However, falling on a rather dull sword by characterizing the omission as a mere "lapse of judgment" and stating that the "email was missed" does little to assure the Court that such motion practice will not recur. ECF No. 179 at 6, 2.

sanctions against government counsel," is a perplexing tactic, to say the least. ECF No. 179 at 6.

Accordingly, for the reasons stated on the record and pursuant to Local Criminal Rule 57.8(b), the Court finds that the least severe sanction to correct the misconduct and ensure future compliance with its orders is a monetary sanction. The Court hereby **ORDERS** that Mr. Patrick J. McLain, Mr. Bradley John Sauer, and Mr. Brian Matthew Bouffard each pay a $500 monetary sanction. Payment shall be made to the Clerk of the Court for the Fort Worth Division of the Northern District of Texas **on or before January 16, 2026, at 3:00 p.m.** The Court is hopeful that this is the least severe sanction to ensure that the conduct of Counsel will conform to the requisite standards of practice in the Fort Worth Division. Failure to do so will result in further sanctions.

Additionally, the Court held a status conference at 9:00 a.m. on January 14, 2026, to discuss trial logistics. ECF No. 163. The Order specifically stated that "Counsel for all Parties are **ORDERED** to attend." ECF No. 163. Counsel for Defendant Benjamin Hanil Song, Mr. Phillip Hayes, was not present at the start of the hearing. At that time, the Court ensured that Mr. Hayes was not in the building. Court staff also attempted to contact Mr. Hayes without success. Mr. Hayes then arrived in the courtroom approximately an hour and a half into the hearing. At that time, the Court allowed Mr. Hayes to show cause why he should not be sanctioned for being untimely. Mr. Hayes took ownership of his mistake and did not attempt to make an excuse for his inadvertence.

Accordingly, pursuant to Local Criminal Rule 57.8(b)the Court finds that the least severe sanction to correct the misconduct and ensure future compliance with its orders is for Mr. Hayes to familiarize himself with the expectations of practicing in the Fort Worth Division. The Court hereby **ORDERS** Mr. Hayes the read the following: (1) *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988); (2) the Local Civil Rules of the United States District Court for the Northern District of Texas and this Court's Judge Specific Requirements; (3) the Texas Lawyer's Creed; (4) the Texas Rules of Professional Conduct; and (5) the Federal Rules of Criminal Procedure.

It is further **ORDERED** that Mr. Hayes certify to the Court via a sworn affidavit filed by **5:00 p.m.** on **January 15, 2026**, that he has read, understands, and will comply with these five documents throughout the remainder of this litigation.[2] Failure to comply with this Order shall result in monetary sanctions being imposed against Mr. Hayes.

**SO ORDERED** on this **14th day of January 2026.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2]Should Counsel be unable to find a notary before January 15, 2026, without putting themselves in unreasonable danger, they may appear at 8:30 a.m. on January 15, 2026, and swear under oath that he has complied with the following. Should Counsel be unable to do either, he shall file an appropriate motion with the Court.