United States District Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **United States of America,** | |
| v. | No. 4:25-CR-259-P |
| **Ines Soto (8)** | |

## Motion to Reconsider the Objection Procedure

**To the Honorable Judge:**

Defendant Ines Soto moves this court to reconsider its trial objection procedure announced at the conference in court on January 14th and adopt a procedure allowing any defense counsel to make any objection he or she feels appropriate while also imputing any defense objection to all defendants to avoid duplicative objections. All defense counsel are in agreement; the government takes no position.

**The Objection Procedure**

At the January 14th conference, the court ordered defense counsel to select one defendant's attorney to ask general questions of each government witness and make any objections. Concerns were raised about the need to track which attorney made an objection given the number of attorneys. After clarifying questions from defense counsel, the court indicated that only the designated counsel asking general questions for all defendants would be allowed to make objections. In response to defense concerns, the court directed counsel to file a motion. This is that motion.

1

**The Need To Make Timely and Specific Objections**

Our adversarial trial system requires timely and specific trial objections. Timely means contemporaneous. *United States v. Gracia*, 522 F.3d 597, 599–600 (5th Cir. 2008). "The obvious purpose of timely and specific objections is to allow the district court to examine issues and correct possible errors prior to appeal." *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Preserved errors are reviewed under Federal Rule of Criminal Procedure 52(a): "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." But unpreserved error is reviewed is for plain error under Rule 52(b). Plain error is an onerous standard. To prevail on plain error review, a defendant must show (1) an error that was (2) "clear" or "obvious" and (3) affected the defendant's substantial rights of the defendant. If these three are established, the court may exercise discretion to correct a forfeited error, but only if the error "seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *see also United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). What's more, an unpreserved or forfeited error is extremely difficult to raise on habeas review. To raise a procedurally barred claim, a defendant must show both "cause" for the procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982). "This cause and actual prejudice standard presents 'a significantly higher hurdle' than the 'plain error' standard that we apply on direct appeal." *United States v. Shaid*, 937 F. 2d 228, 232 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 166). This is because a "collateral challenge may not do service for an appeal." *Frady*, 456 U.S. at 165. Additionally, this court's rules for Courtroom Decorum attached as Exhibit B to the court's scheduling order for trial, *see* Dkt. # 119, set forth clear

procedures for objections. Objections "must state only the legal grounds for the objection and must withhold further comment or argument unless elaboration is requested by the Court." *Id.* Ex. B (13). "The attorney stating objections, if any, during direct examination will be the attorney recognized for cross examination." *Id.* (9). This court also employees the one lawyer rule: "Only one attorney for each party may examine or cross examine each witness." *Id.*

**The Challenges With the Court's Procedure**

The court's trial objection procedure presents several practical impediments to use. First, there's a timing problem. As noted, an attorney must make a timely and specific objection. That is an objection contemporaneous with the asked objectionable question or offered exhibit. Communicating the desired objection to the designated counsel and having it made before the question is answered or the exhibit admitted will be a challenge given the number of defendants and seating arrangements. Conceivably, the court could require a pause after questions to allow this, but that seems impractical at best and a laborious delay at worst. Second, given the diversity of defendants, not all attorneys may have the same objections or want to object at all. The evidence that would be objectionable to one defendant might not be to another, or that defendant might not object for tactical reasons. Thus, designated counsel for a given witness might legitimately refuse to lodge an objection another defense counsel needs made. That defense counsel would then face the choice of forfeiting the error or disregarding the court's order. Third, defense counsel has the obligation to object:

> At every stage of representation, defense counsel should take steps necessary to make a clear and complete record for potential review. Such steps may include: filing motions, including motions for reconsideration, and exhibits; *making objections and placing explanations on the record*; requesting evidentiary hearings; re-

questing or objecting to jury instructions; and making offers of proof and proffers of excluded evidence.

Standard 4-1.5 Preserving the Record, Fourth Edition (2017) of the Criminal Justice Standards for the Defense Function (American Bar Association) (emphasis added), *available at* https://www.americanbar.org/groups/criminal_justice/resources/standards/defense-function/ (last visited January 26, 2026).

**The Proposed Procedure**

Ines Soto moves this Court to modify its order to allow any defense counsel to lodge an objection with the proviso that other defense counsel not make duplicate objections. That is once an objection is made one attorneys, do not also make it. *See United States v. Portillo*, 969 F.3d 144, 178 n.4 (5th Cir. 2020) ("[A] defendant's failure to object is 'excused' if his co-defendant objects, since an additional 'motion or objection would have been a useless formality.'" (quoting *United States v. Love*, 472 F.2d 490, 496 (5th Cir. 1973))). Additionally, as discussed at the January 14th conference, any defendant could opt out of any objection if the attorney desired to do so for legal or tactical reasons. Ines Soto believes this procedure will insure that all defendants can lodge any objection needed while avoiding duplication and preserving the ability to make any necessary legal or tactical decisions.

Respectfully submitted,

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis
1901 Central Dr. Suite 730
Bedford, TX 76021
817.868.9500

817.591.4701 (fax)<br>
Texas Bar No. 24029505<br>
lwd@leighwdavis.com

**Certificate of Conference**

On January 27, 2026, I discussed this motion and its requested relief with AUSA Shawn Smith who is handling this matter for the government. Mr. Smith indicated that the government took no position. I have also addressed this motion and its requested relief with defense counsel. No defense counsel opposes this motion.

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis

**Certificate of Service**

On January 27, 2026, I filed this motion with the court's ECF system which generated a receipt indicating filing of the motion and service of all attorneys of record.

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis