IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| VS. | § | NO. 4:25-CR-00259 (07) – P |
| | § | |
| ELIZBETH SOTO | § § | |

## MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO AN INSUFFICIENT WARRANT AND BRIEF IN SUPPORT

**TO THE HONORABLE MARK T. PITTMAN:**

   **COMES NOW ELIZABETH SOTO,** Defendant by and through her attorneys of record, Harmony Schuerman and Blake Burns, and respectfully moves this Honorable Court to suppress all evidence resulting from the illegal search of the Defendant's residence and vehicle as follows:

I.

   All physical evidence including, but not limited to, firearms, ammunition, printing devices, laptops, notes, cell phones, pamphlets, knives, identification documentation, radios, tablets, storage devices, seized on or about July 14, 2025, from the Defendant's vehicle, and the Defendant's residence on or about July 9, 2025 and again on or about September 15, 2025. The Defendant's vehicle was searched at or around 600 S. Parkway Dr., Alvarado TX 76009, by law enforcement officers of the Fort Worth Police Department and the Federal Bureau of Investigations. The Defendant's residence was located at or around 621 Cowden

Street, Fort Worth, Texas 76114 by the Houston Evidence Response Team (ERT), Dallas ERT and Oklahoma City ERT.

## II.

All photographs, digital still images and videotaped images taken of the physical evidence and the places or persons searched by law enforcement officers of the Fort Worth Police Department, the Federal Bureau of Investigations, the Houston Evidence Response Team (ERT), Dallas ERT and Oklahoma City ERT.

## III.

All testimony of any law enforcement officers, their agents, and all other persons working in connection with such officers and agents, as to the finding of any physical evidence at the scene of the illegal search challenged herein.

## IV.

The results of any and all scientific tests or procedures conducted on any item of physical evidence seized under the illegal search challenged herein.

## V.

All statements, either written or oral of the Defendant, any alleged co-conspirators, co-defendants or accomplices obtained as a result of the illegal search challenged herein.

## VI.

Any physical evidence or the testimony of any person discovered by law enforcement officers as a result of information gained through the illegal search of the Defendant challenged herein.

## VII.

In support of the Motion, the Defendant would show this Honorable Court that the evidence seized and obtained was the result of a search of the Defendant's residence and vehicle without a valid search warrant and without probable cause or

reasonable suspicion of criminal activity in violation of the Defendant's constitutional rights under the Fourth Amendment to the *United States Constitution*, Said search was not the result of a valid consent by the Defendant or any other exception to the Fourth Amendment's warrant requirement.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court set this Motion for a hearing prior to trial and that subsequent to said hearing this Honorable Court order all evidence seized as a result of said illegal search to be suppressed at trial.

## **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO AN INSUFFICIENT WARRANT**

COMES NOW, the Defendant, Elizabeth Soto, by and through her attorney of record, and submits this, her Brief in Support of Motion to Suppress Search Warrant, and would show the Honorable Court the following:

**STATEMENT OF FACTS**

On July 4, 2025, at approximately 10:37 PM Central Standard Time), multiple groups of individuals arrived at the Prairieland Detention Center in Alvarado, Texas in response to an online posting organizing a protest. Some protestors brought firearms and fireworks. Shortly after the protest began, one to two of the protestors engaged in gunfire with officers from Alvarado Police Department and all of the protestors fled the scene. Eventually all were apprehended.

Multiple vehicles were detained at or near the scene, including a 2003 Subaru Forester registered to this Defendant. The car was seized and subsequently

searched. Later, a search of the Defendant's house was executed on two different occasions.

The entirety of the sworn affidavit addressing the probable cause related to the Defendant's house reads as follows:

> "Based on my training and experience, I'm aware that those involved in planning calculated and coordinated acts of violence often will retain in their residences, and in rooms occupied by them, items and records related to such criminal conspiracy."

The language specifically addressed toward the probable cause to search the Defendant's car reads as follows:

> 14. The 2003 Silver Subaru Forester, TX license plate RMK7178 with VIN JF1SG63643G757363 (Attachment A-1) shows through TCIC/NCIC checks to be owned and registered to Elizabeth Andrea Soto at 5621 Cowden St., Fort Worth, TX 76114. The vehicle identified in Attachment A-1 was seized from the area of the Prairieland Detention Center and towed to the Alvarado Police Department storage lot, which is located at 600 South Parkway Drive, Alvarado, Texas and is located in the Northern District of Texas.

**AUTHORITIES AND ARGUMENT**

The Fourth Amendment requires that warrants be supported by probable cause shown, if at all, through a sworn affidavit submitted to a magistrate. "The information necessary to show probable cause must be contained within a written affidavit given under oath," and "[t]he affidavits must supply the magistrate with

sufficient information to determine that probable cause exists." *United States v. Brown*, 941 F.2d 1300, 1302–03 (5th Cir. 1991). If a warrant lacks such support, the resulting search violates the Fourth Amendment, and the evidence cannot be used against the accused. *United States v. Calandra*, 414 U.S. 338, 347 (1974). The "exclusionary rule" is designed to deter unlawful searches and seizures. *Id*.

Fifth Circuit and Supreme Court precedent require the affidavits to (1) particularly describe the place to be searched, and (2) establish a nexus between the location to be searched and the evidence sought. This nexus must be established through direct observation or through normal inferences as to where the articles sought would be located. *United States v. Payne*, 341 F.3d 393, 400 (5th Cir. 2003). The affidavit must establish "a fair probability that contraband or evidence of a crime will be found in a particular place."

