IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | NO. 4:25-CR-00259-P |
| CAMERON ARNOLD (01) AKA "AUTUMN HILL" | |

**PRETRIAL MOTION #3**
**MOTION TO EXCLUDE STATEMENTS OF CODEFENDANT MEAGAN MORRIS**
DEFENDANT HILL (1)

TO THE HONORABLE JUDGE MARK T. PITTMAN,
UNITED STATES DISTRICT JUDGE:

COMES NOW, Cameron Arnold a/k/a Autumn Hill (Defendant Hill) by and through her attorneys of record, Cody L. Cofer and James Luster, and hereby moves the Court to exclude the statements made by codefendant Bradford Morris a/k/a "Meagan Morris" that pertain to Defendant Hill. In support, Defendant Hill would show:

### I.   Conference with the Government

Pursuant to Local Criminal Rule 47.1, Counsel conferred with the attorney for the Government. The Government indicated "it will comply with the law." Further, the Government indicated that, "Specifically, the government will comply with Bruton as to Morris's post arrest statements. The government will not elicit statements made by Sikes, Kent, Thomas, or Sharp about Arnold or any other co-conspirator for that matter from any witness other than Sikes, Kent, Thomas, or Sharp at trial (unless you open the door)." Although Defendant does not doubt the Governments representation about the use of codefendant and coconspirator statements, the application of *Bruton* and *Crawford* may not prove to be so straight forward. "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to

the jury by any means." Fed. R. Evid. 103(d). Thus, Defendant seeks a pretrial ruling from the Court to protect Defendant's rights and streamline the parties' presentations at trial.

## II. The Statements Implicating *Bruton* and *Crawford*

The primary *Bruton* issues arises from statements made by codefendant Bradford Morris a/k/a "Meagan Morris." Morris was in a relationship with Defendant Hill for some time before the events of July 4, 2025. The investigative material provided by the Government indicates Morris was at Prairieland Detention Center (Prairieland) on July 4, 2025. Following Morris's arrest, Morris made several statements to law enforcement.

Morris said Defendant Hill lived with Morris at 56th Street and Defendant Hill rode in the car with Morris to Prairieland, along with Defendants Gibson and Song. Morris said upon arriving at Prairieland, Hill left her bulletproof vest and her rifle in Morris's van. Further, Morris said that she gave her cellphone to Defendant Hill when they left their home together. Morris said Defendant Hill placed the phone in a faraday bag and placed it in Defendant Hill's backpack. Authorities later attributed the backpack with Morris's phone to Defendant Gibson. Morris said she gave at least one radio to Defendant Hill. Morris claims an AR-15 rifle inside of Morris's van belonged to Defendant Hill. Morris said the rifle was gifted to Defendant Hill, but depending on the version of Morris's statement, Morris cannot recall where the rifle came from and could not give more details. The rifle was later traced to Defendant Song. The Government intends to use various chat conversations from the Signal application. Morris said the handle "Not Beating the Little Creature Allegations" found in some of the Signal chats belonged to Defendant Hill.

## III. The Applicable Law

In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant's confrontation clause rights are violated when a non-testifying codefendant's putative confession naming the defendant as a participant in the alleged crime is introduced at their

joint trial for use against the codefendant, even if the jury is instructed not to consider the putative confession against the defendant. *See also Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987) (stating the rule).

The United States Supreme Court decided *Crawford v. Washington*, 541 U.S. 36 (2004) after *Bruton* and radically revamped the analysis that applies to confrontation clause objections. *Crawford* overruled the constitutional framework underpinning many older *Bruton* cases which held that the confrontation clause did not bar admission of statements that were particularly reliable or fell within a hearsay exception. In parsing *Bruton* objections, the court should evaluate the applicability of the confrontation clause to a challenged statement by assessing whether the statement is testimonial and offered for its truth, as now required by *Crawford*, rather than whether it is reliable or falls within a hearsay exception (i.e., Federal Rule of Evidence 801(d)(2)(E)).

A statement that is facially inculpatory (e.g.,"the defendant helped me commit the crime") clearly incriminates the defendant. *Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (describing such a statement as "vivid[ly]" incriminating). The facially inculpatory statement need not refer to the defendant by proper name to be incriminatory; the United States Supreme Court has recognized that use of nicknames and specific descriptions ("red-haired, bearded, one-eyed man–with-a-limp") fall within *Bruton*. *Gray v. Maryland*, 523 U.S. 185, 195 (1998).

In some instances, a district court may admit a codefendant's confession if the judge gives an adequate limiting instruction and the confession is effectively redacted to remove any connection to the defendant. *Samia v. United States*, 599 U.S. 635, 652 (2023) (synthesizing the Supreme Court's precedent and so describing the *Bruton* rule; holding that admission of DEA agent's testimony recounting content of codefendant's confession was proper when agent used descriptor "the other person [the codefendant] was with" rather than identifying the defendant as was done in the confession); *Richardson*, 481 U.S. 200 (admission of a confession was proper

when it was redacted to omit all reference to the defendant but the defendant was nonetheless linked to the confession by evidence properly admitted against him at trial).

However, adequately redacting a statement may be a difficult or impossible. A statement is sufficiently redacted if it eliminates all specific identification of the defendant, such as his or her proper name or nickname, as well as all references to his or her existence. *Richardson*, 481 U.S. at 211. As a categorical rule, merely replacing the defendant's name with a blank space or the word "deleted" is not a sufficient redaction. *Gray* 523 U.S. at 192-97. This approach is deficient because such an obvious modification essentially refers directly to the non-confessing defendant. *Gray*, 523 U.S. at 192-97 ("[C]onsidered as a class, redactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to *Bruton*'s unredacted confessions as to warrant the same legal results."); *Samia*, 599 U.S. 635, 647 ("[C]ertain obviously redacted confessions might be 'directly accusatory,' and thus fall within *Bruton*'s rule, even if they [do] not specifically use a defendant's name.").

[*Remainder of this page is intentionally left blank.*]

## IV. Conclusion & Prayer

Wherefore, Defendant Hill respectfully requests the Court order the exclusion of Morris's statements and grant such other relief to which Defendant Hill may be entitled.

Respectfully submitted by,

/s/Cody L. Cofer
Cody L. Cofer
TX SBN: 24066643

/s/James Luster
James Luster
TX SBN: 24061994

COFER LUSTER LAW FIRM, PC
604 E. 4th Street, Suite 101
Fort Worth, Texas 76102
Phone: 682-777-3336
Fax: 682-238-5577
Email: ccofer@coferluster.com
Attorney for Cameron Arnold a.k.a. Autumn Hill

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I electronically served the Government's attorney a copy of this pleading.

/s/Cody L. Cofer
Cody L. Cofer

## CERTIFICATE OF CONFERENCE

On January 27, 2026, I conferred with counsel for the Government, Shawn Smith, and the attorney for Morris. The Government's response was, "[T]he government has said it will comply with the law," and as further reflected in the body of this pleading. Morris's attorney does not object.

/s/Cody L. Cofer
Cody L. Cofer