IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| CAMERON ARNOLD | § | |
| a/k/a "Autumn Hill" | § | |
| ZACHARY EVETTS | § | NO. 4:25-CR-259-P |
| BENJAMIN SONG | § | |
| SAVANNA BATTEN BRADFORD | § | |
| MORRIS | § | |
| a/k/a "Meagan Morris" | § | |
| MARICELA RUEDA | § | |
| ELIZABETH SOTO | § | |
| INES SOTO | § | |
| DANIEL ROLANDO | § | |
| SANCHEZ-ESTRADA | § | |

**SAVANNA BATTEN'S RESPONSE TO GOVERNMENT'S OBJECTION TO DEFENSE NOTICE OF DESIGNATION OF EXPERT WITNESSES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Savanna Batten respectfully files this Response to the Government's Objection to Defendant's Notice of Expert Testimony and would show the Court as follows:

The Government appears to object on two grounds: (1) that the Notice fails to provide a complete statement of the opinions the Defendant will elicit and the bases and reasons for those opinions; and (2) that Defendant has not produced expert reports or "any reciprocal discovery." (Dkt. 236).

I.   **Supplementation with Expert Reports**

Out of an abundance of caution, and to ensure full compliance with Federal Rule of Criminal Procedure 16(b)(1)(C) and Federal Rules of Evidence 702–705, Defendant will amend and supplement her expert disclosure, to include written expert reports for Dr. Max Krochmal and Dr. Jonathan Pinckney on or before **Monday, February 16, 2026, at 5:00 p.m.**

Those reports will contain a complete statement of all opinions the Defendant intends

to elicit in her case-in-chief, along with the bases and reasons for those opinions, consistent with FRCP 16(b)(1)(C)(iii). The reports will further set forth the experts' methodologies, the scholarly literature and empirical research upon which they rely, and the analytical frameworks that inform their testimony.

Accordingly, the Government's objection that the Notice "fails to provide a complete statement of the opinions" and their bases will be rendered moot upon service of the supplemental reports. Defendant has acted in good faith and within the governing rules and now provides additional clarification to avoid unnecessary motion practice.

## II. "Reciprocal Discovery"

The Government further asserts that Defendant has not produced "expert reports, or any reciprocal discovery for that matter." (Dkt. 236) The phrase "reciprocal discovery" is not defined in the Government's objection or elaborated on and Counsel is unclear as to what specific materials the Government contends have not been provided. FRCP 16(b)(1)(C), governs expert disclosures by a defendant and requires a summary of testimony, including opinions, bases, qualifications, and prior testimony. It does not require production of raw research files, academic archives, or materials equally available to the Government in the public domain. To the extent the Government seeks clarification as to any specific category of material contemplated by Rule 16, Ms. Batten respectfully requests that it identify with specificity what additional discovery it believes is outstanding. Ms. Batten has already provided the curriculum vitae for each designated expert, which includes detailed qualifications, publications within the last ten years, and professional history. (Dkt. 225)

Those CVs contain comprehensive lists of peer-reviewed books, journal articles, book chapters, reports, datasets, and scholarly projects. These materials are publicly accessible through academic databases, publishers, and institutional repositories and are equally available to the Government should it choose to review them.

The forthcoming expert reports will further specify the materials actually relied upon in forming the opinions to be offered at trial. If the Government seeks production of any particular document relied upon that is not publicly available, Defendant will evaluate such request in good faith consistent with Rule 16.

## III. No Prejudice to the Government

There is no prejudice to the Government. The Government will have the requested information in ample time prior to the respective witness's testimony as the Government will receive detailed, signed expert reports by February 16, 2026—prior to Ms. Batten's case-in-chief. This supplementation ensures compliance with Rule 16 and provides the Government ample opportunity to prepare cross-examination.

The defense experts' qualifications and areas of anticipated testimony were clearly disclosed in the original Notice of Expert Designation. The forthcoming reports merely expand upon what has already been outlined.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court deny the Government's objection as moot in light of the forthcoming supplementation, or in the alternative, deem the supplementation sufficient to satisfy Rule 16(b)(1)(C).

Respectfully submitted,

Christopher L. Tolbert, Esq.
TOLBERT & ASSOCIATES, PLLC
511 E. John W. Carpenter Fwy, Suite 500
Las Colinas, Texas 75062
817.380.8008 (Office)
844.274.2141 (Fax)

By: _____

## Certificate of Service

I hereby certify that a true copy of the above was sent to the following below by electronic filing through the PACER system on (insert date).

Frank L. Gatto
Assistant United States Attorney

Shawn Smith
Assistant United States Attorney

Matthew Cappocia
Assistant United States Attorney

_____
CHRISTOPHER L. TOLBERT