IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO.: 4:25-cr-00259-P |
| | § | |
| ZACHARY EVETTS (2) | § | |

### RESPONSE TO GOVERNMENT'S OBJECTION UNDER FRE 704 TO DEFENDANT EVETTS'S NOTICE OF EXPERT TESTIMONY BY FORENSIC PSYCHOLOGIST DR. ANNE SPECKHARD

The government has filed an objection (ECF 241) to Defendant Evetts's Notice of Expert Designation of Dr. Anne Speckhard as an expert in forensic psychology and counter terrorism (ECF 223). The government's objection concerns only three statements contained in Dr. Speckard's report on this case (ECF 223-3). The government's objections to each of the three statements are identical; the government states that each of the three statements is an expression of the one type of opinion that F.R.E. 704 expressly forbids. These three statements, according to the government, directly speak to the defendant's mental state or condition that constitutes an element of one or more charged offenses in this case.

The government's objection is inapt, and its argument takes these partial quotes out of context, which changes the meaning and focus of what Dr. Speckhard wrote. The three partial quotes come from three sentences that are in the context of rebutting claims by the government-designated expert, Dr. Kyle Shideler, that Defendant Evetts and other defendants in this case were members of a terrorist organization called Antifa. In the context of Dr. Speckhard's report, the three portions in three statements to which the government objects are focused on rebutting the government-designated expert's theory that the defendants were in a terrorist organization.

The first partial quote in the government's objection is in this context:

"Mr. Shideler does not establish that any defendant belonged to an Antifa

> organization, received orders, or possessed a clear intent to commit or conspired to commit coordinated acts of violence. He presents no evidence of a chain of command, communications directing violence, fundraising mechanisms, or centralized operational planning.
>
> To the contrary, evidence in this case reflects group communications among ideologically aligned individuals who openly disagreed on multiple issues, rejected centralized leadership, and explicitly discussed making independent decisions, including a shared determination not to bring firearms to the protest. The shooting itself appears to have been an impulsive act carried out by a single individual, potentially in response to police presence, which directly contradicts Mr. Shideler's assertion that the events reflect a coordinated, paramilitary organizational structure."

ECF. 223-3, pg. 18.

So, Dr. Speckhard's reference to the government's discovery giving evidence that the shooting was on impulse, i.e., not planned, is directly germane to her critique of Mr. Shideler's theory that the defendants were part of a terrorist organization.

Likewise, the second partial quote addressed in the government's objection is seen in this context:

> "Available evidence establishes that the shooting was not premeditated or coordinated and may have occurred as an impulsive response to aggressive police action by a single individual, rather than as part of a planned or directed attack. Objective evidence demonstrates that no other defendant agreed to engage in violence or participated in a plan to use firearms or inflict harm on law enforcement. Objective evidence further demonstrates that removing outer clothing while fleeing an active and chaotic shooting scene—particularly under extreme heat conditions— is not, by itself, evidence of intentional "de-blocing" or an effort to evade identification through coordinated tactics."

ECF. 223-3, pg. 20.

Thus, Dr. Speckhard references evidence of planning, or lack thereof, in her mention of the lack of evidence of premeditation. She is addressing the basis of an opinion that government counsel has given notice of an opinion that their expert will give.

The third and final partial quote appears in this context:

"Available evidence establishes that the defendants prepared for a noise

>demonstration involving fireworks, which they discussed in advance as a very low-risk event. Notably, even Mr. Shideler characterizes the anticipated protest activity as "low risk," undermining claims of planned violent escalation."

ECF. 223-3, pg. 20.

As this larger quote shows, Dr. Speckhard is offering a counterargument to Mr. Shideler's position that the use of fireworks at a noise demonstration was not, on the evidence, indicative of a planned violent action by an organized group.

F.R.E. 704 does give broad latitude to an expert recognized by the Court to give opinions proper to the expert's field of expertise, but government counsel are correct that an expert is not permitted to opine "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." As the discussion above shows, Dr. Speckhard is not giving a psychologist's opinion on the mental state of a particular person, and certainly not on Defendant Evetts. Rather, her focus, in all of the above statements, is upon whether the evidence supports, or refutes, the government-designated expert Mr. Shideler's theory that the defendants were acting as members of a domestic terrorist organization. As the Court's instructions will state, the members of the jury are advised that they need not subscribe to the expert's view of the facts or her opinions derived from those facts.

Respectfully Submitted,

/s/ Patrick J. McLain
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75204
Telephone: (214) 416-9100
patrick@patrickjmclain.com

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above and foregoing Reply was delivered via electronic mail and filing to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 11 February 2026.

                                    */s/ Patrick J. McLain*
                                    Patrick J. McLain