UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

No. 4:25-cr-00259-P

**CAMERON ARNOLD (01),**
**ZACHARY EVETTS (02),**
**BENJAMIN HAMIL SONG (03),**
**SAVANNA BATTEN (04),**
**MEAGAN MORRIS (05),**
**MARCELA RUEDA (06),**
**ELIZABETH SOTO (07),**
**INES SOTO (08),**
**DANIEL ROLANDO**
**SANCHEZ ESTRADA (09),**

Defendants.

## ORDER

Before the Court is Ines Soto's Motion for Jury Questionnaire. ECF No. 213. The Court hereby **ORDERS** that the Motion is **DENIED.**

Because the Court finds it important to "observe [the] demeanor" of jurors and "how a person says something" in this case, the Court decides that voir dire should be conducted orally only. *United States v. Jackson* 863 F. Supp. 1449, 1459 (D. Kan. 1994). The Court is also mindful that "additional time to reflect over questions [does not] necessarily mean more accurate and truthful answers." *Id.* While "pretrial publicity" is a factor to consider, "[t]he court, however, believes it unlikely that [this area] of inquiry … cannot be adequately handled through standard oral voir dire procedures." *Id.*

That is to say, the benefits of the proposed questionnaire do not "justify the costs" of time and expense. *Equal Emp. Opportunity Comm'n v. Jetstream Ground Servs., Inc.*, No. 13-cv-02340-CMA-KMT, 2016 WL

1110512, at *3 (D. Col. Mar. 22, 2016). "[A]lthough the proposed questionnaire could 'flag' particular, potentially biased jurors for the attorneys, it is highly unlikely that any juror would provide the level of detail necessary in his or her responses for a party to make an adequate challenge for cause based on the questionnaire alone." *Id.* And while there may be "legitimate concerns about whether jurors will be forthright in discussing the sensitive issues implicated here, [the Court] finds that its standard oral *voir dire* procedures … adequate to address these concerns and to reasonably assure that prejudice, if present [is] discovered." *Id.* (cleaned up); *see United States v. Saimiento-Rozo¸* 676 F.2d 146, 148 (5th Cir. 1982) ("The standard for evaluating the court's exercise of discretion is whether the means employed to test impartiality have created a reasonable assurance that prejudice would be discovered if present.").

"The conduct and content of voir dire are matters entrusted to the trial court's broad discretion." *Id.* (citing *United States v. Maldonado-Rivera*, 922 F.2d 934, 970 (2d. Cir. 1990), *cert. denied*, 501 U.S. 1233 (1991)); *see Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981) ("Despite its importance, the adequacy of voir dire is not easily subject to appellate review. The trial judge's function at this point in the trial is not unlike that of the jurors later in the trial."). Accordingly, the Court in its discretion will not permit the use of a jury questionnaire for the aforementioned reasons.

**SO ORDERED** on this **13th day of February 2026.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE