IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CAUSE NO.: 4:25-cr-00259-P |
| ZACHARY EVETTS (02) | § § | |

**MOTION TO AMEND PRETRIAL ORDER LIMITING TIME FOR OPENING STATEMENTS AND CLOSING ARGUMENTS (ECF 265)**

Defendant Zachary Evetts, joined by counsel for the other eight defendants in this cause of action, respectfully moves this Court to amend its order (ECF 265) limiting time for opening statements and closing arguments by defense counsel and to amend section (1)(b) to allow three hours for the defendants' opening statements (twenty (20) minutes per defendant); and to amend section (1)(d) to allow four hours and thirty minutes for the defendants' closing arguments (thirty (30) minutes per defendant).

**I.**

While federal district judges enjoy broad judicial discretion to impose reasonable time limits on opening statements and closing arguments, this Court's existing order, ECF 265, allows each of the nine co-defendants the Government has joined into a single trial under seven minutes for an opening statement for their respective client, and less than nine minutes for closing arguments germane to their client. This Court has declared this case a complex case. ECF 102. In its order granting the motion, the Court noted the "voluminous discovery, the number of conspirators involved in the case, and [at that time] the possibility of the existence of relevant classified information." ECF 102, p. 1. The Court also noted that the case is "unusual and complex," to the extent that it could not reasonably occur within the temporal strictures of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). *Id*. In the months which followed, the case has

only become more complex by multiple orders of magnitude, with seven of the co-defendants and most of the discovery added since ECF 102 was issued.

The Court reaffirmed its sense of the complexity of the trial at the status conference of 14 January 2026, in which it stated to counsel for Defendant Benjamin Song, "I have some special concerns on this one, given the number of defendants and the complexity and everything else." Transcript of Status Conference, p. 55, ln. 22. In a colloquy between the Court and counsel for Defendant Cameron Arnold, the following exchange took place in light of the recognized complexity of this case:

> MR COFER: . . . The Court's mentioned several times the complexity of this case and I think it will go on probably two to three weeks. I don't know if they have the capacity for this, but in a complex case daily transcripts can be helpful.
> THE COURT: Yeah. Unfortunately we can't. Monica doesn't have the capacity for it. I'm sorry.
> MR. COFER: Thank you, Your Honor.
> THE COURT: Yeah. And I admit it would be helpful, we just don't have the ability.

*Id.*, p. 35, ln. 23 et seq.

All ten parties now agree, and the Court has explicitly ruled, that this case is a complex one, and the Court's concerns about judicial economy are well-taken. When balancing judicial economy and the workload of the U.S. District Court for the Northern District of Texas against the Constitutional rights of Mr. Evetts and the other defendants, we respectfully urge the Court to consider the following and permit a modest increase in the amount of time allotted for opening statements and closing arguments.

## II.

### A. The Sixth Amendment Right to Counsel Entails the Right to the Effective Assistance of That Counsel and Counsel Strategies Will Vary

The law set out in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), citing *McMann v.*

*Richardson*, 397 U.S. 759, 771, n.14 (1970), remains the guiding principle in requests for time to adequately present a defense. That the Sixth Amendment Right to Counsel entails the right to effective assistance is beyond reasonable debate. What is also clear from several meetings of the defense counsel for the nine defendants is that they do not have similar interests, indeed even have conflicting interests, since the nine defendants have different views of the evidence, trial strategy, and theory of the case. While the meetings have been cordial and collegial, and counsel agreed on matters of logistics and time-sharing to the extent possible, counsel for each defendant sees and recognizes that their trial strategies may work to the detriment of at least one other defendant.

### B. Excessive Brevity as to the Time Allotted for Opening Statements and Closing Arguments Renders Counsel Ineffective, Resulting in the Denial of the Sixth Amendment Right to Counsel

The right to effective assistance of counsel extends to closing arguments, *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003), and the Fifth Circuit has addressed the issue of time limitations in closing arguments. In denying relief to a defendant who had objected that his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel were violated when he was given fourteen minutes to present a closing argument, *United States v. Okoronkwo*, 46 F.3d 426, 437 (5th Cir. 1995), cert. denied, 116 S. Ct. 107 (1996), the Court explored the district court's use of its discretion in allocating 60 minutes of time for closing argument to the five defendants in the case collectively. *Id*. at 436.

The Fifth Circuit surveyed cases in which it had upheld time limits of 10 minutes, *United States v. Move*, 951 F.2d 59, 63 (5th Cir. 1992), and 22 minutes, *United States v. Leal*, 30 F.3d 577, 586 (5th Cir. 1994), but observed that, "[h]owever, in a case such as this involving multiple defendants charged on multiple counts in a complicated conspiracy, we must carefully examine

whether the time allotted was adequate in light of the complexity of the case and not rely upon a cursory comparison of time limitations that we have upheld in other cases." *Okoronkwo*, at 437.

