IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 4:25-CR-259-P |
| CAMERON ARNOLD, et al | |

GOVERNMENT'S MOTION FOR
ADDITIONAL PEREMPTORY CHALLENGES

The government respectfully asks the Court for five additional peremptory challenges, which would increase the government's peremptory challenges from six to 11. *See United States v. Scott*, 555 F.2d 522, 533 (5th Cir. 1977) (four defendants were allowed 12 total peremptory challenges and the Government allowed seven); Fed.R.Crim.P. 24(b), Advisory Committee Notes, 2002 Amendments. Currently, the Court, exercising its discretion, has provided 18 peremptory challenges to the defendants, allowing them to exercise these peremptory challenges jointly, or to divide them up as they wish. The Court has not granted the government any additional peremptory challenges. *See United States v. Fredeman*, 641 F.Supp. 655, 656 (E.D.Tex. 1986) (Hall, J.) (recognizing, "It is apparently common practice to require the defense to consent to an increase in government peremptory challenges in return for an increase in the number of defense strikes.").

Under Federal Criminal Rule 24(b)(2), when a defendant or defendants are charged with a felony offense, the "government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges . . . ." This is the default

standard. Thus, under the default rule, the government has 60% of the number of peremptory challenges that a defendant has, and if all 16 challenges were exercised by the government and the defendant, then a defendant would have the ability to exercise 62.5% of the total 16 challenges.

Rule 24 does give the Court discretion to give "additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed.R.Crim.P. 24(b); *United States v. Bently* 503 F.2d 957, 958 (5th Cir. 1974) ("The number of peremptory challenges afforded a defendant is governed by . . . Rule 24(b) and the discretion of the judge."). Rule 24, however, is silent on whether the Court may also grant additional peremptory challenges to the government. But while Rule 24 is silent on this, the Advisory Committee Notes indicate that the Rule's silence was not meant to be interpreted as to deny the Court the discretion to give the government additional challenges. The Committee Notes on Rules—2002 Amendment provides,

> Finally, the rule authorizes the court in multi-defendant cases to grant additional peremptory challenges to the defendants. If the court does so, **the prosecution may request additional challenges in a multi-defendant case, not to exceed the total number available to the defendants jointly**. The court, however, is not required to equalize the number of challenges where additional challenges are granted to the defendant.

(Emphasis added.) Thus, it appears the only limit on the Court's discretion to give the government and defendants additional peremptory challenges is the government's additional peremptory challenges are "not to exceed the total number available to the defendants jointly." *Id.*; *see also Scott*, 555 F.2d at 533.

The Supreme Court, in analyzing the impartial jury requirement and peremptory challenges, has long indicated that the rights of the prosecution and the accused must be at least equal. *See Georgia v. McCollum*, 505 U.S. 42, 47 n.4 (1992) ("'Our criminal justice system requires not only freedom from any bias against the accused, but also from any prejudice against his prosecution. Between him and the state the scales are to be evenly held.'") (Quoting J. Marshall's concurring opinion in *Batson v. Kentucky*, 476 U.S. 79, 126 (1986)). And the Supreme Court has long recognized the important role peremptory challenges play for both the prosecution and defendants in achieving an impartial jury. *Holland v. Illinois*, 493 U.S. 474, 481 (1990) (recognizing the importance of allowing each side, "once a fair hand is dealt," to "use peremptory challenges to eliminate prospective jurors belonging to groups it believes would unduly favor the other side"). The Court traced the "tradition of peremptory challenges for both the prosecution and the accused" from "the time of Blackstone," observed the tradition was codified "in a federal statute enacted by the same Congress that proposed the Bill of Rights," was recognized in a Justice Story opinion "to be part of the common law of the United States" (*see United States v. Marchant*, 12 Wheat. 480, 483-484 (1827)), and acknowledged it "has endured through two centuries in all the States." *Id.* Thus, the Court concluded, the "constitutional phrase 'impartial jury' must surely take its content from this unbroken tradition." *Id.*

Recognizing the important role peremptory challenges play in "assuring the selection of a qualified and unbiased jury," by "enabling each side to exclude those jurors it believes will be most partial toward the other side" as "a means of eliminating extremes of partiality on both sides," the government respectfully asks the Court to exercise its discretion and increase the government's total number of peremptory challenges from six to 11. *See Holland*, 493 U.S. at 484. The Court has already indicated that the next venire panel may be around 120 people. Due to this increased size of the venire panel and the defendants' being allowed to exercise up to 18 peremptory challenges, this increase for the government is necessary to ensure the selection of a qualified, impartial, and unbiased jury. Moreover, increasing the government's peremptory challenges from six to 11 will not disturb the ratio of peremptory challenges currently set as the default in Rule 24. As mentioned before, the default under Rule 24(b)(2) is the government gets six peremptory challenges to a defendant's 10. That means the government gets 60% of the number of peremptory challenges as a defendant, and if the parties exercise all their peremptory challenges, then a defendant would have the ability to exercise 62.5% of the total 16 peremptory challenges.

Similarly, if the Court were to give the government 11 peremptory challenges to the defendants' 18, that would give the government 61% of the number of peremptory challenges as to the defendants. And if the parties were to exercise all 29 peremptory challenges, then the defendants would still have the ability to exercise 62% of the total 29 peremptory challenges.

**Government's Motion for Additional Peremptory Challenges - Page  4**

Thus, increasing the government's peremptory challenges from six to 11 would not upset the ratio already provided for in the default under Rule 24(b)(2). *See Fredeman*, 641 F.Supp. at 656 (recognizing, "There is also authority for the proposition that a Court can award additional strikes to the government even if the Defense objects.").

Accordingly, the government respectfully asks the Court that in light of increasing the defendants' peremptory challenges from 10 to 18, that it correspondingly increase the government's peremptory challenges from six to 11 to ensure the selection of a qualified, impartial, and unbiased jury.

Respectfully Submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas State Bar No. 24062396
United States Attorney's Office
Burnett Plaza, Suite 1700
801 Cherry Street, Box #4
Fort Worth, Texas 76102-6882
Telephone: 817-252-5200
E-mail: frank.gatto@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that on February 18, 2026, I conferred with opposing counsel for all defendants via email at around 12:00 p.m. on their position regarding this motion. Counsel for Mr. Sanchez indicated he takes no position on the motion and will defer to the Court. Counsel for Mr. Morris indicated they are unopposed to the relief sought in the government's motion. Counsel for Mr. Arnold indicated he is opposed to the government's motion. Counsel for Mr. I. Soto indicated he is opposed to the government's motion. Counsel for Ms. Soto indicated he is opposed to the government's motion. The government has not heard back from the remaining counsel for the defendants.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I electronically filed the foregoing Government's Response with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney