IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CAUSE NO.: 4:25-cr-00259-P |
| | § |
| ZACHARY EVETTS (02) | § |

**DEFENDANTS' JOINT MOTION FOR COUNSEL CONDUCTED VOIR DIRE**

Defendant Zachary Evetts, joined by counsel for the other defendants in this cause of action, respectfully submits this Joint Motion for Counsel Conducted Voir Dire. This motion requests that counsel be permitted to conduct voir dire, after voir dire conducted by the Court, to the extent necessary to exercise effective assistance of counsel in making challenges for cause and peremptory challenges. In support thereof would show the Court the following:

**I.**

Pursuant to Federal Rule of Criminal Procedure 24(a)(2) and the Sixth Amendment, Defendants move for an order permitting limited, supplemental questioning of prospective jurors when initial responses suggest potential bias or an inability to remain impartial. Federal Rule of Criminal Procedure 24(a)(2) requires that, when the Court examines prospective jurors, it must permit the parties to ask further questions or submit additional questions for the Court to ask, as the Court considers proper while retaining control over the manner of examination.

In *United States v. Ledee*, 549 F.2d 990 (5th Cir. 1977), our appellate court stated: "We therefore find no error in the decision of the trial court to sustain the government's objection to the five requested questions and recognize that the weight of authority supports this ruling. However, we must acknowledge that voir dire examination in both civil and criminal cases has little meaning if it is not conducted by counsel for the parties.

> "A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case. The court does not know the strength and weaknesses of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed." *Id*. At 993, citation omitted.

The Court in that case acknowledged that voir dire in federal courts is largely judge conducted, but then the Court noted:

> "Even though the assignment of error in the case was the question of allowing the jury to be questioned as to propositions of law and not the question of allowing counsel to conduct voir dire we believe, after considering both, the real issue is whether the voir dire examination uncovers possible prejudice and bias of any juror so that a fair and impartial jury may be impaneled. Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes." *Id*.

Immediately prior to that passage, the Court suggested that a hybrid of judge and counsel conducted voir dire was the best means of avoiding the dangers noted. *Id*.

## II.

In a case with significant pretrial publicity, the Court may not rely solely on a juror's naked assertion of impartiality without sufficient inquiry to test that assertion. *United States v. Pratt*, 728 F.3d 463, 471 (5th Cir. 2013). "We have resisted categorically requiring any specific voir dire procedures or questions, and we give great deference to the trial court's determination of impartiality. It is clear, however, that a court may not rely solely on a juror's assertion of impartiality but instead must conduct a sufficiently probing inquiry to permit the court to reach its own conclusion." *Id*. at 470.

Furthermore, the multi-defendant nature of this trial creates a recognized risk of "guilt by association." In cases in which there are multiple defendants, and the accusations involve significantly different theories of culpability, the court must design unique processes to avoid such prejudice. *United States v. Ellender*, 947 F.2d 748, 754–55 (5th Cir. 1991). When a case has

achieved a level of public notoriety, as this case has, it is incumbent upon the court to conduct a very thorough examination of the venirepersons knowledge of the facts and circumstances of the case, *Irvin v. Dowd*, 366 U.S. 717, 723–25 (1961).

Noting that "the extreme and unfair prejudice suffered by defendants in similar situations, courts and prosecutors generally are forbidden from mentioning that a codefendant has either pled guilty or been convicted.," the voir dire process must provide reasonable assurance that the jurors can set aside prior impressions, including from pretrial publicity, and decide the case against each defendant individually. *United States v. Bermea*, 30 F.3d 1539, 1558 (5th Cir. 1994). Judicial discretion in managing jury selection must be exercised to ensure that prejudice is discovered if it is present. "The jury box is a holy place. To ensure that those who enter are purged of prejudice, both challenges for cause and the full complement of peremptory challenges are crucial. Therefore, as a general rule it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges." *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir. 1976). "By definition, presumed bias depends heavily on the surrounding circumstances. Therefore, when a defendant is trying to prove presumed bias, the court has the duty to develop the facts fully enough so that it can make an informed judgment on the question of "actual" bias." *Id*.

In a multi-defendant trial involving the anticipated use of cooperating witnesses, judge conducted voir dire was subject to review, and "an abuse of discretion will be found when there is insufficient questioning to produce some basis for defense counsel to exercise a reasonably knowledgeable right of challenge." *United States v. Rodriguez*, 993 F.2d 1170, 1177 (5th Cir. 1993). "*Voir dire* plays a critical function in assuring the criminal defendant that his

[constitutional] right to an impartial jury will be honored. Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled." *Morgan v. Illinois*, 504 U.S. 719, 729–30, (1992) citations omitted. Because Due Process requires a jury that is both capable and willing to decide the case solely on the evidence, *Smith v. Phillips*, 455 U.S. 209, 217 (1982), and the Court must allow an inquiry thorough enough to expose any latent bias or prejudice.

### III.

To balance the Court's interest in efficiency with the defendants' constitutional rights, counsel requests the opportunity to ask limited follow-up questions. If a juror provides what appears to be an equivocal, hesitant, or conditional response regarding their ability to follow the law as instructed, evaluate testimony, or consider each defendant individually, the Court should permit brief, targeted clarification by counsel, following the Court conducted voir dire. Counsel for Defendant Evetts proposes that the Court allow the counsel for the government to proceed first, if they so request, then each of the defense counsel, in order as the defendants appear on the indictment.

Of course, if it appears that a venireperson might give a response that might taint the venire panel, the Court could instruct that person to approach the bench or simply recall that venireperson for individual questioning after general voir dire, as is the practice in all courts-martial. This process encourages juror candor away from his or her peers, and this process thus assists the Court in making reliable determinations on challenges for cause, gives adequate information for counsel to exercise peremptory challenges, and ensures a sufficient record for meaningful review.

In the event the Court declines to permit clarification or limits inquiry into a requested area, Defendants respectfully request the opportunity to make a contemporaneous proffer on the record of the specific questions intended to be asked and the potential bias they were designed to uncover. Wherefore, counsel for Defendant Evetts respectfully requests the Court grant this Motion and permit limited counsel conducted questioning during jury selection.

Respectfully Submitted,

/s/ Patrick J. McLain
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75202
telephone: (214) 416-9100
patrick@patrickjmclain.com

**CERTIFICATE OF CONFERENCE**

Counsel for each defendantcommunicated with counsel for Defendant Evetts on this motion and stated they either joined in the motion or were not opposed. Counsel for the government stated that they took no position on this motion.

/s/ Patrick J. McLain
Patrick J. McLain

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing Reply was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, and counsel for the other eight defendants in this case on 22 February 2026.

/s/ Patrick J. McLain
Patrick J. McLain