UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:25-CR-259-P |
| | § | |
| MARICELA RUEDA (06) | § | |

## RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE LEGALLY INVALID DEFENSE

TO THE HONORABLE JUDGE MARK T. PITTMAN,

UNITED STATES DISTRICT JUDGE:

COMES NOW, MARICELA RUEDA, by and through her attorneys of record, MarQuetta A. Clayton and Lesa Pamplin, and hereby files this response to the Government's Motion In Limine (Doc. 333 & 334).

### I. INTRODUCTION

The United States seeks an extraordinary ruling, a categorical order barring Defendants from presenting any evidence or argument related to self-defense or defense of others. See Gov't Mot. in Limine at 1–2 (Doc. 334). The Government contends that such defenses are "legally insupportable" and may serve only as an invitation for jury nullification. Id. at 1, 12. That request improperly asks this Court to resolve disputed factual issues in the Government's favor, to remove from the jury issues that are inherently fact-bound, and to foreclose a recognized affirmative defense before the evidentiary record is complete.

Trial testimony has presented evidence that the original demonstration dispersed before Lt. Gross arrived, that only two to three individuals were present at the time of Lt. Gross's arrival, and that Lt. Gross pointed his firearm at an unarmed fleeing individual before any shots

were fired. These facts directly bear on the Government's assertions that Defendants were not "free from fault" and that the officer's conduct was objectively reasonable as a matter of law. See Gov't Mot. at 4–11.

Under well-established Supreme Court precedent, a defendant is entitled to present a recognized defense where there is evidence sufficient for a reasonable jury to find in her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). Because material factual disputes exist, blanket preclusion is improper, and the Government's motion should be denied.

## II. LEGAL STANDARD

A defendant is entitled to an instruction on a recognized defense when there is "evidence sufficient for a reasonable jury to find in [her] favor." *Mathews*, 485 U.S. at 63. A court may refuse such a defense only if it lacks a sufficient evidentiary foundation. *United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996). In evaluating whether a defense is supported, the evidence must be viewed in the light most favorable to the defendant. See id.; *United States v. Bailey*, 444 U.S. 394, 415 (1980).

## III. ARGUMENT

### A. The Government's Motion Improperly Assumes Disputed Facts

The Government's motion assumes that Defendants "wrongfully brought about" the law enforcement response and are therefore categorically barred from asserting self-defense. Gov't Mot. at 4–8. The evidentiary record reflects that the original demonstration dispersed when instructed to leave; participants ran from the scene; that only two to three individuals were present when Lt. Gross arrived; and that the individual at whom Lt. Gross pointed his firearm was unarmed and fleeing.

Whether the earlier demonstration and the later encounter constituted a single continuous armed event, whether the situation had de-escalated, and whether the display of a firearm constituted escalation are disputed factual issues for the jury.

### B. Branch Does Not Create a Categorical Bar

The Government relies heavily on *United States v. Branch*, 91 F.3d 699 (5th Cir. 1996), arguing that Defendants are not "free from fault in prompting [law enforcement's] use of force." Gov't Mot. at 4 (quoting Branch, 91 F.3d at 717). But Branch does not create a categorical bar to self-defense in all circumstances involving prior unlawful conduct. Rather, Branch turned on the specific facts of coordinated armed aggression and anticipated confrontation present in that case. Id. at 717–18. This case presents materially different facts, including dispersal, flight, and testimony that force was displayed before shots were fired.

Whether a defendant was "free from fault" is a fact-intensive inquiry. Here, the sequence of events, the conduct of individuals present, and the escalation of force are all disputed. Those factual determinations belong to the jury.

### C. Objective Reasonableness Cannot Be Decided as a Matter of Law on This Record

During trial, Lt. Gross testified that he pointed his service weapon at an unarmed fleeing individual before any shots were fired. This testimony was not disclosed in pretrial discovery and was first revealed during live testimony. That fact directly bears on the Government's assertion that the officer's actions were "objectively reasonable as a matter of law." Gov't Mot. at 9–11.

The Supreme Court has made clear that objective reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application but requires examination of "the facts and circumstances of each particular case." *Graham v. Connor*, 490

U.S. 386, 396 (1989). Where the sequence of force, the perceived threat, and the conduct of individuals involved are disputed, reasonableness cannot be resolved categorically in limine.

At minimum, Lt. Gross's testimony creates factual disputes regarding: (1) the sequence of events; (2) whether force was escalated; (3) whether any Defendant was "free from fault"; and (4) whether the officer's actions were objectively reasonable under the circumstances.

### D. The Government's Nullification Argument Is Premature

The Government contends that permitting evidence or argument related to self-defense risks "jury nullification." Gov't Mot. at 3 (citing *United States v. Taylor*, 680 F.2d 378, 380 (5th Cir. 1982)). That argument conflates two distinct concepts.

Jury nullification occurs when a jury disregards the law despite being properly instructed. *Taylor* merely recognizes that a defendant is not entitled to an instruction encouraging the jury to ignore the law. *Id*. It does not authorize a court to preclude a legally recognized defense that is supported by evidence.

Here, Defendants do not seek to invite the jury to disregard the law. They seek to present evidence relevant to a recognized legal defense and to argue that, under the facts, the law applies in their favor. That is not nullification it is the adversarial process contemplated by the Constitution.

The Supreme Court has made clear that a defendant has the right to present a complete defense when supported by sufficient evidence. See *Mathews v. United States*, 485 U.S. 58, 63 (1988). Preventing a defendant from presenting such a defense because the Government believes the jury might credit it would invert that principle.

Moreover, labeling a factually supported defense as "nullification" improperly assumes the Government's version of disputed facts. Where the evidentiary record contains testimony

regarding dispersal, flight, the absence of visible weapons, and the sequence of force. The evidentiary record also including testimony that a firearm was pointed at an unarmed fleeing individual before shots were fired. The jury is entitled to evaluate those facts under proper legal instructions.

Precluding the defense on nullification grounds would not preserve the integrity of the law; it would improperly remove from the jury its core function of resolving contested facts and applying the law as instructed.

## IV. CONCLUSION

Because material factual disputes exist regarding the sequence of events and the reasonableness of force, and because Defendants are entitled to present a recognized affirmative defense supported by evidence, the Government's Motion in Limine should be denied.

Respectfully submitted,

THE CLAYTON LAW FIRM, P.C.
5555 Bridge St, Suite 102
Fort Worth, Texas 76112
Tel: (469) 251-2554
Fax: (469) 453-3183

By: /s/MarQuetta A. Clayton
    MarQuetta A. Clayton
    State Bar No. 24091554
    mclayton@theclaytonlaw.com
    Attorney for MARICELA RUEDA

## CERTIFICATE OF CONFERENCE

On March 2, 2026, this counsel conferenced with all other defense counsel and they join in this response.

/s/ MarQuetta A. Clayton<br>MarQuetta A. Clayton<br>Attorney for Defendant Maricela Rueda

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I filed the foregoing motion with the Clerk for the United States District Court for the Northern District of Texas by means of electronic filing ECF. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ MarQuetta A. Clayton<br>MarQuetta A. Clayton