United States District Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **United States of America,** | |
| v. | No. 4:25-CR-259-P |
| Ines Soto (8) | |

### Ines Soto's Response to the Government's Motion in Limine

**To the Honorable Judge:**

The government's motion in limine seeks an "order barring the Defendants from introducing any further evidence or argument at trial that relate to legally invalid claims of self-defense or defense of others." Dkt #334, at 1. The court has ordered a response from the defense. The court will be receiving responses from other defendants. Ines Soto joins those but responds separately to address another issue—the potential to restrict the defendants' constitutional right to confront and cross-examine the government's witnesses. Counsel believes all other defendants join this response.

It's important to note that the evidence in this trial so far has been from government witnesses in the government's case-in-chief and the defense cross-examination of those witnesses. It is this cross-examination principally that led to the facts suggesting the possibility that Song fired in self-defense—facts not previously apparent from discovery and investigation of the case; facts only discerned by subjecting the government's witnesses to the crucible of cross-examination.

The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the "accuracy of the truth-determining process." *Dutton v. Evans*, 400 U. S. 74, 89 (1970); *Bruton v. United States*, 391 U. S. 123, 135-137 (1968). It is, indeed, "an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U. S. 400, 405 (1965). Of course, the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. *E.g., Mancusi v. Stubbs*, 408 U. S. 204 (1972). But its denial or significant diminution calls into question the ultimate "'integrity of the fact-finding process'"and requires that the competing interest be closely examined. *Berger v. California*, 393 U. S. 314, 315 (1969).[1]

In its motion in limine, the government only asks this court to enter "an order barring the Defendants from offering evidence or argument concerning these legally invalid defenses." Dkt. #334, at 12. The government's motion provides no detail about the specifics of its desired order, and counsel for Ines Soto has not seen a proposed order on this motion. Given that the evidence the government complains of came from cross-examination of its own witnesses, it's possible that the government is implicitly seeking to restrict the defenses's constitutional right to confront and cross-examine the witnesses in this case to avoid more unfavorable testimony. Or perhaps given the circumstances from which this testimony arose, a restriction on cross-examination could inadvertently find its way into any order given the circumstances from which this testimony arose.

---

[1] This is drawn from *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973).

Therefore, Ines Soto asks this court, should it grant the government's motion in limine, to cabin its order very narrowly to avoid restricting these defendants' right to confront and cross-examine the government's witnesses.

Respectfully submitted,

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis
1901 Central Dr. Suite 730
Bedford, TX 76021
817.868.9500
817.591.4701 (fax)
Texas Bar No. 24029505
lwd@leighwdavis.com

**Certificate of Service**

I hereby certify that a copy of this document has been sent by the court's electronic filing system to the attorneys of record on March 2, 2026.

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis