IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-CR-259-P |
| CAMERON ARNOLD, et al | |

**GOVERNMENT'S MOTION
FOR A SUPPLEMENTAL JURY INSTRUCTION
ON THE DOCTRINE OF TRANSFERRED INTENT**

The United States respectfully asks the Court to include the following instruction as part of its instructions to the jury.

> The doctrine of transferred intent provides that where a defendant intends harm to a person, but in the course of committing the act or attempting to commit the act to harm the intended person, harms a third party, the defendant's criminal intent is transferred to the third party.

*United States v. Sampol*, 636 F.2d 621, 674 (DC Cir. 1980); *United States v. Savage*, 970 F.3d 217, 276 (3rd Cir. 2020).

As *Sampol* and *Savage* discuss, the Doctrine of Transferred Intent has been a part of the common law since 1576, and both the states and the federal government recognize it, including the sentencing guidelines. *Id.*; USSG § 1B1.3(a)(3) (stating a defendant is responsible for all the but-for consequences of his criminal conduct). As stated in 1576, the doctrine holds, "it is every man's business to foresee what wrong or mischief may happen from that which he does with an ill-intention, and it shall be no excuse for him to say that he intended to kill another, and not the person killed." *Sampol*, 636 F.2d at 674.

**Government's Motion for a Supplemental Jury Instruction on the Doctrine of Transferred Intent -
Page 1 of 3**

The defense made this an issue when Ranger Hill testified for the government. Based on their cross-examination, the defense opened the door to Ranger Hill testifying on redirect that based on his analysis of the crime scene, the detention officers were in the line of fire when Song opened fire, both the first time Song fired, and the second time he fired. This was a development that occurred at trial. While the government believes the evidence shows Song intended to target the detention officers and Lt. Gross, this is an evidentiary development that occurred at trial, which makes this instruction appropriate. In our original submission of the Agreed Charge to the Court, the parties requested leave to submit supplemental instructions to conform to the evidence presented at trial.

Thus, the United States respectfully asks the Court to include the Doctrine of Transferred Intent as part of its instructions on the law to the jury, as this would conform to the evidence that was presented during the trial.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*s/ Frank L. Gatto*
Frank L. Gatto
Assistant United States Attorney
Texas State Bar No. 24162396
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Email: frank.gatto@usdoj.gov

## CERTIFICATE OF CONFERENCE

All defendants are opposed to the relief sought in this motion.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney