UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

THE UNITED STATES OF AMERICA     §
    §
v.     §     4:25-CR-259-P
    §
    §
DANIEL ROLANDO SANCHEZ ESTRADA (09)     §

_____

DEFENDANT DANIEL ROLANDO SANCHEZ ESTRADA'S
RENEWED RULE 29(C) MOTION FOR JUDGEMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, RULE
33 MOTION FOR NEW TRIAL

_____

TO THE HONORABLE MARK. T. PITTMAN, UNITED STATES DISTRICT JUDGE:

Defendant Daniel Rolando Sanchez Estrada respectfully moves for a judgment of acquittal under Rule 29(c), or alternatively for a new trial under Rule 33. The Government's case failed at its core. It never identified what item allegedly constituted "evidence," never tied any such item to a federal offense, and never proved Mr. Sanchez knew of or intended to conceal evidence. Instead, the Government relied on speculation about a box of literature. Under Supreme Court and Fifth Circuit precedent, this is insufficient as a matter of law. In addition to the law and theories claimed by this motion, Mr. Sanchez joins his co-defendant's in their respective Rule 29 and Rule 33 motions as to their requests and foundations.

**Standard of Law**

A conviction must be vacated where no rational juror could find each element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard ensures that convictions are based on evidence, not speculation, and prevents the Government from securing a

conviction by stacking inferences or relying on ambiguous conduct. The Fifth Circuit reinforces that a verdict must rest on substantial, concrete evidence. Convictions cannot stand when the Government fails to prove any essential element. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301–02 (5th Cir. 2014) (en banc) (conviction reversed where intent was unproven and evidence was purely circumstantial);*United States v. Ganji,* 880 F.3d 760, 774 (5th Cir. 2018) (emphasizing that the Government must identify the object of the offense itself; speculation about what the defendant moved is insufficient).

**Analysis**

Under 18 U.S.C. §§ 1512(c) and 1519, the Government was required to prove four essential elements. First, that a specific item constitutes evidence.  The Government must identify an actual item that qualifies as evidence of a federal crime. Undefined materials, boxes, or literature cannot meet this standard. Without a clearly identified object, the charge collapses. *Ganji*, 880 F.3d at 774.

Second, it must prove that there is a nexus to a federal proceeding or investigation. There must be proof that the item relates to a federal investigation or judicial proceeding. The Supreme Court requires a clear "relationship in time, causation, or logic" between the act and the proceeding. Simply moving papers or boxes without such a connection is insufficient. *United States v. Aguilar*, 515 U.S. 593, 599 (1995). During trial, no evidence was offered that showed Mr. Sanchez knew the items he was moving were related to or involved in a federal proceeding. There would be no implicit ability for someone to consider their own items as evidence when that person was not involved in the crime in question. The only testimony relating to this point came from Agent Bennett. When asked about the box materials and their use in any proceedings, she testified that none of the items were used in any legal proceeding or investigation towards Ms. Rueda or

any other defendants. The items were used only in the proceeding against Mr. Sanchez. But that cannot be the federal cause of action. The statutes do not criminalize the handling of materials simply because the Government later chooses to prosecute someone for doing so. Instead, the law requires that the items be connected to a separate, identifiable federal investigation or proceeding, and that the defendant be aware of that connection at the time of the alleged conduct. *Aguilar*, 515 U.S. at 599.

Here, the Government's own witness confirmed that the materials were not evidence in any investigation of Ms. Rueda or any other individual. They became "evidence" only in the case against Mr. Sanchez. This is no nexus—it is a post hoc justification. If accepted, it would mean that any otherwise lawful movement of personal property could be retroactively criminalized simply because the Government later decides it is relevant to a prosecution. That is precisely what the nexus requirement forbids. Without proof that the materials were tied to a known federal investigation–and that Mr. Sanchez was aware of that connection–the Government's theory fails as a matter of law.

Third, is knowing concealment. The Government must prove that Mr. Sanchez knew the item was evidence and intentionally sought to conceal it. The Fifth Circuit has held that knowledge cannot be presumed from neutral, innocent, or ambiguous behavior. *United States v. Willett*, 751 F.3d 335, 339 (5th Cir. 2014). The evidence provided by the Government was based on presumption and insinuation. By looking at ordinary behavior–moving ones own items–they tried to force a template of criminal activity. This cannot be enough to show knowing concealment of "evidence."

Fourth is intent to impair availability. Beyond moving the item, the Government must prove that Mr. Sanchez intended to impair the item's availability for use in a federal investigation or

proceeding. Based off one statement in the phone call between Ms. Rueda and Mr. Sanchez in which Ms. Rueda states she has been documented with the FBI and is "with the United States as well now" the Government stretches this statement to imply that all parties understand a full federal investigation is underway.  Courts do not allow convictions based on inferences or assumptions about intent.

