NO. 4:25-CR-00259-P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

---

### UNITED STATES OF AMERICA

### V.

### MARICELA RUEDA (06)

---

## DEFENDANT MARICELA RUEDA'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 AND ALTERNATIVE MOTION FOR NEW TRIAL PURSUANT TO RULE 33

## Contents

I. LEGAL STANDARD ............................................................................................... 4

    A. RULE 29 ...................................................................................................... 4

    B. RULE 33 ...................................................................................................... 5

II. COUNT ONE – RIOT (18 U.S.C. § 2101) ....................................................... 6

III. COUNT TWO – MATERIAL SUPPORT (18 U.S.C. § 2339A) .............................. 8

IV. COUNTS THREE AND FOUR – EXPLOSIVES (18 U.S.C. §§ 844(m), 844(h)) .............. 10

VI. COUNT TWELVE – CONCEALMENT 18 U.S.C. § 1512(k)) ........................................ 12

VII. GLOBAL FAILURE OF PROOF ................................................................................ 12

VIII. THE ADMISSION AND USE OF "ANTIFA" EVIDENCE WAS IRRELEVANT, HIGHLY PREJUDICIAL, AND REQUIRES A NEW TRIAL .................................................. 13

IX. CONCLUSION AND PRAYER ................................................................................... 14

## TABLE OF AUTHORITIES

### Cases

| Case | Page(s) |
|------|---------|
| Arthur Andersen LLP v. United States, 544 U.S. 696 (2005) | 12 |
| Jackson v. Virginia, 443 U.S. 307 (1979) | 5 |
| United States v. Dellinger, 472 F.2d 340 (7th Cir. 1972) | 7 |
| United States v. Hepp, 656 F.2d 350 (8th Cir. 1981) | 11 |
| United States v. Maltos, 985 F.2d 743 (5th Cir. 1992) | 5, 13 |
| United States v. McRae, 593 F.2d 700 (5th Cir. 1979) | 13 |
| United States v. O'Keefe, 722 F.2d 1175 (5th Cir. 1983) | 6 |
| United States v. Tarango, 396 F.3d 666 (5th Cir. 2005) | 6, 15 |
| United States v. Wall, 389 F.3d 457 (5th Cir. 2004) | 5, 15 |
| Yates v. United States, 354 U.S. 298 (1957) | 10 |

### Statutes

| Statute | Page(s) |
|---------|---------|
| 18 U.S.C. § 2101 | 6 |
| 18 U.S.C. § 2339A | 8 |
| 18 U.S.C. §§ 844(h), 844(m) | 10 |
| 18 U.S.C. § 1512(k) | 12 |

### Rules

| Rule | Page(s) |
|------|---------|
| Fed. R. Crim. P. 29 | 4 |
| Fed. R. Crim. P. 33 | 5 |
| Fed. R. Evid. 403 | 13, 14 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

V.

NO. 4:25-CR-00259-P

MARICELA RUEDA (06)

## DEFENDANT MARICELA RUEDA'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 AND ALTERNATIVE MOTION FOR NEW TRIAL PURSUANT TO RULE 33

TO THE HONORABLE MARK T. PITTMAN:

Defendant MARICELA RUEDA, by and through attorney of record, MarQuetta A. Clayton, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 29(c) to enter a judgment of acquittal on all counts of conviction. Alternatively, MARICELA RUEDA moves for a new trial pursuant to Federal Rule of Criminal Procedure 33(a).     MARICELA RUEDA joins her codefendants' Rule 29 and Rule 33 motions.  MARICELA RUEDA joins her codefendants' Rule 29 and Rule 33 motions, which equally apply to her in facts and law.  The Government failed to present sufficient evidence from which a rational trier of fact could find the essential elements of the charged offenses beyond a reasonable doubt. The verdict in this case rests not on proof, but on speculation, association, and the independent actions of others. As a matter of law, it cannot stand.

