IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:25-cr-00259-P |
| | § | |
| BENJAMIN SONG (3) | § | |

**DEFENDANT BENJAMIN SONG'S MOTION FOR
JUDGMENT OF ACQUITTAL**

Counsel for Benjamin Song asks this Honorable Court to enter judgments of acquittal as outlined below. In addition to Mr. Song's Rule 29 Motion, he also joins his codefendants' Rule 29 motions and adopts any arguments made in those motions that are not contained in this motion and are relevant to him.

**The Applicable Legal Standards**

Rule 29(c) allows a court to set aside a jury's guilty verdict and enter an acquittal in some situations.  A defendant may move for a judgment of acquittal either after the government closes its evidence or after the close of all evidence or up to 14 days after the verdict. Fed. R. Crim. P. 29(a), (c). A court must grant such a motion if the evidence is insufficient to sustain a conviction. *Id.*  As the Fifth Circuit has explained, "[a] motion for acquittal should be granted if the government fails to present evidence sufficient for a reasonable jury to have found that each essential element of the offense was established beyond a reasonable doubt." *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012).  A court should "consider[] the evidence in the light most favorable to the government, with all reasonable inferences and credibility determinations made in the government's favor." *Id.*

1

**Count one**

Count One charged Benjamin Song with Riot under 18U.S.C. §§ 2101 & 2.  A conviction under that section requires that a defendant use  facility of interstate commerce and that the defendant did so with the intent to organize, participate in or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot; and The defendant committed or attempted to commit an overt act, either during the use of a facility of interstate commerce or after such use, for the purpose of organizing, participating in, or carrying on a riot; or committing any act of violence in furtherance of a riot; or aiding or abetting any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot.

No evidence showed Benjamin Song's use of a facility of an interstate commerce. No evidence showed Benjamin Song's satisfying the second or third element. No evidence showed Benjamin Song's aiding or abetting the commission of this offense.  All evidence presented in court was that Mr. Song stayed in the designated protest area on the opposite side of the street from PrairieLand Detention Center and peacefully stood in a stance consistent with an "open carry" protest.  Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Count One.

**Count Two**

Count Two of the Second Superseding indictment charged Benjamin Song with providing material support to terrorists in violation of 18 U.S.C. § 2339A. As charged in the indictment, the government had to prove that Benjamin Song provided or attempted to provide material support or resources or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources *and* did so knowing or intending that the

material support or resources were to be used for the purpose of violating 18 U.S.C. §§ 844(f), 1114, or 1361; or to carry out the concealment of an escape from the commission of 18 U.S.C. §§ 844(f), 1114, or 1861. Nothing shows that Benjamin Song provided or attempted to provide material support or resources or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources to anyone. Nor does the evidence show that he did so knowing or intending any material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361 or concealment of an escape from the commission of a violation of 18 U.S.C. §§ 844(f), 1114, or 1861. Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Count Two.

### Count Three

This Court should grant Benjamin Song a judgment of acquittal on Count Three. Count Three charged Benjamin Song with a conspiracy to use and carry explosives in violation of 18 U.S.C. § 844(m). More specifically, this count charged that Benjamin Song and at least one other person made an agreement to use an explosive to commit the offense of riot or to carry an explosive during the commission of the offense of riot, that Benjamin Song knew of the unlawful purpose of this agreement, and that Benjamin Song knowingly and voluntarily joined the conspiracy. The evidence in this case does not support this verdict. The evidence shows no plan to riot, only a plan to show compassion and encouragement to the detainees. All witnesses, video evidence, and communication support this. There was no evidence that anyone involved intended or could anticipate the fireworks would be used to riot, harm anyone, or damage property—none of which occurred. There was no evidence that Mr. Song purchased, handled, manipulated any fireworks, or caused any of the fireworks to be lit or launched.

Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Count Three.

**Count Four**

This Court should grant Benjamin Song a judgment of acquittal on Count Four. Count Four charged Benjamin Song with using or carrying and explosive in violation of 18 U.S.C. § 844(h)(1) and aiding and abetting this offense. More specifically, Count Four charged Benjamin Song with using an explosive in the commission of the offense of Riot as charged in Count One, carrying an explosive during the commission of the offense of Riot as charged in Count One of the indictment and aiding and abetting this offense. The evidence does not support this verdict.

There is no evidence that Benjamin Song had anything to do with the fireworks, he was merely present.

