IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

V.                                                                          NO. 4:25-CR-00259-P

CAMERON ARNOLD (01)
AKA "AUTUMN HILL"

**DEFENDANT HILL'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE RULE 29 AND MOTION FOR NEW TRIAL PURSUANT TO RULE 33**

TO THE HONORABLE JUDGE MARK T. PITTMAN,
UNITED STATES DISTRICT JUDGE:

Defendant Hill moves the Court to enter a judgment of acquittal on each count of conviction pursuant to Federal Rule of Criminal Procedure 29. Further, Defendant Hill moves the Court to conditionally grant a new trial should a reviewing court later vacate or reverse the judgments of acquittal. *See* Fed. R. Crim. P. 29(d)(1). Alternatively, Defendant Hill moves the Court to grand a new trial pursuant to Federal Rule of Criminal Procedure 33.

After the government closed its evidence and after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). As to Defendant Hill, the jury returned verdicts of "Guilty" for counts 1, 2, 3, and 4. (ECF 367). The Court may set aside those verdicts and enter an acquittal. Fed. R. Crim. P. 29(c)(2).

A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. Fed. R. Crim. P. 29(c)(1). The jury returned its verdicts on March 13, 2026. (ECF 367). This motion filed on March 27, 2026, is timely filed.

**Table of Contents**

I.    Introduction.................................................................................................. 4

II.   Count 1: Riot (Violation of 18 U.S.C. §§ 2101 and 2)...................................... 4

      A.   Generally ............................................................................................4

      B.   Overt Act 1: Shooting Fireworks .........................................................5

      C.   Overt Acts 2,3, 4: Vandalism ..............................................................6

      D.   Overt Acts: Shooting at a Police Officer and Corrections Officers............7

      E.   Overt Act: Dressing in Black Bloc......................................................8

      F.   The Two Interstate Commerce Elements .............................................9

III.  Count 2:  Providing Material Support to Terrorists (Violation of 18
      U.S.C. § 2339A) ....................................................................................... 10

      A.   18 U.S.C. § 1114 – Protection of officers and employees of the
           United States......................................................................................10

      B.   18 U.S.C. § 1361 – Government property or contracts...........................11

      C.   18 U.S.C. 844 - Penalties....................................................................12

IV.   Counts 3 and 4: Conspiracy to Use and Carry an Explosive and ............................. 13

Use and Carry an Explosive (Violations of 18 U.S.C. § 844) ................................... 13

V.    New Trial Should be Granted........................................................................ 14

VI.   Conclusion & Prayer ................................................................................... 14

## Table of Authorities

### Cases

*Brandenburg v. Ohio*, 395 U.S. 444 (1969)................................................................................. 8, 9

*United States v. Dellinger*, 472 F.2d 340 (7th Cir. 1972)........................................................... 9, 10

*United States v. Fitzharris*, 633 F.2d 416 (5th Cir. 1980) ............................................................ 7

*United States v. McRae*, 593 F.2d 700 (5th Cir. 1979).................................................................. 14

*United States v. Nguyen,* 28 F.3d 477 (5th Cir. 1994)...................................................................... 7

*United States v. Pettigrew,* 77 F.3d 1500 (5th Cir. 1996)................................................................. 5

*United States v. Rundo*, 990 F.3d 709 (9th Cir. 2021).................................................................... 8

*United States v. Sanders*, 952 F.3d 263 (5th Cir. 2020). ................................................................ 5

### Statutes

18 U.S.C. § 1114............................................................................................................................ 10

18 U.S.C. § 1361........................................................................................................................ 10, 11

18 U.S.C. § 2.................................................................................................................................... 4

18 U.S.C. § 2101........................................................................................................................ 4, 5, 8

18 U.S.C. § 844........................................................................................................................... 10, 12

### Rules

Fed. R. Crim. P. 29 .................................................................................................................... 1, 4

Fed. R. Crim. P. 33 ................................................................................................................. 1, 4, 14

## I. Introduction

In Defendant Hill's counts of conviction, the Government relies upon aiding and abetting, conspiracy, or *Pinkerton* conspiracy. Consistent with the Court's previous pronouncement about joining objections and motions, Defendant Hill joins her co-defendant's Rule 29 and Rule 33 motions pertaining to Counts 1, 2, 3, and 4. Further, this joinder avoids extensive repetition.

