**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| CAMERON ARNOLD | § | |
| a/k/a "Autumn Hill" | § | |
| ZACHARY EVETTS | § | NO. 4:25-CR-259-P |
| BENJAMIN SONG | § | |
| SAVANNA BATTEN BRADFORD | § | |
| MORRIS | § | |
| a/k/a "Meagan Morris" | § | |
| MARICELA RUEDA | § | |
| ELIZABETH SOTO | § | |
| INES SOTO | § | |
| DANIEL ROLANDO | § | |
| SANCHEZ-ESTRADA | § | |

**DEFENDANT SAVANNAH BATTEN'S MOTION FOR JUDGMENT OF ACQUITTAL
PURSUANT TO RULE 29 AND MOTION FOR NEW TRIAL PURSUANT TO RULE 33**

**TO THE HONORABLE MARK T. PITTMAN:**

Defendant Savannah Batten, by and through her attorney of record, Christopher L. Tolbert, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 29 to enter a judgment of acquittal on all four counts of conviction, and in the alternative, to grant a new trial pursuant to Federal Rule of Criminal Procedure 33. As set forth more fully herein, the Government failed to present legally sufficient evidence as to each essential element of the charged offenses, including violations of 18 U.S.C. § 2101, 18 U.S.C. § 2339A, 18 U.S.C. § 844(n), and 18 U.S.C. § 844(h). The record is devoid of evidence establishing that Ms. Batten participated in, intended, or agreed to any unlawful conduct, provided material support, or used or carried any explosive, and further fails to establish the existence of any qualifying predicate

felony offense. Instead, the Government's case rests on impermissible inferences drawn from presence, association, and the independent actions of others. Because no rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt, the verdict cannot stand as a matter of law.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 29 is considered to be a challenge to the sufficiency of the evidence." *United States v. Zamora-Salazar*, 860 F.3d 826, 831 (5th Cir. 2017). When the challenge is to the sufficiency of the evidence supporting the conviction: "the question is whether *any* rational trier of fact could have found the essential elements of the crime beyond reasonable doubt." *Id.* (internal quotations omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *United States v. Akula*, No. 21-98, 2024 U.S. Dist. LEXIS 16658, 2024 WL 363348, at *2 (E.D. La. Jan. 31, 2024) (Africk, J.). The same test applies where the Government's case depends either on direct or entirely circumstantial evidence. *U.S. v. Mitchell*, No. 10-284, 2012 WL 1118599, at *3 (E.D. La. Apr. 3, 2012) (Vance, J.). *United States v. Johnson*, No. 24-221, 2026 U.S. Dist. LEXIS 7872, at *2-3 (E.D. La. Jan. 14, 2026). The court must make a determination as to whether the jury made a rational decision, not whether the jury correctly determined guilt or innocence. *Id.* If the evidence is insufficient to sustain a conviction, the Court must enter a judgment of acquittal.

Although this standard requires the Court to view the evidence in the light most favorable to the verdict, it does not allow a conviction to stand where it is built upon speculation, attenuated inferences, or the piling of inference upon inference. It is well established that a defendant's mere presence at the scene or association with others engaged in criminal activity, without more, is insufficient to sustain a conviction; rather, the Government must present

evidence of knowing and voluntary participation in the alleged offense. See *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).

The Government bore the burden of proving each element of each charged offense as to SAVANNAH BATTEN individually. It failed to meet its' burden.

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). This standard is broader than that governing a Rule 29 motion and permits the Court to evaluate not only the sufficiency of the evidence, but also whether the proceedings were fundamentally fair and free from prejudicial error.

The Fifth Circuit has consistently recognized that a new trial is warranted where permitting the verdict to stand would work a manifest injustice or where the weight of the evidence heavily favors the defendant. See *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). In evaluating a motion under Rule 33, the Court is not constrained in the same manner as under Rule 29 and may independently assess the evidence and the overall fairness of the proceedings.

Rule 33 functions as an essential protection against verdicts infected by error, irregularity, or undue influence. A new trial is appropriate where mistakes materially affect the defendant's substantial rights or cast doubt on the integrity of the verdict. See *United States v. Tarango*, 396 F.3d 666, 671 (5th Cir. 2005) (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

Significantly, relief under Rule 33 is not confined to cases involving legally insufficient evidence. The rule authorizes the Court to intervene when the totality of the circumstances raises

serious concerns about the fairness of the trial, including instances where the jury may have been exposed to improper evidence, external influences, or procedural defects. See *United States v. O'Keefe*, 722 F.2d 1175, 1180 (5th Cir. 1983).

