# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | No. 4:25-CR-259-P |
| BENJAMIN SONG  (03) | |
| *Defendant.* | |

### UNITED STATES' OPPOSITION TO DEFENDANT SONG'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR NEW TRIAL

The United States respectfully asks this Court to deny Defendant Benjamin Song's motion for leave to file reply brief in support of his motion for new trial.  Dkt. No. 390.  It has long been the rule that a court should deny leave to file a reply brief where the movant seeks "to cure by way of reply what is in fact a defective motion." *Burch v. Chase Bank of Texas NA*, No. 4:20-CV-00524-O, 2021 WL 281437, at *1 (N.D. Tex. Jan. 15, 2021) (collecting caselaw and noting that "arguments raised for the first time in a reply brief" are waived).  Yet Song's proposed reply brief seeks to do this, with the most obvious example being how he treats his "newly discovered evidence" claim.  In Song's opening brief, he utterly failed to carry his burden in establishing each of the *Berry* elements.  *See* Dkt. No. 381 at 2 (noting the *Berry* factors but then failing to address each element in the brief); Dkt. No. 386 at 8 (observing that "Song's brief does not even bother to try to argue how he meets each *Berry* factor").  But now, for the first time in his reply brief, Song offers an

United States' Opp. to Song's Mot. for Leave to File Reply – Page 1

argument for them: his claims regarding whether the evidence was newly discovered appears at heading A (at 9); then he addresses whether the evidence could have been discovered with due diligence at heading B (at 9–10); his contentions regarding whether the evidence was merely cumulative or impeachment are under heading C (at 10–12); and his arguments about the fourth and fifth *Berry* factors are under heading D (at 12–14).  For good measure, he then argues his contentions as to all five *Berry* factors again in a lengthy footnote (at 13).  Because Song had the burden as to each of these factors and he failed to make any of these arguments attempting to establish them in his opening brief, his reply is an impermissible attempt to cure a defective motion through a reply.

Song's motion for leave to file reply brief should also be denied because his reply brief is overlength, he has not sought leave to file an overlength brief, and he seems to be attempting to skirt the page limitations through his use of footnotes.  Local Criminal Rule 47.2(c) limits reply briefs to "10 pages" and states that motions for leave to exceed that length will be granted "only for extraordinary and compelling reasons."  N.D. Tex. Loc. Crim. R. 47.2.  Not only does Song's proposed brief exceed that page limit, but his use of a 500-word footnote on page 13—with text that would amount to two full pages if it was in the body, correctly spaced, and with the required font—appears aimed at extending his reply brief far beyond the 10-page limit.

Because Song's proposed reply brief is both procedurally improper and amounts to an attempt to cure a defective motion through a reply, his request for leave to file should be denied.

Dated: April 27, 2026                         Respectfully submitted,

                                              RYAN RAYBOULD
                                              UNITED STATES ATTORNEY

                                              /s/ Matthew Capoccia
                                              Matthew Capoccia
                                              Assistant United States Attorney
                                              Texas State Bar No. 24121526
                                              801 Cherry Street, Suite 1700
                                              Fort Worth, Texas 76102
                                              Telephone: 817-252-5200
                                              Email: matthew.capoccia@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means. A courtesy copy of the filed motion has also been emailed to the above-mentioned defense counsel.

*/s/ Matthew Capoccia*
Matthew Capoccia
Assistant United States Attorney