**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

UNITED STATES OF AMERICA

    v.

No. 4:25-CR-259

CAMERON ARNOLD, ZACHARY EVETTS,
BENJAMIN SONG, SAVANNA BATTEN,
BRADFORD MORRIS, **MARICELA
RUEDA**, ELIZABETH SOTO, INES SOTO,
and DANIEL ROLANDO SANCHEZ-
ESTRADA.

**MOTION TO SUBSTITUTE COUNSEL, EXTEND DEADLINE FOR OBJECTIONS TO
PRESENTENCE REPORT, AND CONTINUE SENTENCING**

Comes now, defendant Maricela Rueda, through newly retained/pro bono counsel, Sufia Khalid,

and respectfully moves for substitution of counsel pursuant to Local Criminal Rule 57.12(d), as

well as for an extension of the deadline to file objections to the Presentence Investigation Report

("PSR"), and corresponding continuance of sentencing to allow sufficient time for new counsel

to effectively prepare.

### A.  BACKGROUND

Following a lengthy multi-defendant federal trial, Ms. Rueda now faces sentencing

proceedings involving substantial and complex Sentencing Guideline issues, including multiple

significant sentencing enhancements, adjustments, and specific offense characteristics that may

dramatically affect the advisory sentencing range and ultimate term of imprisonment. (The PSR

calculates a potential 24 point increase in offense level, an unsubstantiated categorization of

1

Category VI offender score, and a base offense level calculated on an underlying offense of which Ms. Rueda was acquitted at trial.)

Newly appearing counsel entered this case promptly after notice of receipt of the Presentence Report, for the purpose of ensuring constitutionally effective and adequately prepared sentencing representation.

The current court deadlines require objections to the PSR to be filed on May 14, 2026. Newly appearing counsel has not yet received or reviewed the complete multi-week trial record, trial transcripts, sealed materials, large-scale discovery, or trial exhibits necessary to provide competent and effective representation at sentencing.

Counsel is appearing on a pro bono basis through the National Security Criminal Defense Center at MLFA, a 501(c)(3) nonprofit organization, and undertook representation only after Defendant requested new sentencing counsel due to the extraordinary complexity of the federal sentencing adjustment and enhancement issues and resulting sentencing exposure. Undersigned counsel has significant experience with the federal sentencing adjustments at issue in this case, and undersigned counsel qualifies as local counsel pursuant to Local Criminal Rule 57.10.

### B.  SENTENCING IS A CRITICAL STAGE OF MS. RUEDA'S CASE, REQUIRING EFFECTIVE ASSISTANCE OF COUNSEL

Sentencing is a critical stage of criminal proceedings at which the Sixth Amendment guarantees the effective assistance of counsel. *See Mempa v. Rhay*, 389 U.S. 128 (1967). Due process likewise requires that sentencing proceedings be fundamentally fair and based upon reliable information. *See Gardner v. Florida*, 430 U.S. 349 (1977). The Supreme Court has repeatedly recognized that even comparatively small increases in sentencing exposure constitute

cognizable constitutional prejudice. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). Meaningful representation necessarily requires adequate time for counsel to investigate, review the record, evaluate enhancement issues, and prepare objections and mitigation evidence.

Effective assistance at sentencing is especially critical where the Government seeks substantial Guideline enhancements capable of materially increasing Defendant's advisory range. Here the PSR calculates three significant potential sentencing adjustments and a specific offense characteristic that amount to a potential 24 point increase in offense level, an unsubstantiated categorization of Category VI offender (where there is no prior criminal history), and a base offense level calculated on an underlying offense of which Ms. Rueda was acquitted at trial. These issues present serious implications for Ms. Rueda and new counsel will need sufficient time to prepare to ensure effective representation at sentencing.

## C.   GOOD CAUSE EXISTS FOR A LIMITED CONTINUANCE

This request is made in good faith and not for purposes of delay. Newly appearing counsel acted diligently and entered the case promptly after being retained pro bono once the defense had received the PSR.

Counsel cannot responsibly provide constitutionally adequate sentencing representation without sufficient time to:

a. review the full trial record and exhibits;
b. analyze complex Guideline calculations and enhancement theories;
c. review discovery relevant to sentencing;
d. consult with detained Defendant;
e. investigate mitigation evidence;
f. evaluate factual disputes within the PSR in light of full trial record and discovery; and
g. prepare written objections and sentencing submissions.

Denial of a reasonable continuance under these circumstances risks substantial prejudice to Ms. Rueda and may unnecessarily create avoidable appellate or post-conviction litigation concerning ineffective assistance at sentencing. The requested continuance is limited and reasonable in scope considering: the complexity of the case, the number of co-defendants, the length of trial, the volume of evidence and additional discovery, and the magnitude of the proposed enhancements.

The Defendant respectfully requests a 60-day extension of the PSR objection deadline to July 13, 2026 and corresponding continuance of the sentencing memorandum deadline and hearing.

The Defendant understands the Court's interest in coordinated sentencing proceedings among co-defendants. However, administrative convenience cannot override Defendant's Sixth Amendment right to effective and adequately prepared counsel at sentencing. The government opposes a continuance of PSR deadline and corresponding sentencing deadlines.

D.  **SUBSTITUTION OF COUNSEL**

The Defendant knowingly and voluntarily seeks representation by newly appearing counsel with experience with these particular federal sentencing issues, and substitution will not prejudice the Government. Ms. Rueda respectfully requests that newly appearing counsel be permitted to appear as counsel of record and qualifying local counsel and that prior counsel be permitted to withdraw pursuant to Local Criminal Rule 57.12. Current counsel, Ms. Clayton, requests simultaneous withdrawal at the time of undersigned counsel's appearance. The government does not oppose substitution of counsel.  The Defendant respectfully requests that the Court:

1.  grant substitution of counsel;
2.  extend the PSR objection deadline by 60 days to July 13, 2026;
3.  and continue sentencing.

Respectfully submitted,

/s/ *Sufia M. Khalid*
SUFIA M. KHALID (NY Atty. # 6023691)
Nat'l Security Criminal Defense Center
Muslim Legal Fund of America
100 N. Central Expy., Suite #1010
Richardson, TX 75080
(972) 914-2507
Sufia.khalid@mlfa.org

By:/s/MarQuetta A. Clayton
MarQuetta A. Clayton
State Bar No. 24091554
mclayton@theclaytonlaw.com
5555 Bridge St, Suite 102
Fort Worth, Texas 76112
Tel: (469) 251-2554
Fax: (469) 453-3183

**Certificate of Service**

I hereby certify that certify that a true and exact copy of this Notice of Entry of Appearance was delivered by CM/ECF on all parties in this matter on the 11th of May 2026.

/s/ *Sufia M. Khalid*

5