**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO.: 4:25-cr-00259-P** |
| | § | |
| **ZACHARY EVETTS (2)** | § | |

**MOTION FOR EXTENSION OF TIME TO FILE WRITTEN OBJECTIONS TO THE**
**PRESENTENCE INVESTIGATION REPORT**

### I.  INTRODUCTION

Defendant Zachary Evetts, joined by five co-defendants; Autumn Hill, Benjamin Song, Maricela Rueda, Elizabeth Soto, and Ines Soto, in this matter, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 32(b)(2), Federal Rule of Criminal Procedure 45(b), and the Court's inherent authority to manage its docket, for a thirty day extension of time — from 14 May 2026 to 13 June 2026 — to file written objections to the Presentence Investigation Report (PSR), and to extend all subsequent deadlines in this case by thirty days, or such date(s) as available to this Court.  The government opposes this motion, and defendants Savannah Batten, Meaghan Morris, and Daniel Sanchez-Estrada take no position on this motion.

### II.  BACKGROUND

This case is a multi-defendant federal criminal proceeding in which all nine defendants were tried together.  Counsel for Daniel Sanchez-Estrada have requested a transcript of the three-week trial, and it is estimated that the court reporter may have that task completed during the week of 18 May, or soon thereafter.  The PSR for each defendant was disclosed to each respective defense counsel on 30 April 2026, and written objections are currently due on 14 May 2026.

The trial transcript has not yet been received by any defense counsel.  The trial transcript is an essential document for the preparation of meaningful PSR objections, particularly with respect to factual accuracy, relevant conduct determinations, guideline calculations, and offense level adjustments.  The current estimate for the transcript to be completed and delivered is near the end of May 2026.  Given that the objection deadline falls before the transcript is anticipated to be available, defendants cannot adequately prepare and substantiate their written objections within the current timeframe.

The complexity of this nine-defendant joint trial, the volume of trial testimony, the necessity of cross-referencing the PSR's factual recitations and guideline calculations against the trial record, and the need for all nine-defense counsel to coordinate joint and individual objections further necessitate the requested extension.  No party will be prejudiced by the requested extension.

### III.  ARGUMENT

**A.  The Court Has Statutory Authority to Extend the Time for PSR Objections for Good Cause.**

Federal Rule of Criminal Procedure 32(b)(2) authorizes this Court to "for good cause" change any time limits prescribed under Rule 32.  See Fed. R. Crim. P. 32(b)(2).  The Advisory Committee Notes confirm that this provision is intended to give courts flexibility to accommodate the practical realities of criminal sentencing proceedings, particularly in complex multi-defendant cases.  Courts routinely exercise this authority where, as here, counsel requires additional time to conduct a thorough and meaningful review of the PSR, and in the case of Defendant Rueda, has a pending request for substitution of counsel.

Additionally, Federal Rule of Criminal Procedure 45(b)(1)(A) provides that the court may extend a deadline for good cause "if a request is made before the original time or its

extension expires." This motion is filed in advance of the 14 May 2026 deadline, and thus it is timely.

The Supreme Court has recognized that Rule 32 serves a constitutional purpose: ensuring that sentencing is conducted with procedural fairness and that defendants have a meaningful opportunity to be heard on the facts that will determine their sentence. See *United States v. Booker*, 543 U.S. 220, 233–34 (2005) (courts must make factual findings that serve as the basis for any Guidelines sentence). Rule 32(i)(3)(B) further requires that the sentencing court rule on every disputed portion of the PSR, a mandate that is rendered hollow if defense counsel has not had adequate time to identify and substantiate those disputes in the first instance. Fed. R. Crim. P. 32(i)(3)(B).

**B. Good Cause Exists for the Requested Extension because the Trial Transcript is Unavailable.**

Good cause under Rule 32(b)(2) is established where materials that are essential to the preparation of PSR objections are not yet available. The trial transcript is indispensable to a meaningful review of the PSR in this case due to the length of trial, the number of witnesses, the new information produced at trial that was not presented in discovery, and the many novel legal issues presented in the case. The PSR contains factual recitations, relevant conduct findings, and guideline calculations that are directly traceable to trial testimony. Without the trial transcript, counsel cannot reliably verify the accuracy of the PSR's factual narrative or identify discrepancies between witness testimony and the probation officer's account or assess the factual basis for offense-level enhancements, or develop the evidentiary record needed to support written objections.

