UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                  **No. 4:25-cr-00259-P**

**ZACHARY EVETTS (02),**

    Defendant.

## ORDER

Before the Court is Defendant Zachary Evetts's Second Motion for Continuance of Sentencing. ECF No. 431. Having reviewed the filing and the relevant law, the Court hereby **DENIES** the Motion.

The Court's previous Order expressly stated that absent an extraordinary emergency, no further continuances would be granted. ECF No. 428. Not only did the Motion fail to assert any kind of emergency that would qualify, one of the attorneys is in fact available for the sentencing date. *See* ECF No. 431 at 2. This alone is grounds for the denial.

Perhaps counsel is unaware of the logistical challenge this case poses for the Court, court staff, and United States Marshals Service. Ignorance of that fact after a three-week trial would require a profound lack of awareness. Counsel "seem[s] to have forgotten that this is a district court—not a Denny's," the Court cannot accommodate their every whim and desire. *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring); *see also* TEXAS LAWYER'S CREED—A MANDATE FOR PROFESSIONALISM, reprinted in *Texas Rules of Court* 739 (West 2020) (requiring lawyers to "be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes"). Coordinating ten trial teams with several attorneys each is not only a difficult task, but a nearly impossible one. The Court is already granting the Defendants

significantly more time in this case than in others for numerous reasons. Ensuring the attendance of every attorney of record while also considering the Court's full docket is simply not feasible.

Defendant Evetts had more legal personnel present at trial than any other defendant—with three attorneys and a paralegal. Every attorney on his trial team heard the evidence and is capable of representing him at sentencing. As indicated by the Motion, one of those attorneys is available on the sentencing date. If the unavailable attorneys feel as if the available one cannot represent Defendant Evetts without supervision, that concern raises questions better directed at their staffing decisions than to the Court.

Counsel noted the length and complexity of the trial as a ground in its Motion. Yet the same counsel originally objected to this case being designated as complex and objected to a continuance. ECF No. 104. The Court previously warned counsel for filing frivolous motions and has even sanctioned counsel for falsely accusing the Government of failing in its discovery obligations. ECF Nos. 103, 180. Unfortunately, it seems that the warnings fell on deaf ears.[1]

Therefore, the Court finds it imperative to remind counsel to review the principles in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284, 288 (N.D. Tex. 1988) (en banc) ("Lawyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times."). The lack of civility with opposing counsel is not the only infraction of the *Dondi* principles the Court has observed. Throughout trial, the Court witnessed members of Evetts's trial team mouth expletives and roll their eyes at the Court's rulings. Such conduct is disturbing and disappointing but not unexpected in light of the behavior displayed before trial. The Court hopes counsel will heed the *Dondi* principles in future proceedings.

---

[1]As Abraham Lincoln stated, "I do not think much of a man who is not wiser today than he was yesterday." *Abraham Lincoln* in GREAT QUOTES FROM GREAT LEADERS 22 (Peggy Anderson comp. 1990).

Accordingly, the Court **DENIES** the Motion.

**SO ORDERED** on this **26th day of May 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE