**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

UNITED STATES OF AMERICA,

v.

CAMERON ARNOLD, ZACHARY EVETTS,                4:25-cr-259
BENJAMIN SONG, SAVANNA BATTEN,
BRADFORD MORRIS, **MARICELA RUEDA**,
ELIZABETH SOTO, INES SOTO,
and DANIEL ROLANDO SANCHEZ-ESTRADA.
Defendants.

**DEFENDANT MARICELA RUEDA'S MOTION FOR**
**(1) RECONSIDERATION OF EXTENSION OF DEADLINE FOR PSR OBJECTIONS**
**AND CONTINUANCE OF SENTENCING;**
**(2) CJA FUNDING FOR DIGITAL FORENSICS EXPERT;**
**(3) CONTINUANCE OF SENTENCING HEARING; AND**
**(4) SEVERANCE OF DEFENDANT'S SENTENCING HEARING FROM CO-**
**DEFENDANTS**

Defendant Maricela Rueda, through undersigned counsel Sufia M. Khalid, respectfully

submits this Supplemental Motion seeking: (1) an extension of the deadline to file objections to

the Presentence Investigation Report ("PSR"); (3) authorization of CJA ancillary funds to retain

a qualified digital forensic expert pursuant to 18 U.S.C. § 3006A(e); and (4) a corresponding

continuance of the sentencing deadlines and hearing date currently set for June 23, 2026 (Doc.

428).

## INTRODUCTION

Rueda respectfully recognizes the Court's strong interest in enforcing scheduling orders

and ensuring the efficient administration of justice. Rueda likewise appreciates that any

modification of existing deadlines may affect the Court's management of this case and potentially the schedules of other parties. Accordingly, Rueda does not seek this extension lightly and has endeavored to comply with all existing deadlines.

However, Rueda submits that unique circumstances warrant both a brief 60 day continuance of sentencing and a separate sentencing proceeding for Rueda. Undersigned counsel entered the case following trial in a complex, multi-defendant prosecution involving extensive discovery, electronic evidence, and substantial sentencing exposure. Since entering the case, undersigned counsel has been engaged in reviewing the record, consulting with Rueda, evaluating discovery materials, and assessing issues that may bear upon sentencing and the accuracy of the information before the Court. Additional time is necessary to complete that review and to identify and complete further factual investigation, expert consultation, or additional briefing that may be required. In particular, undersigned counsel continues to assess issues relating to prior case preparation and investigation, the development and presentation of mitigation evidence, and other matters that may affect Rueda's sentencing presentation and the preservation of issues for the record. Based on counsel's investigation of the facts, Counsel seeks authorization of CJA ancillary funds to retain a qualified digital forensic expert pursuant to 18 U.S.C. § 3006A(e)[1]. A qualified digital forensic expert is necessary to evaluate certain electronic evidence.

In addition, Rueda submits that sentencing should be conducted separately from that of her co-defendants. Although Rueda recognizes the Court's broad discretion in managing its docket, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging district court's inherent power "to control the disposition of the causes on its docket with economy of time and

---

[1] Counsel is identifying an expert and limiting the scope of discovery for expert review and will file a CJA funding request once the expert and amount are identified and if the extension is granted.

effort for itself, for counsel, and for litigants"), sentencing is inherently individualized and Rueda's circumstances are materially different from those of the remaining defendants. Undersigned counsel entered the case only after trial, was not present for any portion of the proceedings, has not yet received the trial transcripts, and has identified a need for independent forensic review of digital evidence that bears directly on the Government's sentencing position and the enhancements reflected in the PSR. Under these circumstances, the consolidated sentencing schedule prevents Rueda from obtaining the preparation time necessary to adequately investigate, evaluate, and present issues unique to her case. A separate sentencing setting represents the narrowest and least disruptive means of accommodating those needs while preserving the Court's schedule for the remaining defendants. A separate sentencing hearing would better ensure focused consideration of the factors set forth in 18 U.S.C. § 3553(a), permit meaningful presentation of mitigation evidence, and facilitate creation of a clear record for appellate review.

For these reasons, Rueda respectfully requests an extension of the deadline for filing objections to the PSR, a continuance of the sentencing deadlines and hearing, and an order severing Rueda's sentencing from any consolidated sentencing proceeding involving co-defendants.

