IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

MARICELA RUEDA (06)

NO. 4:25-CR-259-P

**UNITED STATES OPPOSED**
**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and 18 U.S.C. § 844(c), the United States of America moves the Court to enter a Preliminary Order of Forfeiture, and in support states:

1.     On December 10, 2025, the government charged Maricela Rueda, in Count Two with Providing Material Support to Terrorists in violation of 18 U.S.C. §2339A; Count Three with Conspiracy to Use and Carry an Explosive in violation of 18 U.S.C. § 844(m); Count Four with Use and Carry an Explosive in violation of 18 U.S.C. §§ 844(h)(1) and (2); and Count Twelve with Conspiracy to Conceal Documents in violation of 18 U.S.C. § 1512(k).  Second Superseding Indictment, Dkt. 127.  The second superseding indictment notified the defendant that upon conviction, the government would seek to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense as well as all assets, foreign or domestic, (1) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity

**USA Motion for Preliminary Order of Forfeiture - Page 1**

or organization; (2) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism under 18 U.S.C. § 981 (a)(1)(C) and (G) and 28 U.S.C. § 2461(c). Additionally, the Second Superseding Indictment notified the defendant that upon conviction, the government would seek to forfeit any explosive materials involved or used or intended to be used in the offense; any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offense; as well as all assets, foreign or domestic, (1) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (2) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism under 18 U.S.C. § 981(a)(1)(C) and (G), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 844(c), and 28 U.S.C. § 2461(c).  In addition the Second Superseding Indictment notified the defendant that upon conviction, the government would seek to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  *Id.*

    2.    The property to be forfeited included:

        a.  2014 Jeep Wrangler registered to Maricela Rueda at 2449 56th Street, Dallas, Texas; and

b.  Apple iPhone seized from a 2014 Jeep Wrangler, VIN: 1C4AJWAG7EL327341, registered to Maricela Rueda

("Subject Property").

3.      On March 13, 2026, the jury returned a verdict of guilty as to Counts One through Four and Count Twelve.  The government must prove forfeitability, the nexus between the defendant's offenses and the property sought for forfeiture, by a preponderance of the evidence.  *United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003).  "[The] court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B).  Such information may include reliable hearsay.  *See United States v. Capoccia*, 503 F.3d 103, 109-10 (2d Cir. 2007) (stating that Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay, which is consistent with forfeiture being part of the sentencing process where hearsay is admissible); *see also United States v. Gaskin*, 364 F.3d 438, 462-463 (2d Cir. 2007) (affirming the consideration of circumstantial evidence introduced post-trial in forfeiture proceedings as "additional evidence" under 32.2(b)(1)); *United States v. Evans*, No. 4:15-CR-15-2, at *3-4 , 2017 U.S. Dist. LEXIS 20150 (S.D. Tex. Feb. 13, 2017) ("Since forfeiture is a part of the sentencing process, the Federal Rules of Evidence do not apply, and hearsay is admissible." (citing *Capoccia*, 503 F.3d at 109-10)).

4.     Under 18 U.S.C. § 981 (a)(1)(C) and (G) and 28 U.S.C. § 2461(c), the defendant must forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense as well as all assets, foreign or domestic, (1) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (2) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism.  Under 18 U.S.C. § 981(a)(1)(C) and (G), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 844(c), and 28 U.S.C. § 2461(c), the defendant must forfeit to the United States any explosive materials involved or used or intended to be used in the offense; any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offense; as well as all assets, foreign or domestic, (1) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (2) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism, and under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) the defendant must forfeit to the United States any property, real or personal, which constitutes

**USA Motion for Preliminary Order of Forfeiture - Page 4**

or is derived from proceeds traceable to the offense.  Under Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), if the Court determines that the government has made the required showing under the statute authorizing forfeiture, the Court must enter an order forfeiting the property to the United States without regard to any third-party interest.

5.    Under Fed. R. Crim. P. 32.2(b)(3) if the Court determines that the government has made the required showing under the statute authorizing forfeiture, the Court must enter an order forfeiting the property to the United States without regard to any third-party interest.

6.    Based on the inclusion of the Subject Property and the evidence offered at trial, the government has shown that the defendant used the subject property to participate and carry on a riot and committing any act of violence in furtherance of a riot; and during the course of such use and thereafter performed and attempted to perform other acts including engaging in acts of violence which constituted a clear and present danger of damage and injury to the property and person.

7.    Based on the defendant's convictions and evidence offered at trial, the government has established under 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and 18 U.S.C. § 844(c) that the defendant committed offenses for which forfeiture is authorized and has shown that the Subject Property has the requisite nexus with those offenses.  Accordingly, the property is subject to forfeiture to the United States.

8.      Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

9.      In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n).  The accompanying order highlights the various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

Therefore, the government asks the court to enter the enclosed preliminary order forfeiture. Additionally, the government requests as required by Fed. R. Crim. 32.2(b)(4)(B), that the Court orally announce the forfeiture at the defendant's sentencing and reference the forfeiture order in the judgment.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY


*s/ Shawn Smith*
Shawn Smith
Assistant United States Attorney
Texas State Bar No. 24033206
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Email: Shawn.Smith2@usdoj.gov

**USA Motion for Preliminary Order of Forfeiture - Page 6**

## CERTIFICATE OF CONFERENCE

I certify that on June 16, 2026, I sent an electronic mail message to the defendants' attorneys providing a copy of the foregoing and accompanying proposed order and requesting a conference on them, and that they subsequently responded on June 17, 2026, stating they were opposed to the granting of this motion.

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on June 18, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic filing" to counsel for Defendant, who has consented in writing to accept this Notice as service of this document by electronic means.

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney