# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:25-CR-00259-O(01) |
| | U.S. Marshal's No.: 11138-512 |
| CAMERON ARNOLD | Frank Gatto, Assistant U.S. Attorney |
| | Cody Cofer, James Luster, Attorney for the Defendant |

On March 13, 2026 the defendant, CAMERON ARNOLD, was found guilty by jury verdict rendered as to Count One, Two, Three, and Four of the Second Superseding Indictment filed on December 10, 2025. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2101 and 2 | Riot | July 4, 2025 | One |
| 18 U.S.C. §§ 2339A | Providing Material Support to Terrorists | July 4, 2025 | Two |
| 18 U.S.C. § 844(m) (18 U.S.C. §§ 844(h)(1) & (2)) | Conspiracy to Use and Carry an Explosive | July 4, 2025 | Three |
| 18 U.S.C. §§ 844(h)(1) and (2) | Use and Carry an Explosive | July 4, 2025 | Four |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $400.00 as to Count One, Two, Three, and Four of the Second Superseding Indictment filed on December 10, 2025.

Upon motion of the government, all remaining counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed June 23, 2026.

_____
REED O'CONNOR
CHIEF U.S. DISTRICT JUDGE

Signed June 23, 2026.

Judgment in a Criminal Case                                                    Page **2** of **5**
Defendant:  CAMERON ARNOLD
Case Number:  4:25-CR-00259-O(1)

## IMPRISONMENT

The defendant, CAMERON ARNOLD, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of SIXTY (60) MONTHS as to Count One; ONE HUNDRED EIGHTY (180) MONTHS as to Count Two; TWO HUNDRED FORTY (240) MONTHS as to Count Three; and ONE HUNDRED TWENTY (120) MONTHS as to Count Four of the Second Superseding Indictment filed on December 10, 2025, to run CONSECUTIVELY to each other for a **TOTAL** of **SIX HUNDRED (600) MONTHS**. This sentence shall run concurrently with any future sentence which may be imposed in Case No. DC-F202500932 in the 413th Judicial District Court, Johnson County, Texas

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **TWO (2) YEARS** per Count as to Count One, Two, Three, and Four of the Second Superseding Indictment filed on December 10, 2025, to run CONCURRENTLY.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1 )    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

( 2 )    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

( 3 )    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

( 4 )    You must answer truthfully the questions asked by your probation officer.

( 5 )    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

( 6 )    You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

( 7 )    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If

Judgment in a Criminal Case                                                                       Page **3** of **5**
Defendant:  CAMERON ARNOLD
Case Number:  4:25-CR-00259-O(1)

notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

( 8)    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

( 9)    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10)    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11)    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12)    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(13)    You must follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

refrain from any unlawful use of a controlled substance; the following drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse: You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

provide to the probation officer complete access to all business and personal financial information;

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule;

Judgment in a Criminal Case                                                      Page **4** of **5**
Defendant:  CAMERON ARNOLD
Case Number:  4:25-CR-00259-O(1)

take notice that if, upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $100 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3); and,

participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution, jointly and severally with codefendants Zachary Evetts (02), Benjamin Song (03), Savanna Batten (04), Bradford Morris (05), Maricela Rueda (06) Elizabeth Soto (07), Ines Soto (08), and coconspirators Nathan Baumann, Case No. 4:25-CR-282-P(01), and Seth Sikes, Case No. 4:25-CR-272-P(01) in the amount of $4,408.95. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Prairieland Detention Center
$4,408.95

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $100 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

Judgment in a Criminal Case                                                                Page **5** of **5**
Defendant:  CAMERON ARNOLD
Case Number:  4:25-CR-00259-O(1)

## FORFEITURE

As outlined in the government's Motion for Preliminary Order of Forfeiture, pursuant to 18 U.S.C. §981(a)(1)(C) & (G) and 18 U.S.C. §982(a)(2)(B), 18 U.S.C. §844(c), and 28 U.S.C. § 2461(c) it is hereby ordered that the defendant's interest in the following property is condemned and forfeited to the United States: Miscellaneous firearms, ammunition, and accessories; miscellaneous general items; and miscellaneous tactical equipment seized from 2452 56th Street, Dallas, Texas on July 5, 2025.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal