# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS
### Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:25-CR-00259-P(03) |
| | U.S. Marshal's No.: 11137-512 |
| BENJAMIN HANIL SONG | Shawn Smith and Matthew Capoccia, Assistant U.S. Attorneys |
| | Phillip Hayes and Tailim Song, Attorneys for the Defendant |

On March 13, 2026 the defendant, BENJAMIN HANIL SONG, was found guilty by jury verdict rendered as to Count One, Two, Three, Four, Seven, Eight, Nine, and Ten of the Second Superseding Indictment filed on December 10, 2025.  On March 13, 2026, the defendant was found not guilty by jury verdict rendered as to Count Five and Count Six of the Second Superseding Indictment filed on December 10, 2025. Accordingly, the defendant is adjudged guilty of such Counts, which involves the following offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2101 and 2 | Riot | 07/04/2025 | One |
| 18 U.S.C. §§ 2339A | Providing Material Support to Terrorists | 07/04/2025 | Two |
| 18 U.S.C. § 844(m) (18 U.S.C. §§ 844(h)(1) & (2)) | Conspiracy to Use and Carry an Explosive | 07/04/2025 | Three |
| 18 U.S.C. §§ 844(h)(1) and (2) | Use and Carry an Explosive | 07/04/2025 | Four |
| 18 U.S.C. §§ 1114(a)(3) and 2 | Attempted Murder of Officers and Employees of the United States | 07/04/2025 | Seven |
| 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 | Discharging a Firearm During, in Relation to, and in Furtherance of a Crime of Violence | 07/04/2025 | Eight |
| 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 | Discharging a Firearm During, in Relation to, and in Furtherance of a Crime of Violence | 07/04/2025 | Nine |
| 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 | Discharging a Firearm During, in Relation to, and in Furtherance of a Crime of Violence | 07/04/2025 | Ten |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $800.00 as to Count One, Two, Three, Four, Seven, Eight, Nine, and Ten of the Second Superseding Indictment filed on December 10, 2025, for a total of $800.00.

Upon motion of the government, all remaining counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Judgment in a Criminal Case                                                          Page **2** of **6**
Defendant:  BENJAMIN HANIL SONG
Case Number:  4:25-CR-00259-P(3)

Sentence imposed June 23, 2026.

_Mark T. Pittman_
MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed June 23, 2026.

### IMPRISONMENT

The defendant, BENJAMIN HANIL SONG, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a period of SIXTY (60) MONTHS as to Count One, ONE HUNDRED EIGHTY (180) MONTHS as to Count Two, TWO HUNDRED FORTY (240) MONTHS as to Count Three, ONE HUNDRED TWENTY (120) MONTHS as to Count Four, TWO HUNDRED FORTY (240) MONTHS as to Count Seven, ONE HUNDRED TWENTY (120) MONTHS as to Count Eight, ONE HUNDRED TWENTY (120) MONTHS as to Count Nine, and ONE HUNDRED TWENTY (120) MONTHS as to Count Ten. All counts are to run CONSECUTIVELY to each other for an aggregate **TOTAL** sentence of **ONE THOUSAND TWO HUNDRED (1,200) MONTHS.** This sentence shall run concurrently with any future sentence which may be imposed in Case No. DC-F202500989 in the 413th Judicial District Court of Johnson County, Texas.

The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in the Inmate Financial Responsibility Program.

The defendant is remanded to the custody of the United States Marshal.

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THREE (3) YEARS, per count, as to Counts One, Two, Three, Four, and Seven, and FIVE (5) YEARS, per count as to Counts Eight, Nine and Ten, all counts to run CONCURRENTLY, for a **TOTAL** of **FIVE (5) YEARS.**

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame;

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed;

Judgment in a Criminal Case                                                                                         Page **3** of **6**
Defendant:  BENJAMIN HANIL SONG
Case Number:  4:25-CR-00259-P(3)

3)  The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer;

4)  The defendant shall answer truthfully the questions asked by the probation officer;

5)  The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

6)  The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observed in plain view;

7)  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her employment (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

8)  The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9)  If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours;

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed , or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers);

11) The defendant shall not act or make an agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk; and,

Judgment in a Criminal Case                                                                    Page **4** of **6**
Defendant:  BENJAMIN HANIL SONG
Case Number:  4:25-CR-00259-P(3)

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

take notice that the below drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse refrain from any unlawful use of a controlled substance: You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

take notice that if upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $100 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3);

provide to the probation officer complete access to all business and personal financial information; and,

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule.

Judgment in a Criminal Case                                                      Page **5** of **6**
Defendant:  BENJAMIN HANIL SONG
Case Number:  4:25-CR-00259-P(3)

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution, jointly and severally with co-defendants Cameron Arnold (01), Zachary Evetts (02), Savanna Batten (04), Bradford Morris (05), Maricela Rueda (06), Elizabeth Soto (07), Ines Soto (08), and coconspirators Nathan Baumann, Case No. 4:25-CR-282-P(01), and Seth Sikes, Case No. 4:25-CR-272-P(01) in the amount of $4,408.95. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Prairieland Detention Center
$4,408.95

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $100 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

## FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) & (G), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 844(c), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), it is hereby ordered that defendant's interest in the property outlined in the Preliminary Order of Forfeiture signed by the Court on June 18, 2026, is condemned and forfeited to the United States.

**<u>Specific items listed in the Preliminary Order of Forfeiture:</u>**

a. Miscellaneous Firearms, Ammunition, and Accessories seized from 2452 56th Street, Dallas, Texas
b. Miscellaneous Electronic Devices from 1931 Atlantic Street, Apt A, Dallas, Texas;
c. Miscellaneous Firearms, Ammunition, and Accessories from 1931 Atlantic Street, Apt A, Dallas, Texas;
d. Miscellaneous General Items seized from 1931 Atlantic Street, Apt A, Dallas, Texas;
e. Miscellaneous general items seized from the residence located at 5200 Meadowcreek Dr., Apt. #1110, Dallas, TX 75248;
f. Miscellaneous firearms, ammunition and accessories seized from the residence located at 5200 Meadowcreek Dr., Apt. #1110, Dallas, TX 75248;
g. Miscellaneous electronic devices seized from the residence located at 5200 Meadowcreek Dr., Apt. #1110, Dallas, TX 75248;
h. Miscellaneous Tactical Equipment seized from 1931 Atlantic Street, Apt A, Dallas, Texas;
i. Motorola Cellphone seized from 1931 Atlantic Street, Apt A, Dallas, Texas
j. Miscellaneous Firearms, Ammunition, and Accessories seized from a 2007 Maroon Hyundai Van, VIN: KNDMC233676026670, registered to Dominick Joseph Donahue, and in possession of Bradford Morris;
k. Derya Arms DY9 Pistol, SN: TG970-24L27123, seized from the backpack of Joy Gibson at Alvarado, Texas
l. Miscellaneous Electronic Devices seized from the backpack of Joy Gibson in Alvarado, Texas

Judgment in a Criminal Case                                              Page **6** of **6**
Defendant:  BENJAMIN HANIL SONG
Case Number:  4:25-CR-00259-P(3)

    m.  Miscellaneous Electronic Devices seized from 7900 Churchill Way, Dallas, Texas 75251

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal