UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

**ORIGINAL**

| UNITED STATES OF AMERICA | |
|---|---|
| VS | |
| BRADFORD MORRIS, A.K.A. MEAGAN MORRIS | 4:25-CR-259-P(05) |

**ORDER SETTING ADDITIONAL TERMS OF SUPERVISED RELEASE**

The required Mandatory Conditions listed at 18 U.S.C. § 3583(d) and Section 5D1.3(a) of the Guidelines Manual, including:

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4.    ☒You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)

5.    ☐You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)

6.    ☐You must participate in an approved program for domestic violence. (check if applicable)

7.    ☒You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (check if applicable)

8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

AND

The discretionary Standard Conditions set forth by Miscellaneous Order No. 64-2, as well as the below-listed "Discretionary" and "Special" Conditions listed at Section 5D1.3(b)(1) and (3) of the Guidelines Manual—which, based on an individualized assessment and the facts and circumstances of the above-referenced case, are (A) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (B) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (C) consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a) ("Notice"):

1. The defendant shall provide to the probation officer complete access to all business and personal financial information. (Macro 18A)

2. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule. (Macro 17)

3. If, upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $100 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3). (Macro 15B)

4. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant

contributing to the costs of services rendered (copayment) at a rate of at least $25 per month. (Macro 24AFW)

_____
Meagan Morris, Defendant

Date signed _____23 June 2026_____