Even if an affidavit does not establish probable cause, a search may still be justified if law enforcement was objectively reasonable and relied in good-faith upon the issuance search warrant. This good-faith rule, however, applies only if reliance on the warrant was itself reasonable. *United States v. Morton*, 46 F.4th 331, 336 (5th Cir. 2022). The Government cannot justify a search based on the good-faith exception if the warrant is only supported by a "bare-bones affidavit." *Id*. With regard to the application of this exception, the question for the Trial Court becomes "whether officers objectively could reasonably believe that there was such a nexus." *United States v. Norman*, 129 F.4th 874, 876 (5th Cir. 2025). The Court must assess: (1) whether probable cause supported the warrant, and (2) whether the good-faith exception to the exclusionary rule applies.

The factual scenario in this case is similar to a recent case, *United States v. Rickey Wilson*, in which the Fifth Circuit upheld a motion to suppress under *de novo* review. *United States v. Wilson*, No. 25-30105, WL 2490719 (5th Cir. Aug.

29, 2025). In *Wilson*, Mr. Wilson was observed at a Waffle House where he was confronted by other patrons for obnoxious behavior. *Id.* at p. 3. Mr. Wilson brandished a firearm before leaving the restaurant. *Id.* Due to prior contacts with law enforcement, a detective knew Mr. Wilson to frequent a certain apartment. *Id.* After observing Mr. Wilson's vehicle at that apartment, the detective secured a warrant to search the apartment for evidence related to the Waffle House incident. *Id.* Probable cause to arrest is not sufficient to establish probable cause to search. *Id.* at 8.

The Fifth Circuit held "[h]ere, the affidavit offered nothing—no observations, no inferences, no corroborated tips—linking the Waffle House incident to [Wilson's alleged apartment]. It described the building's appearance and labeled it 'Wilson's apartment,' noted that 'witnesses have confirmed seeing Wilson at the residence,' and leapt from residence to contraband with nothing more than the bald assertion that items 'related to' the Waffle House investigation were 'believed to be located' there. That was it. That is assertion without substantiation—ipse dixit in place of evidence. Not one fact—not even a conclusory allegation—tied the alleged assault to contraband inside [Wilson's alleged apartment]." *Id*. at p. 9.

"[T]he fact that there is probable cause to believe that a person has committed a crime does not automatically give the police probable cause to search his house for evidence of that crime." *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982).

In this case, the Government's search warrant affidavit for both searches of the Defendant's house were insufficient to support a finding of probable cause. (See Defendant's Exhibit 1). Furthermore, no officer acting upon them could objectively and reasonably believe that probable cause was supported. Assuming,

in arguendo there was probable cause to arrest the Defendant in Alvarado, that did not give them probable cause to search her house in Fort Worth. The affidavit does reference a post on Discord that drew the protestors to the Prairieland facility on the date in question, but in no way does it relate that post to the Defendant's house.

The language contained in the affidavit that authorized the search of the Defendant's house amounts to no more than "a hunch dressed in paperwork," which the Fifth Circuit has held insufficient to support a reasonable finding of probable cause. *Wilson*, No. 25-30105 at p. 3.

The affidavit provided to the magistrate to support the search warrant for the vehicle is also insufficient. (See Defendant's Exhibit 2). The fact that the Defendant's car was present near the facility, in and of itself, does not provide a nexus between the evidence alleged to be found within and the crime for which she was arrested. There were no personal observations from any witnesses cited in the Government's affidavit to indicate that any evidence would be discovered inside the car. There was no mention of the Defendant driving, concealing evidence, or successfully returning to the vehicle after the incident that led to her arrest.

All of the affidavits taken into account together do not even allege facts sufficient to support probable cause to believe the Defendant in this case committed a crime, much less that evidence of said crime would be concealed within her car. All of the co-actors cited in the affidavit maintained that they anticipated participating in a non-violent protest. No one observed the Defendant brandishing a firearm, fireworks, or encouraging others to do so. The affidavit makes vague assertions toward a group of people found wearing "military style" clothing in an attempt to imply the Defendant was wearing similar clothing to avoid identification. However, the affidavit contains no assertive accusation that she was actually observed wearing any of these things, nor did her appearance

imply she had just participated in committing a crime. The Government cannot hide behind vagueries attributed to multiple suspects to support the search of all suspects' property.

All evidence discovered as a fruit of this unlawful search should be suppressed.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **ELIZABETH SOTO** prays that an evidentiary hearing be held to consider this issue, and an order issue suppressing the illegally obtained evidence and any evidence discovered from said search warrant and for such other and further relief as this Honorable Court should deem just and proper.

Respectfully submitted;

/s/ Harmony M. Schuerman
State Bar No. 24062991
115 N. Henderson Street
Fort Worth, Texas 76102
harmony@hmscriminallaw.com
Phone: 817.406.8665

/s/ Blake Burns
Blake Burns
State Bar No. 24066989
115 N. Henderson Street
Fort Worth, Texas 76102
bburnslaw@gmail.com
Phone 817/870-1544
Fax 817-870-1589

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 27, 2026, I conferred with Shawn Smith, Assistant United States Attorney. He does object to the granting of this motion but does not object to the filing of this motion.

/s/ Blake Burns  
Blake Burns

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who have consented in writing to accept this notice as service of this document by electronic means: Shawn Smith, 801 Cherry Street, Fort Worth, Texas 76102.

/s/ Blake Burns  
Blake Burns