Though it ultimately found no abuse of discretion by the district court under the circumstances (noting that in that case "none of the defendants . . . had seriously challenged the existence of the conspiracy or the falsity of the returns," *Id*.), it nevertheless warned:

> While we conclude that in this case Eke was given adequate time, we do not wish to underestimate the value of closing argument, as it is the last impression a defendant makes upon the jury. *We want to make it clear that in multiple-count, multiple-defendant criminal cases tried en masse, especially those involving complex factual scenarios, trial courts should be mindful that each defendant should be given adequate time in closing argument to mete out the evidence and issues particular to that defendant and individualize his/her defense to the jury. Id*. (emphasis added).

Defendant Evetts will challenge both the existence of a criminal conspiracy and the accuracy of the government witnesses' description of events in a way that is likely to differ not only from the argument of government counsel but also from the argument of defense counsel for one or more of the other defendants.

While judges do have discretion to impose reasonable time limits on closing argument, the Fifth Circuit has observed the duties of both the trial court and counsel regarding their propriety. It has noted that reversal may be warranted if closing argument is "unreasonably curtailed." *United States v. Bernes*, 602 F.2d. 716, 722 (5th Cir. 1979), citing *Butler v. United States*, 317 F.2d 249, 257 (8th Cir. 1963). In upholding the time limitation in that case, the court spoke to the effort made by the trial judge, as well as the failure of trial defense counsel to timely object:

> Here, however, the record is replete with evidence of the district judge's sensitivity to the demands of the case at trial. The judge asked both sides how much time they required for closing and listened to discussion on the point. In recognition of the complexity of the suit, the judge extended the time available for closing argument

beyond the amount he normally permitted. Moreover, during the course of the argument itself, the district judge allowed defense counsel to exceed the preestablished time limit. It is also significant that appellant's attorneys did not formally request additional time at the close of their argument, but waited until after the jury had retired to raise the issue.

In imposing time limits a week before on the presentation of Mr. Evetts's case, this Court did not have the benefit of a discussion of the individualized needs of the defendants. Mr. Evetts's counsel has been preparing for months to deliver opening statements and closing arguments to effectively represent Mr. Evetts. In an effort to get these two essential parts of Defendant Evetts' defense to under seven and under nine minutes respectively, defense counsel aver that they will not be able to address to the jury the essential introduction to the case, and evaluation of the case, reasonably needed to carry out effective assistance of counsel.

Nine minutes is insufficient to deliver an effective closing argument under the specific circumstances of this case, as we are required to address ten counts of the indictment that apply to Mr. Evetts, on three of which he faces the potential of life imprisonment. To be effective, we must address the many reasonable doubts as to each element of each Count that we expect will be seen in the evidence. Thirty minutes, while calling for tight discipline and editing, appears to be sufficient for an adequate summation of evidence, as twenty minutes is sufficient to give a preview of the evidence of the case unique to Defendant Evetts.

### C. The Court Can Impose Reasonable Limits on Repetitiveness and Waste of Time Without Unduly Limiting Overall Time for Counsel to Competently Advocate for the Specific Interests of Their Clients

Nothing in this Motion seeks to override the court's inherent authority to control the courtroom and keep the trial moving forward in an orderly manner. If counsel representing any of the ten parties are being repetitive, redundant, or otherwise wasting time in their opening statements or closing arguments, the Court has the ability to correct such conduct on the spot.

However, there will be more than ample material to fill three hours of opening statements and four and a half hours of closing arguments without doing so, and since this adds under five hours to the potential length of trial, it does not even add a full day to the proceedings.

### D. The Government's Indictment Has Already Significantly Mitigated the Impact Upon the Northern District's Overall Workload

In addressing any concerns of the impact of this request to the operational workload of this Court, we ask the Court to consider the time already saved via the Government's own charging decision. The Government chose to indict, and join, nine separate co-defendants to this case, thus avoiding nine separate jury trials. While perhaps done for the benefit of the Government, it is equally a boon for this Court. Though logistics are more complicated, joinder of these disparate defendants has already permitted a reduction of time that would otherwise be taken up from the Court's docket for multiple trials.

When viewed from that perspective (a nine to one reduction in jury trials on the overall docket arising from this incident), it brings into sharp focus the reasonableness of the relief requested in this motion. Rather than viewing the requested relief as an unwarranted expansion of trial time that will make things difficult on the Northern District to any measurable extent, the Court can instead promote the ends of justice by viewing it as a reasonable allotment of time to allow effective assistance of counsel for defendants with different positions on the evidence and theory of the case, under five hours of additional time.

### E. The Government's Indictment, Conversely, Has Unreasonably Aggravated the Impact Upon Each and All of the Nine Co-Defendants

As a result of its charging decision and the Court's Order in ECF 265, the government already enjoys a significant tactical advantage in this trial. Per the Order, the Government can lay out its case in plenty of time, in a measured and relaxed cadence if it chooses, both in

opening statement and in closing argument. In stark contrast, each individual defendant is in the position of having approximately 1/9 the time enjoyed by the government.

In contrast, counsel for Mr. Evetts and each co-defendant is faced with a dilemma: counsel may try to speak so rapidly that communicative effectiveness is lost, or may resign to being unable to lay out the specific facts, theory of the case, and disparate charges most germane to their client. In either case, a thorough and cogent presentation of the reasonable doubts as to each element of each offense charged will be beyond fair possibility. For instance, Mr. Evetts faces ten counts consisting of 37 total elements, meaning his counsel has less than one minute to address each count and less than 15 seconds to address each element.