The Government failed at the most basic threshold of proof: identifying any item as "evidence" of a federal crime. In fact, Agent Bennett testified that none of the items found at Mr. Sanchez's home, in his vehicle, or in the box were evidence used against Ms. Rueda or any other defendant. No witness identified any specific document, box, or material as evidence of a crime. During testimony, the Government even explicitly admitted that it did not know the contents of the box at the time of the arrest. Without a clearly defined object, the charge under 18 U.S.C. §§ 1512(c) and 1519 is legally deficient. Moreover, the charges themselves arise from the Enron-era Sarbanes-Oxley Act, a complex statute designed to prevent corporate fraud, which makes the government's failure even more glaring. Without clear evidence tying Mr. Sanchez to any wrongdoing under this law, their allegations amount to nothing more than conjecture.

The elements found in the Fifth Circuit Pattern Criminal Jury Instructions, §§ 2.73–2.74, emphasize that each element must be proven beyond a reasonable doubt. The alleged "evidence" was never specifically identified. There was no proof it was connected to any specific federal proceeding. There was no evidence that Mr. Sanchez knew the materials were evidence. The Government's own witnesses testified the items were in fact *not* evidence. Additionally, there was no proof of intent to impair availability.

The Government relied entirely on stacked inferences and speculation, which the Fifth Circuit consistently rejects as proof.  The Fifth Circuit has repeatedly held that convictions cannot

rest on vague, undefined objects. *Ganji*, 880 F.3d at 774 (holding that "where the Government cannot identify the object of the offense, acquittal is required as a matter of law"). Here, the Government's own admissions highlight that the object of the offense was unknown, leaving the jury to speculate about what constituted the alleged evidence.

Even assuming an evidentiary item existed, the Government failed to establish any connection to a federal proceeding or investigation. The law requires that the "evidence" be tied to a federal case or official investigation. *Aguilar*, 515 U.S. 593, 599 (1995) (the Supreme Court requires proof of a relationship in time, causation, or logic between the act and the proceeding). However, here the Government provided no evidence that the materials in the box related to any pending or ongoing federal matter. There was no testimony that any agency would have used the materials, and no link of the materials found in Mr. Sanchez's home, vehicle, or box was ever established to any codefendant's case. Without such proof, the essential nexus element is missing, rendering the verdict legally insufficient.

The Government also failed to prove that Mr. Sanchez knew the items were evidence or intended to impair their availability. *Willett*, 751 F.3d at 339 (knowledge and intent cannot be presumed; they must be supported by actual evidence of the defendant's awareness and purposeful action). Here, there was no testimony or documentation demonstrating that Mr. Sanchez recognized the materials as evidence. His actions–moving a box–do not, by themselves, prove knowledge of the alleged evidentiary status. Inferring intent from neutral conduct is impermissible under Fifth Circuit precedent. The conspiracy conviction fails independently. *United States v. Delgado*, 672 F.3d 320, 332 (5th Cir. 2012) (en banc) (a conspiracy requires proof of agreement and shared intent). At trial, there was no agreement proven. The requests from Ms. Rueda during her calls to her mother and Mr. Sanchez were far from conspiratorial actions. But even so, Mr.

Sanchez did not make any movements based on her request. He did not go to the car, nor did he return to the house. The testimony provided at trial did not provide a sensical timeline for the conspiracy as Mr. Sanchez was at Ms. Rueda's home the day *prior* to their phone call. Therefore, Mr. Sanchez actions could not have been based on Ms. Rueda's later request. A conspiracy cannot turn back time to cover past actions based on a possible future agreement. No shared objective between Mr. Sanchez and any codefendant was established. The Government's case on conspiracy relied entirely on speculation and inferred coordination from the act of moving the box. Without proof of agreement, the conspiracy charge cannot stand.

Lastly, considering the items in question, the alleged materials consisted entirely of literature and expressive content that was not evidence of any crime. Absent proof that the materials were evidence of a crime, criminalizing the movement of such materials raises serious First Amendment concerns, particularly in the context of expressive content or literature. Courts have repeatedly emphasized that statutes must not be applied in ways that chill lawful expression or penalize protected activity without a clear evidentiary connection. *Aguilar*, 515 U.S. at 600 (courts must avoid interpretations that criminalize protected expression). The Government's failure to identify the materials as evidence transforms otherwise lawful expressive materials into a purported criminal act. This violates both the statutory requirements and the principles of constitutional avoidance.

### Conclusion and Prayer

Because the Government failed to prove the existence of a specific item of evidence, its nexus to a federal investigation, knowledge or intent on the part of Mr. Sanchez, any agreement or conspiracy; and that the materials were not constitutionally protected expressive content, no

rational juror could find guilt beyond a reasonable doubt as to Mr. Sanchez in Counts 11 and 12 of the Indictment.

Accordingly, the Court should enter a judgment of acquittal under Rule 29(c). In the alternative, the Court may grant a new trial if the evidence preponderates heavily against the verdict. *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). Thus, a new trial under Rule 33 is also warranted in the interest of justice.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

*/s/ Christopher J. Weinbel*
CHRISTOPHER J. WEINBEL
Assistant Federal Public Defender
Northern District of Texas
Texas Bar # 24121196
819 Taylor Street, Room 9A10
Fort Worth, Texas 75202
Phone (817) 978-2753
Christopher_Weinbel@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I filed the foregoing motion with the Clerk for the United States District Court for the Northern District of Texas by means of electronic filing ECF. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of the document by electronic means.

*/s/ Christopher J. Weinbel*
CHRISTOPHER J. WEINBEL