### I. LEGAL STANDARD
### A. RULE 29

Under Rule 29, the Court must enter a judgment of acquittal where the evidence is insufficient to sustain a conviction. The controlling inquiry is whether; after viewing the evidence in the light most favorable to the Government, any rational trier of fact could have

found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

While this standard affords deference to the jury's verdict, it does not permit convictions based on conjecture or inference stacking. Moreover, it is firmly established that mere presence or association is insufficient to support a conviction; requiring proof of voluntary participation and knowledge of an agreement. *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).

The Government bore the burden of proving each element of each charged offense as to MARICEL RUEDA individually. It failed to meet that burden.

### B. RULE 33

This Court's role under Rule 33 is not limited to legal sufficiency, it includes ensuring that the verdict is reliable, fair, and free from improper influence. Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). This standard is broader than that governing a Rule 29 motion and permits the Court to evaluate not only the sufficiency of the evidence, but also whether the proceedings were fundamentally fair and free from prejudicial error.

The Fifth Circuit has made clear that a new trial is appropriate where allowing the verdict to stand would result in a miscarriage of justice or where the evidence preponderates heavily against the verdict. *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). In exercising this authority, the Court is permitted to weigh the evidence and assess the fairness of the proceedings in a manner not permitted under Rule 29.

At the same time, the Fifth Circuit recognizes that Rule 33 serves as a critical safeguard against verdicts that are tainted by error, irregularity, or improper influence. A new trial is warranted where errors affect the defendant's substantial rights or undermine confidence in the

outcome of the trial. *See United States v. Tarango*, 396 F.3d 666, 671 (5th Cir. 2005) (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

Importantly, Rule 33 is not limited to situations where the evidence is legally insufficient. Rather, it empowers the Court to act where the overall fairness of the trial is called into question, including where the jury's verdict may have been influenced by extraneous information, improper evidence, or procedural irregularities. *See United States v. O'Keefe*, 722 F.2d 1175, 1180 (5th Cir. 1983).

Accordingly, where the record demonstrates that the jury's deliberative process was compromised, that prejudicial evidence was improperly introduced, or that the proceedings as a whole deprived the defendant of a fair trial, the Court not only has the authority, but the obligation to grant a new trial in the interest of justice.  This case at minimum requires a new trial.

## II. COUNT ONE – RIOT (18 U.S.C. § 2101) – FAILURE OF PROOF

Count One fails because the Government did not prove that MARICELA RUEDA used interstate commerce to plan violence, did not establish the existence of a riot as defined by statute, and did not present evidence of any overt act by MARICELA RUEDA in furtherance of a violent objective.  Section 2101 requires proof that the defendant used a facility of interstate commerce with the intent to incite, organize, or participate in a riot involving acts of violence, and that the defendant thereafter committed an overt act in furtherance of that riot. The evidence in this case satisfies none of those requirements.

First, the Government failed to establish that any facility of interstate commerce was used with the intent to plan or facilitate violence. Although the Government introduced evidence of communications generally, there was no evidence whatsoever that any communication, whether

by phone, internet, or otherwise, was used to plan vandalism, property destruction, or the discharge of a firearm. To the contrary, the evidence affirmatively demonstrated that the only planned activity was a noise demonstration and a firework display intended to communicate encouragement to detainees inside the Prairieland Detention Center.

The acts of vandalism and the subsequent discharging of a firearm were not planned through any use of interstate commerce. Nathan Baumann testified that his vandalism was spontaneous and undertaken on his own initiative. There was no evidence that it was discussed, directed, or agreed upon by anyone, let alone a group of three or more. Likewise, there was no evidence that Benjamin Song or anyone at all used any facility of interstate commerce to plan or coordinate discharging a firearm. These were independent, unplanned, and spontaneous acts. Section 2101 requires more. It requires that interstate commerce be used with the intent to engage in a riot involving violence. *See United States v. Dellinger*, 472 F.2d 340, 360 (7th Cir. 1972). That element was wholly absent.

Second, the Government failed to prove that MARICELA RUEDA intended to engage in violence. Every piece of evidence introduced at trial demonstrated that the purpose of the gathering was nonviolent. The communications referenced noise and fireworks as a means of connecting with detainees. No communication referenced harm or violence. Even the Government's cooperating witnesses confirmed that there was no plan for violence. There were no communications, directives, or agreements suggesting that participants intended to escalate beyond a demonstration. The absence of such evidence is fatal to the Government's burden.