Consumer grade fireworks are not explosives for purposes of 18 U.S.C. § 844(h). The definition of explosives for section 844(h) is found in section 844(j). Section 844(j) states, in pertinent part, as follows:

> the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other ex-plosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title … .

18 U.S.C. § 844(j). Paragraph 5 of 18 U.S.C. § 232 provides as follows:

> The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, in-cluding any device which (i) consists of or includes a breakable container includ-ing a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

18 U.S.C. § 232(5). Consumer fireworks, which the trial testimony established these were, are exempted from explosives regulations. *See* 27 CFR § 555.141(a)(7). And again, Mr. Song had no involvement with the fireworks on July 4th, 2025.

4

Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Count Four.

**Count Seven**

This Court should grant Benjamin Song a judgment of acquittal on Count Seven.  Count Seven charged Benjamin Song with attempted murder of officers and employees of the United States in violation of 18 U.S.C. § 1114(a)(3) and 2, and aiding and abetting this offense.  There was never any evidence provided at trial to indicate that anyone had an intent to take a life.  Moreover, there was a plethora of evidence that contradicted the government's theory that the government failed to produce, test, or investigate.

The intent to kill is disproven by the evidence that Benjamin Song intentionally fired into the ground and not in the direction of any individual, but the government investigators failed to photograph, preserve, or test any of the evidence that these ground-strikes occurred.  There was no report turned over to the defense, not were any pictures taken of the ground-strikes on the concrete that existed near where the shooter stood.  The evidence of these strikes only came about during the questioning of Texas Ranger Hill.  And when asked why these strikes were not photographed, he blamed it on others.  There were thousands of photographs taken during this investigation, but none of the bullet strikes on the concrete.  The evidence presented at trial was that the period of time of the shooting in this case that lead to Lt. Gross being shot, took place in approximately one second of time—it defies common sense that an individual can shoot into the ground, continue to fire, and within a second change his aim to intentionally fire at an individual with the intent to murder.  The defense could have gotten an expert to testify to these points had they had prior knowledge of the shots into the concrete –the government was aware of the bullet strikes on the concrete but failed to share it with the defense.    In this particular count, it is incumbent on the government to prove intent to murder— not intent to shoot or even intent to harm, but instead the specific intent to murder—that was not done in this case.  Additionally, there was no evidence that any of the parties alleged to be victims were

5

officers or employees of the United States or assisting such, the alleged victims in these counts were a State commissioned peace officer and two employees of a private detention facility run by Lasalle.

Prior to trial, the government also failed to share Lt. Gross's admission that he was the first one to draw a weapon the night of July 4th. While this evidence might not be relevant in some legal analyses, it is certainly relevant to the intent of the parties that might have perceived Lt. Gross's actions as a threat. Since intent is the gravamen of this count, these facts should have been turned over in pretrial discovery to allow Mr. Song a fair trial.

Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Count Seven.

## Counts Eight and Nine

This Court should grant Benjamin Song a judgment of acquittal on Counts Eight and Nine. Counts Eight and Nine charged Benjamin Song with discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. These counts are tied directly to Counts Five and Six, and since those counts were acquittals, these counts cannot stand without an underlying offense to tie them to. These must be corrected to avoid a legal impossibility.

Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Counts Eight and Nine.

## Count Ten

This Court should grant Benjamin Song a judgment of acquittal on Count Ten. Count Ten charged Benjamin Song with discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2.    This count is distinguishable from the above counts and should be granted for different reasons. A 924(c) count still requires an underlying charge to attach it to, however this count is related to Count 7 and as mentioned previously , a verdict of acquittal should be entered for Count  7 and would therefore make Count 10 invalid as well.

Therefore, Benjamin Song asks this court to enter a judgment of acquittal on Count Ten.

6

**Prayer**

For the above-mentioned reasons, Benjamin Song, prays that this Court enter a Judgment of Acquittal on all counts of conviction in accordance with Federal Rule of Criminal Procedure 29. To the extent that the facts and arguments of the codefendants Motions are relevant and applicable to Mr. Song, we ask the Court apply those as well.

Respectfully submitted,

/s/ Phillip Hayes
Phillip Hayes
3300 Oak Lawn Ave # 600
Dallas, TX 75219
214-774-0488
Fax: 214-528-6601
SBOT # 24012803
Phayes1995@hotmail.com

## Certificate of Service

I hereby certify that a copy of this document has been sent by the court's ECF filing system to all attorneys of record on March 27, 2026.


/s/ Phillip Hayes
Phillip Hayes