Some repetition within this motion may be unavoidable. However, where possible Counsel will incorporate arguments made elsewhere in this motion to avoid unnecessary duplication and conserve the Court's time.

Defendant Hill renews her general motion for judgment of acquittal made before the jury returned its verdicts. For each count, the Government did not present evidence that a rational juror could have found Defendant Hill acted with the requisite intent or knowledge to commit the offenses. Further, Defendant Hill moves the Court to enter judgments of acquittal for the following specific reasons:

## II. Count 1: Riot (Violation of 18 U.S.C. §§ 2101 and 2)

A. Generally

Count 1 of the Second Superseding Indictment charged Defendant Hill with a violation of 18 U.S.C. § 2101 (Riot). (ECF 127). As charged in this case, Section 2101 requires the Government prove Defendant Hill performed or attempted to perform "any other overt act" for the purposes of organizing, participating in, or carrying out a riot. (ECF 127, 366 [Jury Instruction]). Unlike general aiding and abetting liability (18 U.S.C. § 2), Section 2101 requires Defendant Hill's commission or attempt of an overt act to for the purposes of organizing, participating in, or carrying out a Riot. 18 U.S.C. § 2101(a). This is a defining quality of the statutory construction of Section 2101.

The Riot statute, 18 U.S.C. § 2101, rides a fine line between a permissible criminal offense and violating the First Amendment. As such, the statute has some unique qualities to protect defendants from the Government crossing that line. An example is the inclusion of the *Schneck v. U.S.* (1919) test of "clear and present danger" within the limiting definitions.

Riot has its own aiding and abetting provision within the statute. 18 U.S.C. § 2101(a)(4) ("to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot"). Generally, "[i]t is not necessary . . . that one charged as an aider or abettor commit the overt acts that . . . accomplish the offense or that he has knowledge of the particular means his principal . . . employ to carry out the criminal activity." *United States v. Sanders*, 952 F.3d 263, 277–78 (5th Cir. 2020).  But the Riot statute applies the "overt act" requirement to the aiding and abetting provision contained within the statute. As such, even for aiding and abetting, the jury must find beyond a reasonable doubt that the defendant attempted or performed an overt act.

No evidence adduced at trial supports that Defendant Hill committed any of the overt acts alleged in the Second Superseding Indictment. There was evidence leading to an inference that Defendant Hill dressed in "black bloc," but not with the requisite intent. "[A] verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." *United States v. Pettigrew*, 77 F.3d 1500, 1521 (5th Cir. 1996).

B.  Overt Act 1: Shooting Fireworks

The Government presented no evidence that Defendant Hill shot and threw fireworks at the Prairieland Detention Center (PDC) and its perimeter fence. Notwithstanding Section 2101 requires the commission or attempt of an overt act, the Government presented no evidence that Defendant Hill aided or abetted anyone to shoot and throw fireworks at PDC, and the Government

presented no evidence that Defendant Hill entered into a conspiracy to shoot and throw fireworks at PDC (i.e., *Pinkerton* liability).

A review of Governments' Exhibits 13 and 14 show the protestors ignited approximately 150 fireworks during the protest. Of those 150 fireworks, only 12 came close enough to the facility to arguably, if viewed interpedently, be considered shot or thrown "at" PDC. An onlooker would not reasonably infer violent intent based upon those few errant fireworks. Further, an onlooker, such as Defendant Hill, would see that no participant ran toward PDC's fence with fireworks to try to inflict damage to PDC. Rather, Defendant Hill observed participants remain at the tree line until confronted by corrections officers. The only testimony at trial is that Defendant Hill was present while others utilized fireworks, and Defendant Hill wanted to pick up the firework litter.

There was not testimony that at any time before, during, or after the PDC protest Defendant Hill engaged in or heard discussion about shooting or throwing fireworks at PDC. Specifically, Government's Exhibit 154 "Discussion and News" was the only pre-protest Signal chat to which Defendant Hill was a part. Within Discussion and News, participants discussed the use of fireworks but never discussed the use of fireworks as an act of "violence" to damage and injure property or person. Further, each of the Government's own cooperating witnesses testified that it was their belief the fireworks were to be used as a demonstration for the inmates. None testified that they expected the fireworks would be used to damage property.