Where the record reflects that the jury's deliberations were compromised, that prejudicial material was improperly admitted, or that the proceedings failed to ensure a fair trial, the Court is empowered, and indeed obligated, to grant a new trial in the interest of justice.

## Count One – Riot.

Under 18 U.S.C. § 2101, the Government was required to prove beyond a reasonable doubt that Ms. Batten (1) used a facility of interstate commerce, (2) did so with the specific intent to incite, organize, participate in, or carry on a riot, or to commit or facilitate an act of violence in furtherance of a riot, and (3) thereafter committed or attempted to commit an overt act in furtherance of that objective. The proof at trial is both factually and legally insufficient as to each element.

As to the first element, while the Government may rely on generalized use of a phone or vehicle to invoke interstate commerce, there was no evidence that any such use by Ms. Batten was tied to unlawful activity. The statute does not criminalize mere use of interstate facilities in isolation; it requires that such use be connected to the proscribed intent. Here, there was no evidence that Ms. Batten used any facility of interstate commerce in a manner that advanced, facilitated, or was even connected to a riot. Her phone was forensically examined and revealed no communications, planning, or coordination related to any riot or act of violence. The absence of any such evidence renders the interstate commerce element legally insufficient because the Government failed to link the use of any facility to unlawful intent or purpose.

As to the second element, the Government wholly failed to establish specific intent. The Anti-Riot Act requires proof that the defendant acted with the purpose of inciting or participating in a riot or facilitating violence, not mere presence, association, or shared beliefs. There was no evidence that Ms. Batten had any agreement, understanding, or plan to commit an act of violence at Prairieland. No witness testimony, digital communication, or physical evidence connected her to any predetermined plan. The evidence affirmatively demonstrated that she did not participate in key preparatory activities, including the alleged "gear check," and did not engage in any relevant group communications. Moreover, she was not present at earlier events in the day that the Government attempted to characterize as part of a broader plan. The search of her residence on yielded no evidence of planning, coordination, or intent, and her phone likewise contained no indicia of intent to incite or participate in a riot. At most, the Government established association with individuals who may have engaged in misconduct, which is insufficient as a matter of law to establish the required specific intent.

As to the third element, there was no evidence that Ms. Batten committed or attempted to commit any overt act in furtherance of a riot. The statute requires an act that advances or promotes the unlawful objective, not passive presence or incidental conduct. There was no evidence that Ms. Batten engaged in any act of violence, encouraged others to do so, or took any step to organize, promote, or facilitate a riot. She did not participate in vandalism, did not carry weapons or explosives, and was not equipped with gear consistent with participation in violent activity. There was likewise no evidence that she aided or abetted Benjamin Song or any other individual in committing acts of violence. Her presence as a backseat passenger in a vehicle, without more, does not constitute an overt act under § 2101. The complete absence of conduct linking her to the advancement of a riot renders the evidence insufficient on this element as well.

Taken together, the Government's case rests on speculation rather than proof. It failed to establish that Ms. Batten used interstate facilities in furtherance of unlawful activity, failed to prove that she possessed the specific intent required by the statute, and failed to identify any overt act undertaken by her to advance a riot. Because each essential element is unsupported by legally sufficient evidence, a judgment of acquittal under Rule 29 is required.

**<u>Count Two - Providing Material Support to Terrorists</u>**

Under 18 U.S.C. § 2339A, the Government was required to prove beyond a reasonable doubt that Ms. Batten (1) provided, attempted to provide, or concealed "material support or resources," and (2) did so knowing or intending that such support would be used to prepare for or carry out a specified federal offense, including violations of 18 U.S.C. §§ 844(f), 1114, or 1361. "Material support or resources" is broadly defined to include property, services, transportation, personnel, weapons, or other tangible or intangible assistance, but the statute requires proof that the defendant knowingly provided such support in furtherance of a specific criminal objective.

As to the first element, the evidence is both factually and legally insufficient because the Government failed to establish that Ms. Batten provided, attempted to provide, or concealed any material support whatsoever. There was no evidence that she supplied weapons, explosives, transportation, funding, training, or any other qualifying resource. The evidence affirmatively demonstrated that she did not possess firearms, explosives, or tactical gear, did not purchase or bring such items, and did not contribute property or services to any alleged operation. The Government's own allegations describe categories of support such as weapons, explosives, personnel, and transportation, yet there was no proof that Ms. Batten provided any such item or service. Nor was there evidence that she concealed or disguised the nature, source, or ownership of any material support. At most, the evidence showed her presence as a backseat passenger and

incidental association with others, which is insufficient as a matter of law to satisfy the statutory definition of providing material support.