The Supreme Court has made clear that due process requires a defendant to have a meaningful opportunity to respond to and challenge information the Court will rely upon at

sentencing.  In *Gardner v.  Florida*, 430 U.S.  349, 362 (1977), the Court held that a defendant was denied due process when sentenced based on PSR information he had no opportunity to deny or explain, and underscored that "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause."  The principle of *Gardner*, that effective challenge to PSR-based sentencing information is a constitutional imperative, applies with full force here.  Defendants cannot meaningfully dispute facts drawn from trial testimony they have not yet been able to review.

Rule 32(i)(3)(B) requires the Court to make a specific ruling on every disputed portion of the PSR.  This obligation is not merely procedural; it reflects a recognition that accuracy at sentencing is a matter of constitutional dimension.  See *Townsend v.  Burke*, 334 U.S.  736, 740–41 (1948) (due process violated where sentence was based on assumptions "founded on misinformation" that counsel was unable to correct because he lacked access to the information underlying the sentence).  Denying the extension would require defendants to file objections without the transcript necessary to identify the PSR's factual errors, effectively defeating the purpose of the objection process that Rule 32 was designed to protect.

The unavailability of the transcript is not the product of any delay or neglect by defense counsel.  It is a predictable and ordinary consequence of the timeline for court reporter transcription following a complex multi-defendant trial, and the greater necessity of having such a record to effectively respond to the PSR.  The Sixth Amendment guarantees defendants the effective assistance of counsel at sentencing.  *Mempa v.  Rhay*, 389 U.S.  128, 134 (1967).  Counsel cannot render effective assistance on PSR objections without the evidentiary record from which those objections must flow.  The requested extension directly serves this constitutional guarantee.

**C. The Complexity of This Nine-Defendant Case Independently Establishes Good Cause.**

Even setting aside the transcript issue, the complexity of this nine-defendant joint trial independently establishes good cause for a thirty-day extension. This case is far from ordinary. Nine defendants were tried together; each defendant has individual PSR issues involving their own background, criminal history, and offense-level calculations; and the relevant conduct attributable to each defendant under U.S.S.G. § 1B1.3(a)(1)(B) must be assessed with reference to the trial record and the roles played by each co-defendant. Preparing accurate and complete objections under these circumstances requires time that the standard period does not accommodate.

In multi-defendant cases, PSR objections frequently require coordination among all defense counsel to ensure consistency, avoid conflicting positions, and properly attribute conduct among co-defendants for purposes of relevant conduct analysis under U.S.S.G. § 1B1.3. The Sentencing Guidelines expressly contemplate individualized determinations of relevant conduct in multi-defendant cases, and these determinations require careful analysis of the record. See U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct in jointly undertaken criminal activity); see also U.S.S.G. § 6A1.2 (encouraging disclosure of PSR disputes to avoid surprise at sentencing and promote accuracy). That policy is advanced, not hindered, by granting this extension. A thirty-day extension will allow all nine defense teams to coordinate their positions, review the transcript for relevant testimony as to each defendant's role and conduct, and file objections that are thorough and properly substantiated, resulting in a more efficient sentencing process that will be less likely to produce ineffective assistance of counsel.

Rule 32(b)(2) contains no limitation that would preclude granting an extension on grounds of case complexity. The rule vests the Court with broad discretion to adjust time limits

for "good cause."  The complexity of a nine-defendant joint trial, combined with the practical necessity of counsel coordination and relevant conduct analysis under U.S.S.G. § 1B1.3, amply satisfies that standard.  The Advisory Committee's Notes to Rule 32 confirm that "[i]t was anticipated that sentencing hearings would become more complex due to the new fact-finding requirements imposed by guideline sentencing methodology," which underscores that Rule 32(b)(2) was designed with exactly this flexibility in mind.

**D.  The Requested Extension is Reasonable and Will Not Prejudice Any Party.**

The constitutional stakes in this case are at their highest.  Several defendants face potential sentences equivalent to life imprisonment.  The Supreme Court has recognized that life imprisonment stands in a unique constitutional category, qualitatively different from ordinary sentences and demanding a correspondingly heightened need for reliability in the sentencing process.  *Woodson v.  North Carolina*, 428 U.S.  280, 305 (1976).