## PROCEDURAL POSTURE

Undersigned pro bono counsel=entered this case at the sentencing phase and inherited five terabytes of discovery and had 4 days to file preliminary objections to the PSR and a new objections deadline now allowing a total of 18 days since appearance to file objections to the PSR. This deprives counsel from lodging meaningful objections to a PSR recommending a potential 24-point enhancement in offense level, a Category VI criminal history score for a

defendant *with no prior criminal history*, and a base offense level calculated on a count *of which Rueda was acquitted at trial*. (See Doc. 406 at 2.)

On May 11, 2026, undersigned counsel filed a Motion to Substitute Counsel, Extend Deadline for Objections to the Presentence Report, and Continue Sentencing. Doc. 406. The Court granted the motion in part on May 22, 2026, substituting counsel, but effectively denying the motion to extend the deadline to file PSR objections and other sentencing deadlines by 60 days, instead extending the PSR deadline 15 days and the sentencing only 5 days. Doc. 428. The Court also reset sentencing for all defendants to June 23, 2026. *Id.*

Undersigned counsel received the client file and discovery materials on May 13, 2026. Trial transcripts were just produced in the hours before this motion was filed on May 29, 2026. Moreover, undersigned counsel did not enter the case until after trial and therefore was not present for the trial proceedings or involved in the pretrial litigation of this matter. Since receiving discovery, undersigned counsel has identified a specific and concrete issue requiring further investigation. Based on counsel's review to date, the forensic imaging of Rueda's digital devices and related extraction data do not appear to have been independently examined on behalf of the defense. Because the Government's digital evidence forms a significant component of the conduct relevant to sentencing, further review is necessary to assess the reliability, scope, of that evidence and any further relevant defense-purpose evidence for sentencing before sentencing proceeds.

This supplemental motion is filed separately from and in addition to the prior motion (Doc. 406), whose arguments are expressly incorporated herein. Because the Court's prior ruling did

4

not reach the merits of the Sixth Amendment and Due Process issues raise in Doc. 406, Rueda

respectfully renews those arguments below for purposes of preservation and appellate review.[2]

**ARGUMENT**

I.      **GOOD CAUSE EXISTS TO EXTEND THE DEADLINE FOR PSR OBJECTIONS AND CONTINUE THE SENTENCING HEARING.**

     **A. Rueda's Situation Is Materially Different From Co-Defendants Evetts And Morris.**

On May 26, 2026, the Court denied co-defendant Evetts' Second Motion for Continuance.

Doc. 434. The Court distinguished that motion on three independent grounds: (1) the motion

failed to assert any extraordinary emergency; (2) one of Evetts' attorneys *was already available*

for the sentencing date; and (3) Evetts' large trial team had heard all of the evidence and was

capable of representing him at sentencing. *Id.* at 1–2. None of those grounds applies to Rueda.

Rueda recognizes that the timing of undersigned counsel's appearance is not attributable

to the Court. The practical reality remains however, that undersigned counsel entered this case

only after trial and has been required to review a substantial record, extensive discovery, and

significant sentencing issues within a compressed timeframe. Rueda respectfully submits that the

Court's sentencing determination will be better served by permitting counsel a reasonable

opportunity to complete that review and present any objections and mitigation issues on a fully

developed record. This is counsel's first appearance in this case, entered at the sentencing phase,

---

[2] Rueda further respectfully requests clarification regarding the deadline for submission of sentencing memorandum and other sentencing materials. The Court's prior order established a May 28, 2026 deadline; however, because Rueda was subsequently granted an extension of time to file objections to the PSR, undersigned counsel was uncertain whether the May 28 deadline remained applicable to her or whether the extension likewise affected the timeline for submission of sentencing materials. To the extent clarification is necessary, Rueda respectfully requests that any deadline for character letters and related sentencing submissions be calculated from the extended objection deadline in the same manner afforded under the Court's original scheduling framework.

with no prior involvement in the trial proceedings, no knowledge of the trial record derived from courtroom observation, and no team of attorneys who "heard the evidence."

### 1.   Rueda's counsel did not participate in the trial proceedings.

Mr. Evetts had three attorneys and a paralegal present at trial. The Court found that "[e]very attorney on his trial team heard the evidence and is capable of representing him at sentencing." Doc. 434 at 2. That circumstance is not present here. Undersigned counsel is Rueda's sole counsel and did not participate in the pretrial proceedings or attend any portion of the more than three-week trial. Unlike the Evatt's team, there is no member of Rueda's current defense team who personally heard the testimony, observed the witnesses, litigated the evidentiary issues, or participated in the strategic decisions made throughout trial.