To protect Mr. Evetts's rights in this trial, under the time limits currently imposed in ECF 265, it will be necessary for counsel to stop at the allotted time and ask the Court for sufficient additional time to cover anything not yet covered, and if denied, counsel must make an offer of proof for appellate review of every fact and argument thereon that counsel believes was necessary to cover but was barred by the Court from doing so. To the extent the Court might grant additional time before such an offer of proof, it would be manifestly unfair to the remaining co-defendants to rob from their time to the benefit of the counsel granted additional time. Since there is no way of knowing, at this point, if this Court would grant such additional time, it is well-nigh impossible to structure opening statement or closing argument in a way to accommodate both possibilities, either a grant or a denial of additional time.

This relief requested herein will allow Defendant Evetts' constitutional rights to effective assistance of counsel and to present a defense, but it will also uphold the United States's interest in seeing that justice shall be done. *Berger v. United States*, 295 U.S. 78, 88 (1935).

**F. The Court's Current Order is Unfair to the Jury as a Whole, and to Each Individual**

**Juror Seeking to Follow His or Her Oath**

Our jury collectively, and each juror individually, have a right to go home knowing they served on a jury that followed the law and their oaths to well and truly try the matters in issue and render a true verdict according to the law and the evidence. They are already faced with a very unusual burden in this case, to grapple with evidence pertaining to some of the nine co-defendants but not others, to process the testimony of what we are told will be more than sixty government witnesses and hundreds of government exhibits, assess Counts in the indictment that apply to some defendants and not others, and to keep all of that information straight in real time as they absorb witness after witness, exhibit upon exhibit. Even with extensive juror note-taking, which Defendant Evetts hopes the Court will strongly encourage, this is a huge task.

If the relief requested herein is not granted, the jury will *not* have the grounding of competently delivered opening statements by each defense counsel as it pertains to their client, to help guide the jurors' understanding of the evidence they will see – *except from the Government alone*. They will not hear a cogent, measured, and persuasive closing argument that accounts for the disparate facts and theories of reasonable doubt as to each co-defendant and as to each relevant count – *except from the Government alone*.

From the nine co-defendants they will instead see truncated presentations, each ending conspicuously more quickly than what they had heard from the Government. The message will be that whatever was uttered by counsel for each of these co-defendants is of less importance than what Government counsel has to say, regardless of what they may otherwise be told about the Government's high standard of proof, its sole assignment of the burden of proof, and the presumption of innocence. Whether they think such disparity is supported by the Court or conceded by each defendant, it will artificially undermine the weight given to Defendant Evetts's

case and each defendant's case.

A verdict rendered with that mindset cannot help but be skewed by it, whether consciously or subconsciously.  No administrative concern for judicial economy or efficiency, however compelling it may seem, should be elevated above the jury's right to get it right.  They have every right to a thorough, if well-edited, presentation as each defendant has a right to effective assistance of counsel.

### III.

The reasonable relief requested herein will greatly ease, if not eliminate, all of the above concerns.  It will vindicate not only Defendant Evetts' Constitutional rights to counsel and to present a defense, but also the United States's interest in seeing that justice shall be done, Granting this Motion as to all co-defendants would mean about two additional hours for opening statements and three additional hours for closing arguments.  The government will still have its significant comparative time advantage that is not unreasonable given its burden as to each of the nine co-defendants.  For opening, they will retain 40 minutes compared to no more than 20 minutes per each individual they charged.  For closing, they still retain twice the time as any of the co-defendants, one hour vice thirty minutes.

To address all of the concerns above, the total impact on this complex-designated, multi-week trial will be a total of five hours.  No more than that.  We respectfully urge no less.

His equal portion of those five hours is all Mr. Evetts asks for himself.  This Motion asks for it overall in fairness for the others charged in this case, at least to the extent they may join in this Motion.

WHEREFORE, Mr. Evetts respectfully asks that this Motion be granted by amending Subsection (1)(b) of the subject order to allow three hours for the defendants' opening statements

(twenty (20) minutes per defendant); and to amend subsection (d) to allow four hours and thirty minutes for the defendants' closing arguments (thirty (30) minutes per defendant).

                                                Respectfully Submitted,

                                                */s/ Patrick J. McLain*
                                                Patrick J. McLain
                                                Attorney for Zachary Evetts
                                                Texas State Bar Number: 13737480
                                                900 Jackson Street, Suite 640
                                                Dallas, Texas 75204
                                                Telephone: (214) 416-9100
                                                patrick@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

Counsel for the government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Evetts on this motion on 16 February 2026, and he stated that the government takes no position on this motion. Counsel for each defendant communicated with counsel for Defendant Evetts on this motion and stated each joined the motion or takes no position on this motion.

                                                */s/ Patrick J. McLain*
                                                Patrick J. McLain

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, on 16 February 2026.

                                                */s/ Patrick J. McLain*
                                                Patrick J. McLain