Third, the Government failed to establish the existence of a "riot" as defined by the statute. A riot requires collective violent action involving multiple participants. The only acts of violence presented at trial were committed independently by individuals acting on their own

initiative.  There was no evidence presented that Mr. Baumann's vandalism was coordinated with others, nor was Mr. Song's shooting part of any shared plan.  There was no evidence of agreement, coordination, nor foreseeability involving three or more persons.  Independent conduct cannot be aggregated into a riot attributable to MARICELA RUEDA.  The statute requires collective violent action; the evidence showed none.

Finally, there was no evidence that MARICELA RUEDA committed any overt act in furtherance of a riot. The evidence showed that she used a megaphone to communicate with detainees and left when the detention officers instructed them to leave.  There was no evidence that she damaged property, attempted to damage property, or harmed any person.  There was no evidence that she used fireworks, spray paint, or any weapon to damage or attempt to damage or harm anyone.  As a matter of law, this is insufficient to sustain a conviction under § 2101 against MARICELA RUEDA.

## III. COUNT TWO – MATERIAL SUPPORT (18 U.S.C. § 2339A) – NO PREDICATE, NO INTENT, NO UNANIMTY

Count Two fails because the Government did not prove that MARICELA RUEDA provided material support, did not establish that she acted with knowledge or intent that such support would be used to commit a specific federal offense, and failed to secure a unanimous verdict as to any qualifying predicate offense.  To sustain a conviction, the Government was required to prove that MARICELA RUEDA provided material support or resources knowing or intending that such support would be used to commit a specific federal offense.  The evidence established neither.

There was no evidence that MARICELA RUEDA provided any material support within the meaning of the statute.  The only item attributable to her was a megaphone, which was used solely for peaceful communication.  There was no evidence that any threats or violent messages

were communicated by MARICELA RUEDA. There was no evidence that she provided weapons, explosives for destructive purposes, tools used in vandalism, any resource, or herself for use to commit a federal crime.

Equally significant, the Government failed to prove that MARICELA RUEDA possessed the required mental state. There was no evidence that she knew of any plan to damage federal property with explosives, vandalize property, or to shoot a federal officer. There was no evidence that she intended such acts to occur. The law requires knowledge or intent tied to a specific federal crime; it does not permit conviction based on generalized association or ideology.

The Government also failed to establish a qualifying predicate offense tied to MARICELA RUEDA. The Government presented multiple alleged predicate offenses to the jury, including: (1) destruction of federal property by explosive, (2) damage to federal property, and (3) attempted murder of a federal officer. The alleged predicate act was either not carried out or each carried out independently and individually by others. The evidence showed that no explosive damage occurred, that vandalism was self-initiated by Mr. Baumann with no coordination, and that the shooting was carried out independently by Mr. Song to the surprise of all witnesses. There was no evidence connecting MARICELA RUEDA to any of these acts.

Any reliance on fireworks as a basis for material support further fails. The manner in which the fireworks were used was not capable of causing the damage contemplated by the statute and alleged by the Government. The evidence demonstrated that more than fifty consumer grade fireworks were launched from a significant distance and caused no damage to the facility or its fence. There was no evidence and no testimony from the witness stand that anyone attempted to direct fireworks at structures, and no evidence of intent to use them as a

destructive device.  To the contrary, the evidence clearly showed that even though the fireworks could have been used to cause damage, they were not. The absence of both damage and intent confirms that no material support was provided to facilitate any federal offense.

Further, the record does not establish which predicate offense formed the basis of the jury's verdict. Each of these predicate acts carries distinct elements, factual bases, and evidentiary requirements. Yet the verdict form does not reveal which, if any, predicate offense the jury unanimously agreed upon.  This lack of clarity is constitutionally significant. Where a jury returns a general verdict that may rest on multiple alternative theories, and one or more of those theories is unsupported by sufficient evidence, the conviction cannot stand. *See Yates v. United States*, 354 U.S. 298, 312 (1957).