C.   Overt Acts 2,3, 4: Vandalism

The undisputed evidence is that Nathan Baumann and another man (perhaps Seth Sikes or Zachary Evetts [02]) slashed tires, spray painted property, and destroyed a close circuit camera. Notwithstanding Section 2101 requires the commission or attempt of an overt act, the Government did not provide aiding and abetting evidence or conspiracy evidence making Defendant Hill liable

for the overt acts. It is further undisputed that these two individuals did not plan this vandalism in advance and did not communicate their intent to Defendant Hill or mention it within her hearing. From an inspection of Government's Exhibits 6, 10, 11, 13, and 16, one can determine the site of the vandalism was not within view of Defendant Hill during the time of the vandalism.

Further, the Government presented no evidence that Defendant Hill aided or abetted anyone in the vandalism at PDC, and the Government presented no evidence that Defendant Hill entered into a conspiracy to slash tires, spray paint property, or destroy a close circuit camera (i.e., *Pinkerton* liability). Defendant Hill was not a party to any discussions about any vandalism at PDC. Although some communications exist that may circumstantially tend to prove some participants at least contemplated vandalism, Defendant Hill did not engage in or perceive any of those communications. "Mere association with conspirators is not enough to establish participation in a conspiracy." *United States v. Fitzharris*, 633 F.2d 416, 423 (5th Cir. 1980).

D.  Overt Acts: Shooting at a Police Officer and Corrections Officers

The jury acquitted Defendant Hill of attempted murder of a police officer and the corrections officers. (ECF 367). This does not mean the Court must find insufficient evidence of the these acts because "[w]here two or more counts are tried at the same time and the offense charged in one count is the predicate act charged in a second count, acquittal on the predicate count does not preclude a conviction on the second count if a rational jury could have found the defendant guilty of the predicate act." *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994). However, logically these acquittals on Counts 5-10 make it less likely these were the predicates relied upon by the jury.

No evidence suggests Defendant Hill shot a weapon or even possessed a weapon at PDC (or anywhere). The Government is left with relying upon aiding and abetting liability or conspiracy

liability (*Pinkerton*). As referenced above, Section 2101 has its own "aiding and abetting" requirement of committing or attempting the overt act in question.

The undisputed evidence is that Benjamin Song (03) was the shooter. Defendant Hill did not commit or attempt to commit these overt acts as required by Section 2101. Notwithstanding Section 2101 requires the commission or attempt of an overt act, no evidence suggests Defendant Hill did anything to aid, counsel, command, induce, or procure Song in shooting at anyone. Further, no evidence of Defendant Hill's actions even suggests she entered a conspiracy with the objective of shooting at the police officer or corrections officers.

The evidence may be insufficient for other defendants. But even among codefendants Defendant Hill is unique. She was not a member of the Socialist Rifle Association, John Brown Gun Club, or "Range Days." The Government provided no evidence that Defendant Hill was a party to any communications about violence. The uncontradicted testimony is that Defendant Hill left PDC grounds before the shooting occurred. To base Defendant Hill's conviction upon the shooting at PDC would require an overly attenuated piling of inference on inference.

E.   Overt Act: Dressing in Black Bloc

As discussed in the requested jury instructions, this listed overt act is not a valid basis for conviction. "[T]he overt act requirement refers to acts that fulfill the elements themselves, and not mere steps toward, or related to, one or more of those elements." *United States v. Rundo*, 990 F.3d 709, 716 (9th Cir. 2021). Otherwise, the imminence requirement of *Brandenburg v. Ohio* is violated. *See id*. citing *Brandenburg v. Ohio*, 395 U.S. 444 (1969).

The Government charged, "Dressing in black bloc in order to prevent law enforcement from identifying individuals engaging in the acts described above." (ECF 127). Necessarily, if there is insufficient evidence of the other overt acts, then there is insufficient evidence for the

"black bloc" overt act. Further, relying on black bloc creates a chain of inferences and possible inchoate offenses that breaks under even the light strain of sufficiency review. No evidence directly or circumstantially links Defendant Hill's wearing of black bloc to any of the other alleged overt acts, and no evidence supports Defendant Hill wore black bloc with the intent to commit or attempt violence. Several of the Government's cooperating witnesses testified that it was normal and/or not unusual for members of the group to wear black bloc to peaceful protests.

Also, "the constitutional guarantees of free speech . . . do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing *imminent* lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) (emphasis added). Even assuming without evidence that black bloc was connected to riot activities, the wearing of black bloc lacks the required imminent link to riot activities.