As to the second element, the Government wholly failed to prove that Ms. Batten acted with the required knowledge or intent that any material support be used to prepare for or carry out a federal crime of violence. The statute requires specific intent tied to an underlying offense such as destruction of federal property, assault on federal officers, or related conduct. Here, there was no evidence that Ms. Batten knew of any plan to damage property, use explosives, or harm federal officers, nor that she intended to assist in any such conduct. The record reflects that she had no involvement in planning, did not participate in key communications, and was not present at preparatory events such as the "gear check." Further, searches of her residence and cellular phone revealed no communications, materials, or data indicating knowledge of or intent to support any unlawful objective. Even co-actor statements reflected that she was unaware of any plan. In the absence of proof that she knowingly provided support with the intent that it be used to commit one of the enumerated federal offenses, the Government's case fails as a matter of law.

Taken together, the Government's evidence establishes neither the actus reus of providing material support nor the mens rea required under § 2339A. There is no evidence that Ms. Batten provided any qualifying support, and no evidence that she possessed the requisite knowledge or intent linking her conduct to the preparation or commission of a federal crime. The case rests on guilt by association rather than proof beyond a reasonable doubt, and accordingly, a judgment of acquittal is required.

**Count Three – Conspiracy to Use and Carry an Explosive**

Under 18 U.S.C. § 844(n), the Government was required to prove beyond a reasonable doubt that two or more persons agreed to use or carry an explosive to commit a federal felony,

that the defendant knew the unlawful purpose of that agreement, and that she knowingly and voluntarily joined it. When the alleged object of the conspiracy is tied to a riot under 18 U.S.C. § 2101, the Government must further establish that the explosive was intended to be used in furtherance of one of the predicate federal offenses alleged, including violations of 18 U.S.C. §§ 844(f), 1361, or 1114.

As to the first element, the evidence is legally insufficient to establish the existence of any agreement to use or carry an explosive for an unlawful purpose. The trial evidence demonstrated that fireworks were brought for the limited and nonviolent purpose of creating noise to attract the attention of detainees and communicate a message, not to damage property or harm individuals. There was no evidence of any agreement among participants, including Ms. Batten, to use fireworks as explosives within the meaning of the statute or to employ them in furtherance of a federal felony. The video evidence and testimony confirmed that the fireworks did not damage property and were not deployed in a destructive manner. In the absence of proof of an agreement to use an explosive as a weapon or destructive device, the Government failed to satisfy the threshold requirement of a conspiracy.

As to the second element, the Government failed to prove that Ms. Batten knew of any unlawful objective, much less that the alleged purpose involved the use of an explosive to commit a federal offense. There was no testimony, communication, or physical evidence indicating that Ms. Batten was aware of any plan to damage federal property, commit acts of violence, or engage in conduct proscribed by §§ 844(f), 1361, or 1114. The evidence affirmatively demonstrated that the fireworks were lawfully purchased and used in a manner consistent with a noise demonstration, not as instruments of destruction. Moreover, there was no evidence that any participant, including Mr. Evetts, intended to use fireworks to commit a crime, and no evidence

that Ms. Batten had knowledge of any such alleged intent. Without proof of knowledge of an unlawful purpose, the conspiracy charge cannot stand.

As to the third element, there was no evidence that Ms. Batten knowingly and voluntarily joined any agreement to use or carry an explosive in furtherance of a federal felony. The record is devoid of any conduct by Ms. Batten demonstrating participation in planning, agreement, or coordination. She did not procure, possess, or deploy fireworks as an explosive device, and there is no evidence tying her to any decision-making or agreement regarding their use. The Government's case rests on association and presence, which is insufficient as a matter of law to establish knowing participation in a conspiracy. Critically, because the alleged object of the conspiracy was a riot predicated on specific federal offenses, and the Government failed to present any evidence that fireworks were used or intended to be used to accomplish those offenses, the entire theory of Count Three collapses. A rational juror could not find beyond a reasonable doubt that Ms. Batten entered into an agreement, knew of its unlawful purpose, or joined it, and a judgment of acquittal is therefore required.