*Gardner v.  Florida* itself arose from a capital PSR dispute, and the Court's holding rested expressly on the constitutional command that no person shall be deprived of life without due process of law.  *Gardner* at 362.  Although these defendants do not face execution, several face the potential loss of their liberty for the remainder of their natural lives.  A sentence the Supreme Court has placed in a class of punishment demanding the same heightened procedural reliability.

Where the deprivation of life or its functional equivalent is at stake, the need for accurate, fully contested PSR proceedings is not merely procedural.  It is constitutional.  A thirty-day extension to obtain the trial transcript and prepare meaningful objections is not a luxury; it is the minimum process these defendants are due.

A thirty-day extension is a measured and proportionate response to the circumstances presented. It is calculated specifically to allow sufficient time to receive and review the trial transcript and for nine defense teams to coordinate and finalize their objections. No party will be prejudiced.

Furthermore, the sentencing hearing currently scheduled for 18 June 2026 is pending a ruling on the defendants' joint motions for continuance filed on 20 March 2026 (ECF No. 371) and 27 March 2026 (ECF No. 375). Furthermore, each defendant is pending a ruling on their respective Motion for Acquittal and/or Motion for New Trial filed on 27 March 2026 (ECF No. 372-374, 376-383) and 31 March 2026 (ECF No. 384). This extension is not sought solely for the purpose of delay but to ensure that all PSR issues have been properly identified and fully briefed, serving the interests of accuracy and judicial efficiency that Rule 32 was designed to protect.

The interests of justice strongly favor granting this extension. Sentencing is, next to the verdict itself, the most consequential proceeding in a criminal case. Sentencing must afford defendants a genuine opportunity to challenge the information upon which their sentence will be based, *Gardner* at 362. Denying this extension would effectively deprive nine defendants of that opportunity, requiring them to file objections to a PSR grounded in trial testimony they have not yet been able to review. Such a result would undermine both the letter and spirit of Rule 32, the Sixth Amendment right to effective assistance of counsel at sentencing, and the due process guarantee of an accurate and fully contested sentencing record. *Mempa* at 134.

Granting the extension, by contrast, costs nothing. It allows the Rule 32 objection process to function as intended, gives the Court the benefit of fully developed adversarial briefing on any PSR disputes, and avoids the prospect of appellate issues arising from an

inadequate objection record.  This Court possesses inherent authority to manage its docket in a manner that promotes accuracy and fairness.  Fed.  R.  Crim.  P.  32(b)(2); see also *Landis v. North American Co.*, 299 U.S.  248, 254 (1936) (the power inherent in every court to control the disposition of causes on its docket serves economy of time and effort for itself, for counsel, and for litigants).  Granting this well-grounded motion is the appropriate exercise of that authority.

## IV.  CONCLUSION

Defendant Zachary Evetts respectfully requests that this Court grant a thirty-day extension of time, from 14 May 2026 to 13 June 2026, to file written objections to the Presentence Investigation Report (PSR), and to extend all subsequent deadlines in this case by thirty days, or such date(s) as available to this Court.

Respectfully Submitted,

*/s/ Patrick J. McLain*
Patrick J. McLain
Attorney for Zachary Evetts
Texas State Bar Number: 13737480
900 Jackson Street, Suite 640
Dallas, Texas 75202
telephone: (214) 416-9100
patrick@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

Counsel for the government, Assistant United States Attorney Shawn Smith, communicated with counsel for Defendant Rueda on this motion on 7 May 2026, and he stated that the government is opposed to this motion.  During the week of 4 May 2026, counsel for Autumn Hill, Benjamin Song, Maricela Rueda, Elizabeth Soto, and Ines Soto communicated with counsel that they support this motion, and on 11 May 2026, counsel for Savannah Batten, Meaghan Morris, and Daniel Sanchez stated that they take no position on this motion.

*/s/ Patrick J. McLain*
Patrick J. McLain

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this Motion was delivered via electronic mail to the office of the United States Attorney for the Northern District of Texas, Fort Worth Division, and counsel for the other eight defendants in this case on 11 May 2026.

*/s/ Patrick J. McLain*
Patrick J. McLain