To the extent sentencing will require counsel to evaluate the significance of trial testimony, challenge factual assertions contained in the PSR, address enhancements predicated upon the trial evidence, or identify issues necessary to preserve the record, counsel must do so through a retrospective review of a substantial record that remains incomplete because the trial transcripts were produced only hours before filing this motion on May 29, 2026. Under these circumstances, the absence of any trial counsel from Rueda's current defense team is not merely a logistical consideration; it materially affects counsel's ability to prepare for sentencing and to provide the Court with a fully informed presentation of the issues bearing on Rueda's sentence.

### 2.   Rueda lacks the alternative trial counsel available to Evetts.

The Court denied Evetts' motion in part because one attorney on his existing team was already available for the sentencing date. Doc. 434 at 2. Undersigned counsel is the sole attorney of record for Rueda following defendant's requested substitution for counsel of choice, and prior

counsel, MarQuetta Clayton, has withdrawn. There is no alternative attorney with knowledge of the trial record standing by. Accordingly, all objections to the PSR, sentencing issues, and record-preservation matters must be evaluated and presented by counsel who was not present during the three-week trial and whose review of the record remains ongoing.

### 3. The digital forensic evidence has not been independently reviewed and remains material to sentencing.

Since receiving the discovery on May 13, 2026, undersigned counsel has determined that the digital forensic images of Rueda's electronic devices, which form part of the evidentiary basis for the charged conduct and the government-sought sentencing enhancements, were never subjected to independent forensic analysis by a defense-retained expert during trial preparation. Counsel's review further indicates that no defense-retained digital forensics expert was engaged to analyze the device images, review the extraction data, or conduct independent extractions.

Some of the PSR's enhancements and the government's sentencing position are grounded in digital evidence. Rueda cannot meaningfully contest those enhancements without an independent forensic examination of the device images and extraction reports, including a review for information that may be exculpatory, mitigating, or otherwise relevant to sentencing. Additional time is therefore necessary to permit counsel to obtain and complete that review before objections to the PSR and sentencing submissions are finalized.

### 4. The requested relief is necessary to protect Rueda's constitutional rights.

Undersigned counsel fully appreciates the Court's concerns regarding logistical challenges of the case and the Texas Lawyer's Creed's directive to be "considerate of the time constraints and pressures imposed upon the Court", and recognizes the significant burden associated with managing a complex, multi-defendant proceeding. Those considerations,

however, must ultimately be balanced against—and, when necessary, yield to—the constitutional protections afforded to a criminal defendant. *United States v. Gonzalez-Lopez,* 548 U.S. 140, 150–52 (2006).

### B.  Sentencing Is A Critical Stage Requiring Effective Assistance Of Counsel.

It is beyond dispute that sentencing is a critical stage of criminal proceedings at which the Sixth Amendment right to effective assistance of counsel fully applies. *Mempa v. Rhay,* 389 U.S. 128, 137 (1967). Due process likewise requires that sentencing be fundamentally fair and based upon reliable information. *Gardner v. Florida,* 430 U.S. 349 (1977). Even comparatively small increases in sentencing exposure constitute cognizable constitutional prejudice. *Glover v. United States,* 531 U.S. 198, 203–04 (2001). The potential exposure here is not small: the PSR calculates a potential 24-point enhancement that could result in a sentence near the statutory maximum, based in significant part on a count of which Rueda was *acquitted* at trial and a criminal history categorization that does not reflect any actual prior criminal record.

### C.  The Sixth Amendment Right To Counsel Of Choice Applies At Sentencing.

The Sixth Amendment guarantees a defendant the right to be represented by the counsel of her choosing. *United States v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006). The Fifth Circuit has recognized that an erroneous deprivation of the right to counsel of choice constitutes structural error not subject to harmless-error analysis. *United States v. Pineda,* No. 12-40077 (5th Cir. July 19, 2012) (acknowledging the structural-error rule in the sentencing context); *see also Gonzalez-Lopez*, 548 U.S. at 150–52. Meaningful exercise of the right to chosen counsel requires a reasonable opportunity to prepare. Here, a fifteen-day extension followed by a four-day period to file objections is insufficient where approximately five terabytes of discovery remain under

review, trial transcripts have not yet been produced, and undersigned counsel did not participate in the pretrial proceedings or the three-week trial.

The right to counsel of choice "commands that the accused be defended by the counsel he believes to be best." *Gonzalez-Lopez,* 548 U.S. at 146. This Court granted Rueda's request to substitute counsel. Rueda respectfully submits that a reasonable continuance is necessary to give practical effect to that right and to ensure that sentencing proceeds on a fully informed record.