Allowing the conviction to stand under these circumstances would impermissibly permit a non-unanimous verdict as to a core element of the offense and would relieve the Government of its burden to prove that MARICELA RUEDA acted with the requisite intent as to a specific federal crime. The law does not permit such a result.  At a minimum, the ambiguity in the verdict prevents meaningful appellate review, further requiring reversal.

### IV. COUNTS THREE AND FOUR – EXPLOSIVES (18 U.S.C. §§ 844(m), 844(h)) – NO FELONY USE, NO AGREEMENT

Counts Three and Four fail because the Government did not prove any agreement to use explosives to commit a felony, did not establish that any explosive was used to further a felony offense, and presented no evidence that MARICELA RUEDA possessed, deployed, or directed the use of fireworks in a criminal manner.  The Government's theory under §§ 844(m) and 844(h) is unsupported by both the law and the evidence. It improperly expands § 844 beyond its statutory limits by equating the mere presence of consumer-grade fireworks with the use of an

explosive to commit a felony. These statutes require proof that an explosive was used or intended to be used to commit a felony offense. That showing was not made.

The undisputed evidence established that the fireworks at issue were consumer-grade UN0336 Division 1.4G fireworks, designed for recreational use. Although such fireworks contain black powder, the presence of a combustible material does not transform lawful consumer fireworks into explosives used to commit a felony offense. The statute requires use or an intended use in furtherance of a felony offense.

Here, the evidence showed that the fireworks caused no damage to the facility, fence, or surrounding property. Undisputed video evidence showed that more than fifty fireworks were deployed from approximately fifty yards away from the facility and were not directed at any structure or person. The evidence and testimony showed that their sole purpose was to create noise and visual effects to attract attention. There was no evidence that they were used or intended to be used as a weapon or as a destructive device. Courts have emphasized that liability under federal explosives statutes turns on the manner in which the device is used, not merely its chemical composition. See *United States v. Hepp*, 656 F.2d 350, 353 (8th Cir. 1981).

There was likewise no evidence of any agreement to use fireworks to commit a felony. All evidence demonstrated that they were brought and used solely for a noise demonstration. There was no discussion, plan, or intent to use them to damage property or harm individuals.

Finally, there was no evidence that MARICELA RUEDA possessed, carried, deployed, or directed the use of fireworks. Without proof of use, intent, or participation, these counts cannot stand.

## VI. COUNT TWELVE – CONCEALMENT 18 U.S.C. § 1512(k))

Count Twelve fails because the Government did not prove the existence of any agreement to conceal evidence, did not establish corrupt intent, and failed to show that the materials at issue were connected in any way to the charged conduct or any official proceeding.  The evidence showed that Daniel Sanchez moved items independently and that there was no communication in which MARICELA RUEDA directed him to move or conceal evidence.  The evidence showed communication of routine handling of personal property after a sudden, unexpected arrest.

Moreover, the Government failed to provide any evidence that the materials allegedly moved had any connection to the charged offenses.  The evidence established that the documents were from 2022 or earlier and did not reference Prairieland, the alleged offenses, or any related conduct. The Government's own witness consistently testified that none of the materials were used to establish probable cause or to prosecute MARICELA RUEDA. In fact, MARICELA RUEDA had already been arrested and charged prior to any movement of the box.

There was no evidence that the materials belonged to MARICELA RUEDA or that they had any evidentiary value. Without a connection to an official proceeding, the statute is not satisfied. Obstruction requires proof of conscious wrongdoing and a nexus between document destruction and a specific, foreseeable official proceeding. *Arthur* Andersen *LLP v. United States*, 544 U.S. 696, 706–07 (2005). That proof was absent.

## VII. GLOBAL FAILURE OF PROOF

Across all counts, the Government's case fails because it relies on association, speculation, and the independent actions of others rather than proof of MARICELA RUEDA's individual conduct and intent.  At its core, the Government's case rests not on evidence of MARICELA

RUEDA's conduct, but on association, ideology, and the independent actions of others. The law does not permit conviction on that basis. *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).