F.   The Two Interstate Commerce Elements

The "statutory element of interstate travel (or use of facilities), accompanied by the specified intent, as an element which Congress required as the foundation for its power to punish the conduct of inciting or participating in a riot." *United States v. Dellinger*, 472 F.2d 340, 359 (7th Cir. 1972). Defendants are "entitled to a careful distinction between responsibility for the lawful and constitutionally protected demonstration and responsibility for the activity for which the legislative body validly prescribes a penalty." *Id*.

"The Anti-riot Act requires that a defendant travel in interstate commerce (or use its facilities) with intent to follow one of the courses listed [1-4] each with 'a riot' as an objective. . . The statute also requires another overt act for any of the same list of purposes. Thus an intent with

a riot as the objective is required at both junctures, although the 'course,' (A)-(D), actually followed may be different from the 'course' originally intended." *Id*. at 393.

The Government failed to offer evidence that Defendant Hill used a facility of interstate commerce in the commission of acts constituting riot. The Government did not present evidence that Defendant Hill made use of a facility of interstate commerce to follow one of the courses listed [1-4] each with riot as an objective. The evidence does support that while at PDC some co-defendants and actors formed an intent to engage in alleged acts while at PDC. To tether Defendant Hill to those acts would require reliance upon mere suspicion, speculation, conjecture, or on an overly attenuated piling of inference on inference. But even this attenuated link fatally lacks the use of a facility of interstate commerce. The assumption that actors shared plans with Defendant Hill at PDC still lacks any connection to interstate commerce, because that communication would not have been achieved by interstate travel, mail, telephone, radio, etc.

**III.    Count 2:  Providing Material Support to Terrorists (Violation of 18 U.S.C. § 2339A)**

For a conviction on Count 2, the jury must believe beyond a reasonable doubt that Defendant Hill provided or attempted to provide material support or resources "knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(g), 1114, or 1361; or to carry out the concealment of an escape from the commission" of violations of those statutes. (ECF 127 [Indictment], 366 [Jury Instruction]). Each of these predicate offenses are discussed below.

A.  18 U.S.C. § 1114 – Protection of officers and employees of the United States

Section 1114 prohibits killing or attempting to kill an officer or employee of the United States. The evidence at trial demonstrated that the shooting of Lieutenant Gross was a spontaneous decision by Benjamin Song. No rational juror could believe beyond a reasonable doubt that

Defendant Hill knew or intended that any support or resources she may have provided would be used to attempt to kill an officer. Indeed, Defendant Hill's acquittals on counts 5 – 10 demonstrate that the jury did not so believe. These verdicts are strong evidence that the jury did not base their conviction in Count 2 on this predicate offense.

Arguments contained in Section II(D) of this motion are further incorporated here.

B.   18 U.S.C. § 1361 – Government property or contracts

Section 1361 prohibits destruction of United States property. For a conviction with this as the predicate offense, the Government must prove that Defendant Hill provided material support or resources knowing or intending that the support or resources would be used to prepare for or carry out: i) injuring or damaging, or attempting to injure or damage, property; ii) which belonged to the United States or any department or agency of the United States; iii) the damage exceeded the sum of $1,000; and iv) the actor did so willfully. (ECF 366 [Jury Charge]).

The only property damage involved vehicles, a guard shack, and a close circuit camera. The undisputed evidence is that this damage was committed by Nathan Baumann and another – likely Seth Sikes or Zachary Evetts (02) – in and near the parking lot area of the facility. This area would not have been within view of Defendant Hill, and neither Mr. Baumann or the other actor discussed their intentions with Defendant Hill. There is no evidence that Defendant Hill provided any support or resources to Baumann and the other actor, or that she had any indication that they intended to damage property.

Arguments set forth in Sections II(B) and (C), as well as those in the following subsection, are incorporated here by reference.

C.  18 U.S.C. 844 - Penalties

Section 844(f) provides for penalties for one who maliciously damages or destroys United States property by means of fire or an explosive. For a conviction with this as the predicate offense, the Government must prove that Defendant Hill provided material support or resources knowing or intending that the support or resources would be used to prepare for or carry out: i) damaging or destroying property or attempting to damage or destroy property; ii) by means of an explosive; iii) the property was owned by, possessed by, or leased to the United States; and iv) defendant acted maliciously. (ECF 366 [Jury Instruction]).