### Count Four – Use and Carry an Explosive

Under 18 U.S.C. § 844(h), as charged in Count Four of the Second Superseding Indictment, the Government was required to prove beyond a reasonable doubt that Ms. Batten knowingly used or carried an explosive and that such use or carrying occurred during and in relation to the commission of a federal felony offense, here alleged to be riot under 18 U.S.C. § 2101. The Indictment specifically alleges that defendants "knowingly used an explosive to commit a felony (a riot); and did carry an explosive during the commission of a felony (a riot)."

The evidence is factually and legally insufficient as to the first element because there was no proof that Ms. Batten either used or carried an explosive. No witness testified that she ignited,

deployed, or directed the use of any explosive device, and no physical or forensic evidence tied

her to the possession or use of fireworks or any explosive material. The record affirmatively

demonstrates that she did not bring fireworks, did not possess explosives, and did not engage in

any conduct consistent with use of such materials. At most, the evidence showed that she was

present as a backseat passenger and, according to defense evidence, merely held a noise-making

item such as a sparkler, which is not an explosive within the meaning of the statute. The statutory

definition requires a device capable of causing an explosion through combustion or detonation,

and there was no evidence that Ms. Batten possessed or controlled any such device. Mere

proximity to others who may have possessed fireworks is insufficient to establish use or carrying

under § 844(h).

The second element likewise fails because the Government did not prove that any alleged

use or carrying of an explosive by Ms. Batten occurred during and in relation to a federal felony

offense. As a threshold matter, § 844(h) is dependent on proof of an underlying felony, and here

the alleged predicate is riot under § 2101. As reflected in the trial record and incorporated

defense materials, there is no evidence that Ms. Batten engaged in, intended, or participated in a

riot or any of the predicate acts alleged, including malicious destruction of property under §

844(f), damage to government property under § 1361, or attempted violence against federal

officers under § 1114. The Government's own evidence established that she did not participate in

vandalism, was not present for planning activities, and had no involvement in coordinated

actions attributed to others. The case notes further reflect that items associated with weapons,

body armor, or destructive conduct were recovered from other individuals, not Ms. Batten,

whose belongings contained only benign items such as gloves and personal effects.

Even assuming arguendo that a felony offense occurred, there was no evidence establishing the required nexus between any explosive and that offense. The evidence showed that fireworks, where used by others, were part of a "noise demonstration" and did not result in property damage attributable to Ms. Batten or demonstrate use as a weapon to accomplish any federal crime. The Government presented no evidence that any explosive was used by Ms. Batten to further, facilitate, or advance a riot or any other felony. Without proof of both the predicate offense and a meaningful connection between an explosive and that offense, the statutory requirements of § 844(h) are not met.

Taken together, the Government failed to prove that Ms. Batten used or carried an explosive, failed to prove that she committed or participated in a predicate federal felony, and failed to establish any nexus between an explosive and such a felony. The evidence instead reflects mere presence and association, which is insufficient as a matter of law. Accordingly, no rational juror could find the essential elements of Count Four beyond a reasonable doubt, and a judgment of acquittal is required.

## Rule 33 Motion for New Trial Based on Juror Misconduct

Defendant Savannah Batten respectfully moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 on the ground that juror misconduct and irregularities during deliberations compromised the integrity of the verdict and deprived her of a fair trial. Juror misconduct is a legally proper reason for granting a new trial.

On March 13, 2026, during jury deliberations, members of the public waiting outside the courtroom heard a loud and sustained disturbance emanating from the area of the jury room shortly after deliberations resumed following the lunch break. The disturbance consisted of multiple individuals shouting simultaneously for approximately one to two minutes in an

otherwise quiet courthouse setting. Several individuals independently observed and commented on the disruption. Based on information obtained after the verdict, there is reason to believe that jurors engaged in a heated confrontation inside the jury room and that certain jurors may have been subjected to intimidation or coercion during deliberations.

A new trial is warranted under Rule 33 where juror misconduct or outside influence undermines the fairness of the proceedings or the reliability of the verdict. The Fifth Circuit has recognized that a defendant is entitled to relief where juror behavior raises a reasonable possibility that the verdict was affected by improper influences or coercion. See *United States v. Sylvester*, 143 F.3d 923, 934 (5th Cir. 1998).

In *Sylvester*, and in prior cases, the Fifth Circuit has made clear that when credible allegations arise that the jury's deliberative process may have been affected by improper influence or misconduct, the trial court has an affirmative duty to investigate and ensure the integrity of the verdict. *Id.* This includes situations involving external influence as well as internal misconduct that results in coercion or the abandonment of independent judgment.