### D.   Due Process Requires A Meaningful Opportunity To Contest PSR Enhancements.

Federal Rule of Criminal Procedure 32 guarantees a defendant a reasonable opportunity to contest information in the PSR before it is relied upon by the Court. Fed. R. Crim. P. 32(i)(1)(B).

The Fifth Amendment's due process guarantee applies at sentencing. A defendant's liberty interest at sentencing depends upon the reliability of the factual information on which the sentence is based. *United States v. Fatico,* 603 F.2d 1053, 1055–56 (2d Cir. 1979) ("Due process does apply to sentencing, and the reliability of factual information is important to sentencing determinations."). Due process therefore requires more than a theoretical opportunity to object; it requires a meaningful opportunity to investigate, evaluate, and challenge information that may affect the sentence imposed.

That opportunity has not yet been afforded here. The government's sentencing position and the enhancements reflected in the PSR are based in substantial part upon digital evidence. Yet undersigned counsel entered the case only after trial, trial transcripts remain unavailable, and counsel's review has revealed that the digital forensic images and extraction data have not been subjected to an independent forensic examination on behalf of the defense. Under these

circumstances, requiring objections to be filed before counsel has had a reasonable opportunity to review and investigate the evidence, would undermine the reliability concerns that Rule 32 and due process are intended to protect.

### E.  The Court Has Statutory And Constitutional Authority To Extend The Deadline For PSR Objections And Continue Sentencing.

Federal Rule of Criminal Procedure 32(b)(2) provides that the Court may, for good cause, extend any time limit prescribed by the Rule. Good cause exists here. Undersigned counsel has identified digital forensic evidence directly bearing on the enhancements sought by the government that has not been independently analyzed on behalf of the defense. Meaningful review of that evidence will require additional time and, potentially, expert consultation.

Moreover, the discovery in this case exceeds five terabytes, trial transcripts have not yet been produced, and undersigned counsel entered the case only after trial. Under these circumstances, counsel cannot reasonably be expected to review the relevant evidence, evaluate potential objections, assess the factual basis for the proposed enhancements, and prepare sentencing submissions within the existing deadlines. Collectively, these circumstances constitute good cause to extend the deadline for PSR objections and continue the sentencing hearing.

### F.  The Specific Bases For Extension And Continuance.

Undersigned counsel cannot reasonably and effectively prepare Rueda's objections to the PSR or prepare for sentencing without sufficient time to complete the following tasks, each of which remains outstanding despite diligent efforts since counsel's appearance:

a.  **Review the complete trial record and exhibits.** Trial transcripts were produced hours before this motion was filed on May 29, 2026, by the court reporter. As a result,

undersigned counsel has not been able to review the testimony presented, evaluate the exhibits admitted at trial, or assess rulings that may bear upon sentencing issues.

b. **Analyze the Guideline calculations and enhancement theories set forth in the PSR.** The PSR includes numerous enhancements and specific offense characteristics resulting in a substantial increase to the advisory guideline range. Several of those enhancements require individualized factual findings regarding Rueda's conduct that cannot be responsibly evaluated without review of the trial record.

c. **Review discovery specifically relevant to sentencing, including the underlying digital forensic evidence.** The government's production includes approximately five terabytes of discovery, including forensic images and extraction reports from Rueda's electronic devices. Undersigned counsel entered the case on May 11, 2026, and has not yet had a reasonable opportunity to review and analyze this volume of material, diligent efforts have allowed counsel to file preliminary objections but Probation and the Government's responses relying on broad references to the trial record demonstrate the necessity for counsel to meaningfully review discovery and the record of trial before complete sentencing briefing can be done effectively.

d. **Investigate and develop mitigation evidence.** Counsel must investigate Rueda's personal history, family circumstances, mental and physical health, immigration-related considerations, and other factors relevant to the Court's analysis under 18 U.S.C. § 3553(a). Eighteen days is insufficient to complete that process in a case of this complexity.

e. **Evaluate factual disputes in the PSR.** Several enhancements and factual assertions contained in the PSR are tied directly to evidence presented at trial. Without access to the

11

trial transcripts, counsel cannot adequately determine whether the Government's proof supports the alleged relevant conduct. The preliminary objections filed on May 14, 2026, were necessarily based on an incomplete record.

f.  **Retain and consult with a digital forensics expert or investigator.** Counsel has identified a need for independent review of the forensic images and extraction data underlying the government's sentencing position. Retaining an appropriately qualified expert, obtaining any necessary authorization, providing the expert with relevant materials, permitting the expert to conduct an independent examination, and consulting regarding the results will require additional time.

g.  **Prepare PSR objections, a sentencing memorandum, and any necessary evidentiary presentation.** Written objections and sentencing submissions are the principal means by which Rueda may challenge the factual and legal basis for the proposed enhancements and present mitigating evidence. Those submissions cannot be adequately prepared until the foregoing tasks have been completed.