The evidence showed that MARICELA RUEDA did not plan violence, did not agree to violence, did not use interstate commerce to plan violence, did not provide material support for criminal acts, did not use explosives unlawfully, and was not present for or aware of the shooting. The Government's theory requires the Court to bridge these gaps with speculation. Rule 29 forbids it.

## VIII. THE ADMISSION AND USE OF "ANTIFA" EVIDENCE WAS IRRELEVANT, HIGHLY PREJUDICIAL, AND REQUIRES A NEW TRIAL

Throughout trial, the Government introduced extensive evidence regarding "Antifa," including generalized alleged ideology, historical materials, literature, and an expert whose testimony framed Antifa as a dangerous movement. This evidence was not tied to any specific conduct by MARICELA RUEDA.

At one point, the Court itself recognized that the case did not depend on whether the group was labeled "Antifa" or something else. Yet the trial was saturated with evidence designed to evoke fear, political bias, and guilt by association.

Under Federal Rule of Evidence 403, evidence must be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. The Fifth Circuit has repeatedly cautioned against the admission of evidence that invites conviction based on ideology rather than conduct. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

The Antifa evidence had minimal, if any, probative value as to the elements of the charged offenses. It did not establish intent, agreement, or participation in any crime. Instead, it served to paint the defendants as members of a broader, disfavored ideological group.

The risk and reality were that the jury convicted not based on what MARICELA RUEDA did, but based on what the Government suggested she represented. That is precisely the type of unfair prejudice Rule 403 is designed to prevent and which Rule 33 is intended to repair.

### IX. CONCLUSION AND PRAYER

This case presents both a failure of proof and a failure of process.

Under Rule 29, the Government failed to present evidence from which a rational juror could find the essential elements of any charged offenses, Counts 1 – 4, and 12, beyond a reasonable doubt as to MARICELA RUEDA. Instead, the Government's case rests on speculation, association, and the independent, unplanned actions of others. The law does not permit conviction on that basis. Accordingly, this Court is required to enter a judgment of acquittal.

However, even if this Court were to conclude that the evidence was legally sufficient, which Defendant respectfully submits it was not, the verdict cannot stand because the proceedings were fundamentally unfair. Hence, alternatively, if this Court will not grant the Rule 29 Motion, it must order a new trial under Rule 33.

The jury was exposed to evidence and theories untethered to MARICELA RUEDA's conduct, including highly prejudicial and irrelevant ideological evidence that invited guilt by association. The Government's presentation blurred the line between lawful protest and criminal conduct, asking the jury to attribute the independent actions of others to MARICELA RUEDA without proof of agreement, intent, or foreseeability. These errors undermined the integrity of the trial and the reliability of the verdict.

Rule 33 exists precisely for this circumstance to ensure that a conviction is not allowed to stand where confidence in the verdict is compromised. As the Fifth Circuit has recognized, a new trial is warranted where allowing the verdict to stand would result in a miscarriage of justice or

where the fairness of the proceedings has been called into question. United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004); United States v. Tarango, 396 F.3d 666, 671 (5th Cir. 2005).

At a minimum, the record in this case does not permit confidence that the verdict reflects a fair and reliable determination of guilt based solely on admissible evidence and the law.

For these reasons, Defendant respectfully requests that this Court:

1.  Grant a Judgment of Acquittal pursuant to Rule 29 as to all counts; or

2.  Alternatively, vacate the verdict and grant a new trial on the counts named above pursuant to Rule 33 in the interest of justice; and

3.  Grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

THE CLAYTON LAW FIRM, P.C.
5555 Bridge St, Suite 102
Fort Worth, Texas 76112
Tel: (469) 251-2554
Fax: (469) 453-3183


By:/s/MarQuetta A. Clayton
    MarQuetta A. Clayton
    State Bar No. 24091554
    mclayton@theclaytonlaw.com
    Attorney for MARICELA RUEDA

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I filed the foregoing motion with the Clerk for the United States District Court for the Northern District of Texas by means of electronic filing ECF. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ MarQuetta A. Clayton
MarQuetta A. Clayton