Even if a rational juror could believe beyond a reasonable doubt that anyone at the protest maliciously shot or threw fireworks to damage property or entered into a conspiracy to do so, the undisputed evidence at trial was that no property damage resulted from the fireworks. The question then becomes whether sufficient evidence exists to prove that Defendant Hill provided material to support to someone she knew would act maliciously and attempt to damage or destroy property using the fireworks. There is no evidence or reasonable inference that would support such a finding.

Each of the Government's cooperating witnesses testified that they believed the fireworks were intended to generate noise and provide a visual display for the inmates. None of them expected the fireworks would be used to damage property. As discussed in Section II(B) *supra*, the evidence shows that approximately 150 fireworks were ignited during the protest. Of those, only 12 came near the facility. Most of those terminated somewhere between the fence and building. There is no evidence that Defendant Hill possessed, carried, threw, or ignited any fireworks. There is no evidence that Defendant Hill was privy to any conversation in which anyone expressed an intent to damage property with fireworks. While there is no evidence of an intent to

Page 12 of 15

maliciously use fireworks to damage property, one protester admitted to using fireworks in a negligent manner. Seth Sikes, one of the Government's cooperating witnesses, testified that after a firework exploded in his lap, he began throwing them into the air instead of inserting them into the tube designed to control the direction of flight upon ignition.

It defies common sense to suggest that Defendant Hill or any of the defendants were attempting to damage the metal fence or concrete facility in the rain using the consumer-grade fireworks depicted in the Government's exhibits. There is no evidence that would support such an inference.

The additional arguments set forth in Section II(B) of this motion are incorporated here by reference.

### IV.    Counts 3 and 4: Conspiracy to Use and Carry an Explosive and Use and Carry an Explosive (Violations of 18 U.S.C. § 844)

A conviction for Count 3 requires proof that: i) Defendant Hill and at least one other person entered into an agreement to use an explosive to knowingly commit Riot as charged in Count 1, or entered into an agreement to knowingly carry an explosive during the commission of Riot as charged in Count 1; ii) Defendant Hill knew of the unlawful purpose of the conspiracy and joined in willfully; and iii) Defendant Hill knowingly and voluntarily joined the conspiracy. (ECF 366 [Jury Instruction]). A conviction for Count 4 requires proof that: i) Defendant Hill carried an explosive; and ii) she did so to commit or during the commission of Riot as charged in Count 1. (ECF 366 [Jury Instruction]).

Arguments from Sections II and III(C) of this motion are incorporated here for the following propositions:

- The evidence is not sufficient to prove that Defendant Hill used or carried an explosive or entered into an agreement to do so.

- The evidence is not sufficient to prove that Defendant Hill planned, expected, or should have reasonably foreseen a Riot as charged in Count 1.

### V.    New Trial Should be Granted

The Court may vacate the judgments and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). Other than a motion based upon newly discovery evidence, a motion for new trial must be filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2). This motion is timely filed.

The Fifth Circuit has repeatedly cautioned against the admission of evidence that invites conviction based on ideology rather than conduct. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). The Government's drafting of its charging document (ECF 127) created a *prima facie* basis for admitting evidence of defendants' varied political and social ideologies. However, none of the charged offenses contained elements even touching upon those ideologies or identities. Before the Court was in a position to fully evaluate the relevance of matters such as "Antifa," the bell had been rhapsodically rung. There is an extraordinarily high likelihood that defendants' convictions were based on upon that irrelevant evidence. Such a conviction is repugnant to the First Amendment and a fair trial. In the interest of justice, the Court should grant Defendant Hill a new trial.

### VI.    Conclusion & Prayer

Wherefore, Defendant Hill respectfully requests the Court vacate the convictions and enter judgments of acquittal. Alternatively, Defendant Hill requests the Court grand a new trial as to the counts of conviction. Defendant Hill prays for such other relief she may be entitled.

Respectfully submitted by,

/s/Cody L. Cofer
Cody L. Cofer
TX SBN: 24066643

/s/James Luster
James Luster
TX SBN: 24061994

COFER LUSTER LAW FIRM, PC
604 E. 4th Street, Suite 101
Fort Worth, Texas 76102
Phone: 682-777-3336
Fax: 682-238-5577
Email: ccofer@coferluster.com
Attorney for Cameron Arnold a.k.a. Autumn Hill

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing document with the clerk of this Court using the electornic case filing system. The case filing system caused a notice of this filing to be served upon attorneys for the Government and each co-defendant.

/s/ James Luster
James Luster