The Supreme Court explained the proper procedure for handling investigations of jury tampering in *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

In that case, a juror was contacted by an unknown individual who attempted to influence the outcome of the trial by offering a bribe. The juror rejected the proposal, subsequently spoke privately with the trial judge, and was later questioned by federal investigators. The trial court determined that the juror remained impartial and allowed the conviction to stand. The Supreme Court, however, reversed, emphasizing that a court may not resolve such matters through unilateral, off-the-record inquiry. Instead, it must fully examine the circumstances, assess the

effect on the juror, and determine whether prejudice resulted through a formal hearing in which all parties are given the opportunity to participate. *Id.*

Consistent with that principle, the Fifth Circuit has repeatedly held that allegations of jury interference require the involvement of all parties in a properly conducted hearing. In *United States v. Webster*, 750 F.2d 307, 338 (5th Cir. 1984), the court made clear that when there is a credible suggestion of outside influence on the jury, the failure to conduct a hearing constitutes an abuse of discretion and warrants reversal. See also *United States v. Denman*, 100 F.3d 399, 405 (5th Cir. 1996). These authorities reinforce that the procedural safeguards articulated in *Remmer* are mandatory, not discretionary, when the integrity of the jury's deliberations is called into question.

While Federal Rule of Evidence 606(b) limits inquiry into the internal deliberative process, it expressly permits juror testimony regarding:

(1) external influences,
(2) outside information, and
(3) improper external pressures or interference.

Additionally, courts have recognized that extreme internal misconduct, including intimidation or coercion that deprives jurors of free and voluntary decision-making, may warrant relief where it undermines the structural integrity of the verdict. *Allen v. United States*, 164 U.S. 492 (1896); *United States v. Sylvester*, 143 F.3d 923 (5th Cir. 1998).; *Tanner v. United States*, 483 U.S. 107 (1987); *Peña-Rodriguez v. Colorado*, 580 U.S. 206 (2017); *United States v. Olano*, 507 U.S. 725 (1993); *United States v. Thomas*, 116 F.3d 606 (2d Cir. 1997); *United States v. Brown*, 823 F.2d 591 (D.C. Cir. 1987).

The evidence presented establishes more than mere speculation. The audible and sustained disruption coming from the jury room during active deliberations—corroborated by

multiple witnesses—strongly suggests a breakdown in orderly deliberations. The subsequent information indicating a "huge fight" among jurors and possible intimidation raises a substantial question as to whether one or more jurors were coerced into abandoning their honest convictions.

Such circumstances strike at the core of the Sixth Amendment. A verdict must represent the considered judgment of each juror, free from coercion, intimidation, or undue pressure. Where jurors are shouting, arguing, and potentially intimidating one another, the reliability of the deliberative process is fundamentally compromised.

Even if any single instance of misconduct might be viewed as insufficient in isolation, the combination of (1) the observed disturbance, (2) corroboration by multiple witnesses, and (3) post-verdict information suggesting coercion, establishes at minimum a reasonable possibility that the verdict was affected.

Ms. Batten therefore respectfully requests that the Court conduct an evidentiary hearing to investigate juror misconduct. Specifically, the Court should:

(1) Issue an order permitting limited inquiry of jurors consistent with Federal Rule of Evidence 606(b)

(2) Allow examination of jurors regarding:
   a. whether any juror was subjected to threats, intimidation, or coercion
   b. whether any external influence or improper communication occurred
   c. whether any juror felt pressured to change their vote against their independent judgment

Courts routinely authorize such inquiries where credible allegations of misconduct arise. See *United States v. Ramos*, 71 F.3d 1150 (5th Cir. 1995).

Because there is credible evidence that the jury's deliberative process was disrupted by misconduct and possible coercion, and because such conduct creates a reasonable probability

that the verdict was affected, the Court should grant a new trial in the interest of justice. At a

minimum, the Court should conduct an evidentiary hearing and permit examination of jurors to

determine the extent and impact of the misconduct.

Respectfully submitted,

TOLBERT & ASSOCIATES, PLLC
511 E. John W. Carpenter Fwy, Suite 500
Las Colinas, TX 75062
817.380.8008 (Office)
817.977.9661 (Fax)

/s/ Christopher L. Tolbert

By:_____

Christopher L. Tolbert
State Bar No. 24080530
chris@tolbertlawpc.com
**Attorney for Savanna Batten**

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Judgment of
Acquittal and Motion for New Trial was delivered via electronic mail to the office of the United
States Attorney for the Northern District of Texas, Fort Worth Division, on March 27, 2026.

*/s/ Christopher L. Tolbert*_____
Christopher L. Tolbert