These are not speculative or generalized concerns. They are specific tasks directly related to the accuracy of the sentencing record, the reliability of the factual findings the Court will be asked to make, and Rueda's ability to meaningfully challenge the enhancements and sentencing positions advanced by the government. The current schedule does not permit their completion.

### G.  The Risk Of Prejudice Substantially Outweighs Any Scheduling Burden.

The Court has expressed concern regarding the logistical challenges associated with coordinating sentencing proceedings for multiple defendants and has noted that it has already afforded additional time beyond that provided in comparable cases. Doc. 434 at 2. Undersigned

counsel does not dismiss those concerns. Rueda appreciates those concerns and does not minimize them. Nevertheless, the potential prejudice to Rueda from proceeding under the current schedule substantially outweighs the administrative burden associated with a continuance.

If sentencing proceeds on June 23, 2026, before counsel has had a reasonable opportunity to review the discovery, conduct mitigation investigation, consult with an expert if necessary, obtain and review the trial transcripts, and prepare fully informed objections and sentencing submissions, the resulting sentencing record will necessarily be unreliable.

The PSR's enhancements and the government's sentencing position rely in significant part upon digital evidence and allegations arising from the trial record. Without adequate time to investigate and evaluate those materials, counsel cannot fully assess the factual basis for the proposed enhancements, identify potentially mitigating information, or present the most informed advocacy on Rueda's behalf. The due process concerns associated with sentencing based upon incomplete or insufficiently tested information are well recognized. *See Fatico*, 603 F.2d at 1055–56.

Moreover, the current schedule places counsel in an untenable position. Counsel may either submit objections and sentencing materials without first reviewing critical evidence and obtaining necessary expert assistance, or forgo potentially meritorious arguments. Neither outcome is consistent with the effective assistance of counsel contemplated by the Sixth Amendment.

A modest continuance would permit counsel to complete the necessary review, present any objections on a fully developed record, and assist the Court in making sentencing determinations based upon the most accurate and reliable information available. Under these

circumstances, the interests of justice favor a brief extension rather than proceeding on an incomplete record.

## II.    RUEDA REQUIRES INDEPENDENT FORENSIC EXPERT ASSISTANCE.

Title 18 U.S.C. § 3006A(e)(1) provides that any person financially unable to obtain investigative, expert, or other services necessary for adequate representation may request such services from the court. Critically, this provision is not limited to defendants represented by appointed CJA panel counsel—it extends to any financially eligible person, including defendants with retained pro bono counsel. *See* U.S. Courts Guide to Judiciary Policy, Vol. 7A, § 230.23.20.

The constitutional right to expert assistance at sentencing is further grounded in *Ake v. Oklahoma,* 470 U.S. 68 (1985). The Supreme Court held that when expert assistance "may well be crucial to the defendant's ability to marshal a defense," due process requires that such assistance be provided. *Id.* at 80. The Court expressly recognized the importance of expert assistance at sentencing. *Id.* at 84 ("[W]e do not see why monetary considerations should be more persuasive in [the sentencing] context than at trial."). More recently, the Supreme Court reaffirmed that principle, emphasizing that the expert must be sufficiently independent to assist in evaluation, preparation, and presentation of the defense. *McWilliams v. Dunn,* 582 U.S. 183 (2017).

A qualified digital forensics expert is necessary here. The government's case and several of the enhancements reflected in the PSR rely in substantial part on evidence derived from digital device extractions. Counsel's review has revealed that the underlying forensic images and extraction data have not been independently examined on behalf of the defense. An appropriately qualified expert is therefore necessary to evaluate the methodology employed, assess the

14

integrity and attribution of the extracted data, identify potentially exculpatory or mitigating information, and assist counsel in determining whether the evidence supports the enhancements the government seeks. Without such assistance, counsel cannot fully evaluate or challenge the digital evidence that will play a significant role at sentencing.

### III.    THE INTERESTS OF JUSTICE FAVOR A SEPARATE SENTENCING HEARING.

#### A.  Counsel's Duty Of Professionalism And Duty Of Advocacy Are Not In Conflict.

The Court cited *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n,* 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), in addressing counsel's obligations to the Court and opposing parties. Doc. 434, at 2. Undersigned counsel fully embraces the principles reflected in *Dondi*, including professionalism, diligence, courtesy, and respect for the Court's time and resources. This motion is filed consistent with those principles. Rueda does not seek the requested relief for purposes of delay or convenience, but because counsel believes the issues presented implicate her constitutional rights and must be raised to ensure a fair and reliable sentencing proceeding. Respectfully presenting those issues is consistent with, not contrary to, the professional obligations recognized in *Dondi*.

#### B.  Rueda's Unique Circumstances Warrant Separate Sentencing Proceedings.

The Court has expressed a strong preference for conducting sentencing proceedings for all defendants on the same date and has indicated that further extensions will not be granted absent extraordinary circumstances. Docs. 428, 434. Rueda recognizes the Court's broad discretion in managing its docket and coordinating a complex multi-defendant case. *See Landis v. N. Am. Co.*, 299 U.S. at 254. The issue presented here is not the validity of that approach generally, but its application to Rueda's particular circumstances.

For most defendants in this case, the consolidated sentencing schedule may present no constitutional concern. Rueda's circumstances are materially different. Unlike the other defendants, Rueda is represented solely by counsel who entered the case after trial, did not participate in the pretrial proceedings, and was not present for any portion of the three-week trial. Prior counsel has withdrawn, and there is no remaining member of the defense team with firsthand knowledge of the trial proceedings. In addition, counsel's review has identified a need for independent forensic review of digital evidence that bears directly on the government's sentencing position and the enhancements reflected in the PSR.

Under the current consolidated schedule, Rueda cannot obtain the additional preparation time necessary to address circumstances unique to her case without affecting the sentencing schedule established for every other defendant. The practical consequence is that Rueda's individualized need for additional preparation time cannot be accommodated so long as her sentencing remains tied to the consolidated proceeding.

The constitutional concern therefore arises not from the Court's desire to efficiently manage a multi-defendant case, but from the interaction between the consolidated schedule and Rueda's unique circumstances. The Sixth Amendment guarantees the right to the effective assistance of counsel at sentencing, and due process requires a meaningful opportunity to investigate and challenge information upon which the Court may rely in imposing sentence. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150–52 (2006); *Zedner v. United States,* 547 U.S. 489, 501 (2006). Rueda respectfully submits that those protections cannot be fully realized under the current schedule.

### C. The Court Possesses Ample Authority To Conduct Rueda's Sentencing Separately.

16

Federal Rule of Criminal Procedure 14(a) authorizes a court to sever defendants or "provide any other relief that justice requires" when joinder appears to prejudice a defendant. Although Rule 14 most commonly arises in the context of trial proceedings, its underlying concern—the prevention of prejudice resulting from consolidated proceedings—applies with equal force when a defendant demonstrates individualized circumstances warranting separate treatment.

In addition, district courts possess broad inherent authority to manage their dockets and schedule proceedings in a manner that promotes both fairness and efficiency. *See Landis v. N. Am. Co.*, 299 U.S. at 254. That authority necessarily includes the ability to conduct sentencing proceedings separately where doing so is necessary to accommodate the particular circumstances of an individual defendant.

Rueda does not ask the Court to alter the sentencing schedule for the remaining defendants. Rather, she seeks only a separate sentencing setting that will permit counsel adequate time to complete the review, investigation, expert consultation, and sentencing preparation described above. Under these circumstances, a separate sentencing proceeding represents a tailored and practical means of addressing the prejudice identified in this motion while preserving the Court's management of the case as a whole.

### D. *Kansas v. Carr* Does Not Foreclose The Relief Requested.

Although *Kansas v. Carr*, 577 U.S. 108 (2016), recognizes that joint sentencing proceedings are constitutionally permissible and observed that they are "often preferable when the joined defendants' criminal conduct arises out of a single chain of events," the decision does not foreclose the relief requested here

In *Carr*, the Supreme Court considered whether the Eighth Amendment required severance of a joint capital penalty proceeding because one defendant might be prejudiced by mitigating evidence presented on behalf of a co-defendant. The Court held that it did not. *Id*. at 118–22. In doing so, the Court observed that joint proceedings are appropriate when defendants' conduct arises from the same chain of events. *Id*. at 122.

Rueda does not dispute those principles. Nor does Rueda contend that joint sentencing proceedings are categorically improper or that severance is required whenever multiple defendants are sentenced in the same proceeding. Rueda's request rests on materially different grounds.

First, Rueda's severance request is not merely based upon the risk that evidence presented on behalf of a co-defendant will prejudice her. Rather, it is based upon Rueda's individualized rights to the effective assistance of counsel and due process. Indeed, *Carr* frames the relevant inquiry as one of fundamental fairness. See *Carr*, 577 U.S. at 119–22. The prejudice here does not arise from the jury's—or Court's—ability to compartmentalize evidence among co-defendants. Rather, the prejudice arises from whether the current consolidated schedule deprives Rueda of a fundamentally fair opportunity to investigate, prepare, and meaningfully challenge the factual and forensic predicates for sentencing enhancements.

Second, the prejudice identified here is unique to Rueda and arises from the practical impossibility of obtaining the expert assistance necessary within the consolidated schedule. Furthermore, counsel entered the case only after trial, did not participate in the pretrial proceedings, and was not present for any portion of the three-week trial. Prior counsel has withdrawn, leaving no remaining attorney with firsthand knowledge of the trial proceedings. Trial transcripts have not yet been produced, and counsel has identified a need for independent forensic review of digital evidence that bears directly on the Government's sentencing position and the

enhancements reflected in the PSR. These circumstances do not affect the remaining defendants and were not present in *Carr*.

Third, *Carr* involved materially different concerns and a materially different procedural posture. *Carr* arose in the context of a joint capital penalty proceeding *before a jury*, where the Supreme Court concluded that the possibility of prejudice arising from a co-defendant's mitigating evidence did not require severance. 577 U.S. at 118–22. This case presents no such issue. Rueda's concern is not that the Court will be unable to compartmentalize evidence or separately evaluate each defendant. Rather, the concern is that, under the current schedule, undersigned counsel will be unable to complete the investigation, expert consultation, and factual development necessary to present meaningful challenges to the forensic evidence underlying the Government's sentencing position. The issue therefore is not the Court's ability to fairly evaluate the evidence, but Rueda's ability to adequately prepare and present it before sentencing occurs.

### E.  The Individualized Sentencing Mandate Of § 3553(A) Supports A Separate Proceeding.

Whatever the constitutional floor established by *Carr,* the federal sentencing framework independently supports severance here. Title 18 U.S.C. § 3553(a) requires a sentencing court to impose a sentence "sufficient, but not greater than necessary" to fulfill the purposes of sentencing after considering, among other factors, "the history and characteristics of the defendant" and "the nature and circumstances of the offense." These are deeply individualized inquiries. The Supreme Court has repeatedly emphasized that federal sentencing is an inherently individualized process requiring "fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States,* 562 U.S. 476, 487–88 (2011) (quoting *Williams v. New York,* 337 U.S. 241, 247 (1949)). *See also Gall v. United States,* 552 U.S. 38, 59–60 (2007) (district court must "make an individualized assessment" based on the particular facts of the case).

Rueda respectfully submits that the individualized sentencing inquiry contemplated by § 3553(a) cannot be fully developed under the current schedule. Undersigned counsel entered the case after trial and has had a limited opportunity to review a substantial evidentiary record, including approximately five terabytes of discovery. Trial transcripts remain unavailable, independent forensic review of critical digital evidence has not yet been completed, and counsel's mitigation investigation remains ongoing. These are not peripheral matters; they bear directly on the factual basis for the proposed enhancements, the accuracy of the advisory guideline calculation, and the information available to the Court in evaluating the § 3553(a) factors.

A separate sentencing setting would permit completion of that work and provide the Court with a more complete record upon which to make the individualized determinations required by § 3553(a). Under these circumstances, severance of Rueda's sentencing proceeding would further— not hinder—the statutory objectives governing federal sentencing.

### F.  Practical Considerations Favor A Separate Sentencing Proceeding.

Severing Rueda's sentencing will not disrupt the proceedings of any other defendant. The remaining defendants may proceed on the currently scheduled date with their existing preparation timelines, counsel, and sentencing presentations. The government's preparation is likewise unaffected. The only practical consequence of the requested relief is that Rueda's sentencing would be set on a later date that permits counsel sufficient time to complete the forensic review, obtain and review the trial transcripts, investigate mitigation evidence, prepare objections to the PSR, and submit a fully informed sentencing memorandum.

The burden imposed by a separate sentencing setting is modest. Rueda seeks no alteration of the Court's schedule as it relates to the remaining defendants and no reconsideration of the

Court's broader case-management decisions. Rather, Rueda seeks a narrowly-tailored accommodation based upon circumstances unique to her case. Allowing counsel sufficient time to complete that work will promote the accuracy, reliability, and finality of the sentencing proceeding. By contrast, a separate sentencing proceeding would provide the Court with the benefit of a more complete record, more fully developed factual and legal submissions, and a sentencing presentation tailored to Rueda's individual circumstances. It would also permit the Court to resolve sentencing issues on a fully developed record, reducing the likelihood that questions concerning factual development, investigation, or sentencing preparation will require further litigation after sentence is imposed.

Under these circumstances, severance represents the least disruptive means of accommodating Rueda's preparation needs while preserving the Court's schedule for the remaining defendants. The practical considerations therefore weigh strongly in favor of a separate sentencing hearing.

### G. The Relief Requested Is Based On The Unique Circumstances Of This Case, Not Merely The Substitution Of Counsel.

Rueda does not contend that the substitution of counsel, standing alone, automatically entitles a defendant to a continuance or separate sentencing setting. Nor does she suggest that every newly retained attorney is entitled to reopen deadlines or alter an established schedule simply by entering an appearance.

The circumstances presented here are materially different. Undersigned counsel entered the case only after trial in a complex, multi-defendant prosecution involving digital evidence, substantial sentencing enhancements, and a trial record that remained unavailable until today because transcripts were only produced today. In addition, counsel's review has identified a need

for independent forensic examination of digital evidence. These circumstances are unusual and case-specific. They would exist regardless of the identity of counsel.

Rueda's request therefore rests not upon the fact of substitution itself, but upon the practical realities confronting current counsel and the work that remains necessary before sentencing can proceed on a fully developed record. The relief requested is tied to those specific circumstances and should not be understood as establishing any broader principle applicable to routine substitutions of counsel.

## VI. THE REQUESTED RELIEF IS SPECIFIC AND BOUNDED

Undersigned counsel does not seek an open-ended continuance. Rueda respectfully requests the following specific, bounded relief:

1. An extension of the PSR objection deadline from May 29, 2026, to no earlier than July 26, 2026;

2. Authorization of CJA ancillary services pursuant to 18 U.S.C. § 3006A(e) for the retention of a qualified digital forensics expert, at a rate and cap approved by the Court, sufficient to permit review of the relevant forensic images, extraction reports, and related digital evidence;

3. An extension of the sentencing memorandum deadline to a date fourteen (14) days after the filing of supplemental PSR objections; and

4. A continuance of Rueda's hearing from June 23, 2026, to a date to be set by the Court not less than sixty (60 days) after the date on which all trial transcripts have been produced and CJA expert authorization has been granted, which undersigned counsel estimates to be no earlier than September 2026, but which counsel respectfully submits to the Court's scheduling discretion; and

5. An order severing Rueda's sentencing from any consolidated sentencing proceeding involving co-defendants and setting Rueda's sentencing separately at a date determined by the Court.

Should the Court determine that the full relief requested is not warranted, Rueda respectfully requests, at a minimum, authorization under 18 U.S.C. § 3006A(e) to retain a qualified digital forensics expert and an extension of all sentencing-related deadlines until thirty

(30) days after counsel receives the expert's findings. Such relief would permit meaningful review of the digital evidence underlying the government's enhancement theories, allow counsel to submit supplemental PSR objections and a sentencing memorandum based upon a more complete and reliable record, allow counsel to complete discovery and trial record review, and ensure that Rueda's sentencing proceeds on the fullest factual record available.

## VII. CONCLUSION

For the foregoing reasons, and for the reasons stated in the prior motion filed at Doc. 406, which are expressly re-urged herein, Defendant Maricela Rueda respectfully requests that the Court grant this motion in its entirety. The requested relief is the minimum necessary to protect Defendant Rueda's rights under the Sixth Amendment and the Due Process Clause of the Fifth Amendment. Furthermore, the request is limited, specific, and no greater than necessary to ensure that sentencing proceeds on a complete and reliable record, that Defendant has a meaningful opportunity to contest the factual and legal bases for the proposed enhancements, and that counsel is afforded a reasonable opportunity to provide effective representation at sentencing.

Respectfully submitted,

/s/ Sufia M. Khalid
SUFIA M. KHALID
NY Atty. No. 6023691
National Security Criminal Defense Center
Muslim Legal Fund of America
100 N. Central Expy., Suite #1010
Richardson, TX 75080
Tel: (972) 914-2507
sufia.khalid@mlfa.org

Attorney for Defendant Maricela Rueda

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Criminal Rule 47.1, undersigned counsel certifies that she has conferred with counsel for the United States regarding the relief requested in this motion. The government had not yet responded at time of filing but opposed the prior motion for extension.

/s/ Sufia M. Khalid

Sufia M. Khalid

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of May, a true and exact copy of this motion was served upon all parties via the Court's CM/ECF system.

/s/ Sufia M. Khalid

Sufia M. Khalid